UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD., Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>TEVA PHARMACEUTICALS INDUSTRIES LIMITED, EREZ VIGODMAN, EYAL DESHEH, ROBERT KOREMANS, and MICHAEL DERKACZ,<br><br>        Defendants. | Civ. Action No. 2:20-cv-04660-JD<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ERJ - 145 NUA, INC. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL |

**TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ................................................................................................................. i

PRELIMINARY STATEMENT .................................................................................................... 1

FACTUAL BACKGROUND ......................................................................................................... 2

ARGUMENT .................................................................................................................................. 4

I.  ERJ SHOULD BE APPOINTED AS LEAD PLAINTIFF ................................................ 4

    A.  ERJ's Motion Is Timely ......................................................................................... 5

    B.  ERJ Has the Largest Financial Interest .................................................................. 5

    C.  ERJ Is Typical and Adequate of the Putative Class ............................................... 6

II.  ERJ'S SELECTION OF COUNSEL MERITS APPROVAL ........................................... 7

III.  CONCLUSION .................................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Beck v. Maximus, Inc.*,
    457 F.3d 291 (3d Cir. 2006)..................................................................................................6, 7

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)..........................................................................................4, 5, 6, 7

*Gaer v. Educ. Mgmt. Corp.*,
    No. 10-1061, 2010 WL 4687791 (W.D. Pa. Nov. 10, 2010)......................................................7

**Rules & Statutes**

Fed. R. Civ. P. 23 ............................................................................................................... *passim*

15 U.S.C. § 78u-4 *et seq.* .................................................................................................... *passim*

**Other Authorities**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
    No. 04-cv-8141 (S.D.N.Y.)........................................................................................................8

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
    No. 08-md-1963 (S.D.N.Y.) .....................................................................................................8

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
    No. 09-md-2027 (S.D.N.Y.) .....................................................................................................8

**PRELIMINARY STATEMENT**

Proposed Lead Plaintiff ERJ - 145 NUA, INC. ("ERJ"), pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), respectfully submits this memorandum of law in support of its motion ("Motion") for appointment as Lead Plaintiff in the above-captioned action ("the Action") and approval of its selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class and Goldman Scarlato & Penny, P.C. ("Goldman Scarlato") as Liaison Counsel for the Class.  The Action, which alleges that Teva Pharmaceutical Industries Limited ("Teva" or the "Company") and certain of its senior executives (collectively "Defendants") violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, has been brought on behalf of all persons who purchased or otherwise acquired Teva securities between October 29, 2015 and August 18, 2020, both dates inclusive (the "Class Period"), who were damaged thereby (the "Class").

Under the PSLRA, this Court is instructed to appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which member of the Class has the "largest financial interest" in the relief sought in this litigation, and also whether that movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  ERJ, respectfully submits that it should be appointed Lead Plaintiff because it has the "largest financial interest" in this litigation and has made the requisite showing of typicality and adequacy required by the standards of the PSLRA.

As set forth herein, ERJ has a financial interest of **$24,739,300.67** in the outcome of the Action.[1] As such, ERJ possesses a substantial financial interest in the relief sought in this litigation—an interest believed to be greater than that of any competing movant. In addition to asserting the largest financial interest, ERJ readily satisfies the relevant requirements of Rule 23 because its claims are typical of those of all members of the Class and it will fairly and adequately represent the interests of the Class. Finally, the adequacy of ERJ has been demonstrated through its selection of Labaton Sucharow, a law firm with substantial experience in successfully prosecuting securities class actions, to serve as Lead Counsel for the Class.

Accordingly, ERJ respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant his motion.

## FACTUAL BACKGROUND

Teva, a pharmaceutical company, develops, manufactures, markets, and distributes generic medicines, specialty medicines, and biopharmaceutical products in North America, Europe, and internationally.

Among Teva's products is Copaxone (glatiramer acetate), a prescription drug that is used to treat relapsing forms of multiple sclerosis ("MS"). Throughout the Class Period, Teva consistently described Copaxone as the Company's "leading specialty medicine," reporting Copaxone sales and revenues that consistently dwarfed the same metrics for other Teva specialty products. Teva attributed Copaxone's commercial success to "having the right mix" of, among other things, "a fantastic underlying demand," "patients hav[ing] access to it," and an "unparalleled . . . track record of both efficacy and safety."

---

[1] A Copy of the PSLRA-required Certification of ERJ, signed by Ivan Emilianov Ivanov as Director of ERJ, is attached as Exhibit A to the to the Declaration of Mark S. Goldman ("Goldman Decl."), which sets forth all relevant transactions in Teva during the Class Period. In addition, a chart reflecting the calculation of ERJ's financial interest in the outcome of this litigation is attached as Exhibit B to the Goldman Decl.

The Action alleges that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Teva had made substantial illegal kickback payments to charitable foundations to cover Medicare co-payment obligations of patients taking Copaxone; (ii) accordingly, Teva's revenues derived from Copaxone were, in part, the product of unlawful conduct and thus unsustainable; (iii) the foregoing misconduct subjected Teva to a foreseeable risk of heightened regulatory scrutiny and enforcement, as well as reputational harm when the truth became known; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

On August 18, 2020, the United States Department of Justice issued a press release announcing that it had filed a complaint against Teva under the False Claims Act.  Specifically, "[t]he government alleges that, from 2007 through 2015, Teva paid The Assistance Fund (TAF) and Chronic Disease Fund (CDF) with the intent and understanding that the foundations would use Teva's money to cover the Medicare co-pays of patients taking Copaxone.  During the same period, Teva raised the price of Copaxone from approximately $17,000 per year to over $73,000 per year."

On this news, Teva's American depositary receipts ("ADR") price fell $1.11 per ADR from the previous close on August 17, 2020, or 9.6%, to close at $10.48 per ADR on August 18, 2020, on unusually heavy trading volume.

As a result of Defendants' allegedly wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, ERJ and other Class members have suffered significant losses and damages.

3

**ARGUMENT**

**I.       ERJ SHOULD BE APPOINTED AS LEAD PLAINTIFF**

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).  In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff, (ii) has the largest financial interest in the relief sought by the class, and (iii) who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 223 (3d Cir. 2001).  This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses

that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cendant*, 264 F.3d at 223.

For the reasons discussed herein, ERJ meets these requirements and should therefore be appointed as Lead Plaintiff.

### A.     ERJ's Motion Is Timely

ERJ filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the Action caused notice regarding the pending nature of this case to be published on *PRNewswire,* a widely-circulated, national, business-oriented news wire service, on September 23, 2020. *See* Notice, Goldman Decl., Ex. C. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before November 23, 2020. ERJ filed its motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

### B.     ERJ Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cendant*, 264 F.3d at 223. At the time of this filing, ERJ believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff." ERJ has a financial interest of approximately ***$24,739,300.67*** in the outcome of this litigation. *See* Goldman Decl., Ex. B. To the best of ERJ's knowledge, there is no other applicant seeking Lead Plaintiff appointment asserting a larger financial interest in the litigation. Consequently, ERJ believes that he has the "largest financial interest in the relief sought by the Class." Thus, ERJ satisfies the second PSLRA

5

requirement—the largest financial interest—to be appointed as Lead Plaintiff for the Class.

        **C.**      **ERJ Is Typical and Adequate of the Putative Class**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u4(a)(3)(B)(iii)(I)(cc). This inquiry "should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy" under Rule 23. *Cendant*, 264 F.3d at 263. As set forth below, ERJ has satisfied its preliminary showing that it is both typical and adequate under Rule 23.

When making the typicality determination, the court "should consider whether the circumstances of the movant with the largest losses 'are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based.'" *Cendant*, 264 F.3d at 265 (alteration in original) (citation omitted). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "[f]actual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory")). In "assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether it 'has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *Cendant*, 264 F.3d at 265. (alteration in original) (citation omitted); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to

represent'" (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997))). ERJ has satisfied both these requirements.

Here, ERJ, like other class members: (i) purchased Teva securities during the Class Period; (ii) was adversely affected by Defendants' allegedly false and misleading statements; and (iii) suffered damages when the truth became known. *See Gaer v. Educ. Mgmt. Corp.*, No. 10-1061, 2010 WL 4687791, at *3 (W.D. Pa. Nov. 10, 2010) (typicality satisfied where proposed lead plaintiff "purchased shares in [the company] during the Class Period at prices artificially inflated by the false statements and omissions of the defendants and suffered damages as a result"). Thus, ERJ's claims are typical of those of other class members since its claims and the claims of other Class members arise out of the same course of events and are based on the same legal theories.

Further, ERJ is also highly incentivized to maximize the recovery for putative Class members harmed by Defendants' alleged wrongdoing based on, among other things, the substantial losses it suffered. Moreover, ERJ is not aware of any conflict between itself and the putative class members. ERJ has amply demonstrated its adequacy by signing a sworn Certification evidencing its ability and willingness to serve as, and to assume the responsibilities of, Lead Plaintiff. *See* Goldman Decl., Ex. A. Finally, as set forth in more detail below, ERJ has further demonstrated its adequacy by retaining Labaton Sucharow as proposed Lead Counsel, a law firm with vast experience prosecuting securities class actions.

## II.     ERJ'S SELECTION OF COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, ERJ has selected Labaton Sucharow to pursue this litigation on its behalf and has retained the firm as the Class' Lead Counsel in the event it is appointed as Lead Plaintiff. Labaton Sucharow has excelled as lead counsel in numerous landmark securities class actions on behalf of defrauded investors. For example, Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation,* No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation,* No. 08-md-1963 (S.D.N.Y.), in which the Firm served as co-lead counsel. Labaton Sucharow also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation,* No. 09-md-2027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members. Labaton Sucharow presently serves as lead counsel in several significant investor class actions. *See* Labaton Sucharow Firm Resume, Goldman Decl., Ex. D.

Likewise, Goldman Scarlato is well qualified to represent the Class as Liaison Counsel. Goldman Scarlato maintains an office in this District, and is thus well qualified to represent the Class as Liaison Counsel. *See* Manual for Complex Litigation (Fourth) § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court.").

Accordingly, the Court may be assured that, by granting ERJ's motion, the Class will receive the highest caliber of legal representation.

### III.   CONCLUSION

For the foregoing reasons, ERJ respectfully requests the Court grant its Motion and enter an Order: (i) appointing ERJ as lead plaintiff, (ii) approving its selection of Labaton Sucharow as Lead Counsel for the Class and Goldman Scarlato as Liaison Counsel to the Class, and (iii)

8

granting such other relief as the Court may deem just and proper.

DATED:  November 23, 2020                Respectfully submitted,

*/s/ Mark S. Goldman*
**GOLDMAN SCARLATO & PENNY, P.C.**
Mark S. Goldman (PA Attorney No. 48049)
8 Tower Bridge, Suite 1025
161 Washington Street
Conshohocken, Pennsylvania 19428
Telephone: (888) 872-6975
Facsimile: (484) 580-8747
goldman@lawgsp.com

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Christopher J. Keller*
Eric J. Belfi*
Francis P. McConville*
*(*pro hac vice* application forthcoming)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff ERJ - 145 NUA, INC. and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

      I hereby certify under penalty of perjury that on November 23, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

      */s/ Mark S. Goldman*
      Mark S. Goldman

# Mailing Information for a Case 2:20-cv-04660-JD HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD. v. TEVA PHARMACEUTICAL INDUSTRIES LIMITED et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **J. ALEXANDER HOOD , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **DAVID SEAMUS KASKELA**
  skaskela@kaskelalaw.com

- **JEREMY A. LIEBERMAN**
  jalieberman@pomlaw.com,taweinrib@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`