UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD., Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>    v.<br><br>TEVA PHARMACEUTICALS INDUSTRIES LIMITED, EREZ VIGODMAN, EYAL DESHEH, ROBERT KOREMANS, and MICHAEL DERKACZ,<br><br>       Defendants. | Case No. 2:20-cv-04660-JD<br><br><u>CLASS ACTION</u> |

**THE INVESTOR GROUP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND ...................................................................................................... 3

ARGUMENT ................................................................................................................................ 4

I. THE INVESTOR GROUP IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR THE CLASS ............................................................................................................... 4

    A. The PSLRA Standard For Appointing Lead Plaintiff ................................................. 4

    B. Under The PSLRA, The Investor Group Should be Appointed Lead Plaintiff ......... 5

        1. The Investor Group Filed a Timely Motion ............................................................. 5

        2. The Investor Group Has the Largest Financial Interest in the Relief Sought by the Class ................................................................................................. 6

        3. The Investor Group Meets Rule 23's Typicality and Adequacy Requirements ....................................................................................................... 7

II. THE INVESTOR GROUP'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED .......................................................................... 9

CONCLUSION ........................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                        **Page(s)**

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)..........................................................................................5, 6, 7

*In re Datatec Sys., Inc. Sec. Litig.*,
    No. 04-CV-525 (GEB), 2006 WL 3095951 (D.N.J. Oct. 30, 2006)..........................................2

*Katz v. Realty Equities Corp.*,
    521 F.2d 1354 (2d Cir. 1975)..................................................................................................1

*Lifestyle Invs., LLC v. Amicus Therapeutics, Inc.*,
    No. 3:15-cv-7350 (FLW) (DEA), 2016 WL 3032684 (D.N.J. May 26, 2016)......................4, 8

*In re Party City Sec. Litig.*,
    189 F.R.D. 91 (D.N.J. 1999)..........................................................................................5, 6, 7

*Quan v. Advanced Battery Techs., Inc.*,
    No. 11 Civ. 2279 (CM), 2011 WL 4343802 (S.D.N.Y. Sept. 9, 2011) .................................7, 8

*Rabin v. John Doe Mkt. Makers*,
    254 F. Supp. 3d 754 (E.D. Pa. June 16, 2015).......................................................................7, 8

*Reitan v. China Mobile Games & Entm't Grp.*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014)........................................................................................9

*Roby v. Ocean Power Techs.*,
    No. 14-cv-3799 (FLW) (LHG), 2015 WL 1334320 (D.N.J. Mar. 17, 2015) ...........................6

*In re Vicuron Pharm., Inc. Sec. Litig.*,
    225 F.R.D. 508 (E.D. Pa. 2004)................................................................................................2

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
    780 F.3d 597 (4th Cir. 2015) ..................................................................................................10

**Statutes**

15 U.S.C. § 78u-4(a) ............................................................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 6(a)(1)(C) ..............................................................................................................6

Fed. R. Civ. P. 23(a)(4).................................................................................................................8

Anne Cullen,
   *More Judges Are Demanding Diversity Among Class Counsel*,
   Law360 (July 16, 2020) ................................................................................................... 11

Ralph Chapoco,
   *Calls for Lawyer Diversity Spread to Complex Class Litigation*,
   Bloomberg Law (July 30, 2020) ..................................................................................... 11

Faris Al Kooheji, Gerald Forsythe, and DeKalb County Pension Fund (the "Investor Group"), respectfully submits this memorandum of law pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Private Securities Litigation Reform Act of 1995 ("PSLRA"), in support of its motion for the entry of an order (1) appointing the Investor Group as Lead Plaintiff and (2) approving the Investor Group's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.[1]

## PRELIMINARY STATEMENT

The above-captioned securities class action (the "Action") presently pending before this Court is brought on behalf of those who purchased or otherwise acquired securities of Teva Pharmaceutical Industries, Ltd. ("Teva") between October 29, 2015 and August 18, 2020, inclusive (the "Class Period"),[2] which seeks to recover damages caused by defendants' violations of the Exchange Act.

---

[1] Unless stated otherwise, the following conventions apply: (1) all citations, internal quotation marks and footnotes are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Declaration of Timothy J. Peter in Support of the Investor Group's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel (the "Peter Declaration") filed herewith. The Investor Group's Joint Declaration in Support of the Motion of the Investor Group for Appointment as Lead Plaintiff, and Approval of Selection of Counsel is attached as Ex. A to the Peter Declaration.

[2] The following action is pending in the United States District Court of Connecticut: *Ontario Teachers' Pension Plan Board, et al. v. Teva Pharmaceutical Industries, Ltd., et al.*, Docket No. 3:17-cv-00558-SRU, which was filed on November 6, 2016. Counsel respectfully requests the above-captioned action not be consolidated because the action arises out of separate and distinct claims. Based on the circumstances here, "each case in which it may appear desirable to consolidate complaints in different actions must be evaluated on its own facts with close attention to whether the anticipated benefits of a consolidated complaint outweigh potential prejudice to the parties." *Katz v. Realty Equities Corp.*, 521 F.2d 1354, 1360 (2d Cir. 1975). Further, Federal Rules of Civil Procedure Rule 42(a) provides that: "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial

With respect to the appointment of a lead plaintiff to oversee the Action, Congress established a presumption in the PSLRA that requires the Court to appoint the "most adequate plaintiff" as the lead plaintiff for the Action. 15 U.S.C. § 78u-4(a)(3)(B)(i). The "most adequate plaintiff" is the person who has the "largest financial interest in the litigation" and who also satisfies Rule 23's typicality and adequacy requirements for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of these factors).

With losses of $5,160,224.38, the Investor Group, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant. The Investor Group also satisfies Rule 23's typicality and adequacy requirements. The Investor Group's claims are typical of the Class's claims because it suffered losses on its Teva investment as a result of the defendants' false and misleading statements. Further, the Investor Group has no conflict with the Class and will adequately protect the Class's interests given its significant stake in the litigation and its conduct to date in prosecuting the litigation, including its submission of the requisite certification and selection of experienced class counsel. Accordingly, the Investor Group is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, the Investor Group is entitled to select, subject to the Court's approval, lead counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Investor Group has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced firm with substantial securities class action experience.

---

of any or all the matters in issue in the actions . . . ." *In re Datatec Sys., Inc. Sec. Litig.*, No. 04-CV-525 (GEB), 2006 WL 3095951, at *9 (D.N.J. Oct. 30, 2006).

For the reasons summarized above and those explained more fully below, the Investor Group's motion should be granted in its entirety.

## FACTUAL BACKGROUND

Teva is a pharmaceutical company that purports to develop, manufacture, market, and distribute generic medicines, specialty medicines, and biopharmaceutical products in North America, Europe, and internationally. ECF No. 1 at ¶ 13. The Company is headquartered and incorporated in Petach Tikva, Israel. *Id.* Teva's securities trade on the New York Stock Exchange ("NYSE") and the Tel Aviv Stock Exchange ("TASE"). *Id.*

The complaint in the Action alleges that defendants knowingly and/or recklessly made false and/or misleading statements and/or failed to disclose: (i) Teva had made substantial illegal kickback payments to charitable foundations to cover Medicare co-payment obligations of patients taking Copaxone, a prescription drug that is used to treat relapsing forms of multiple sclerosis which was described by the Company as its "leading specialty medicine" (*id.* at ¶ 3); (ii) accordingly, Teva's revenues derived from Copaxone were in part the product of unlawful conduct and thus unsustainable; (iii) the foregoing misconduct subjected Teva to a foreseeable risk of heightened regulatory scrutiny and enforcement, as well as reputational harm, when the truth became known; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.* at ¶ 51.

The truth first emerged on August 18, 2020, when the United States Department of Justice ("DOJ") issued a press release announcing that it had filed a complaint against Teva under the False Claims Act. *Id.* at ¶ 52. Specifically, "[t]he government alleges that, from 2007 through 2015, Teva paid TAF and CDF with the intent and understanding that the foundations would use Teva's money to cover the Medicare co-pays of patients taking Copaxone. During the

same period, Teva raised the price of Copaxone from approximately $17,000 per year to over $73,000 per year." *Id.*

On this news, Teva's ADR price fell $1.11 per ADR from its previous close on August 17, 2020, or 9.6%, to close at $10.48 per ADR on August 18, 2020, on unusually heavy trading volume. *Id.* at ¶ 53.

Through the Action, the Investor Group seeks to recover for itself and absent class members the substantial losses that were suffered as a result of defendants' fraud.

## ARGUMENT

**I.     THE INVESTOR GROUP IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR THE CLASS**

### A.     The PSLRA Standard For Appointing Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *See Lifestyle Invs., LLC v. Amicus Therapeutics, Inc.*, No. 3:15-cv-7350 (FLW) (DEA), 2016 WL 3032684, at *3 (D.N.J. May 26, 2016) (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)(II)).

Under the PSLRA, the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

4

(aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001) (describing the PSLRA's process for determining the "most adequate plaintiff").

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cendant*, 264 F.3d at 268.

### B. Under The PSLRA, The Investor Group Should be Appointed Lead Plaintiff

As discussed below, the Investor Group should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, the Investor Group holds the largest financial interest of any movant, and the Investor Group otherwise satisfies Rule 23's typicality and adequacy requirements.

#### 1. The Investor Group Filed a Timely Motion

Pursuant to the PSLRA, the first plaintiff to file a complaint in the action was required to publish notice within twenty (20) days of its filing. 15 U.S.C. § 78u-4(a)(3)(A)(i). Counsel for first-filed plaintiff Halman Aldubi Provident and Pension Funds Ltd. published notice of the lead plaintiff deadline via *PRNewswire* on September 23, 2020. *See* Ex. B; *see also In re Party City Sec. Litig.*, 189 F.R.D. 91, 105 n.10 (D.N.J. 1999) (considering publication in *PR Newswire* to be sufficient to satisfy the PSLRA's notice requirement). Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after

5

publication of the notice, *i.e.*, on or before November 23, 2020.[3] *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Thus, the Investor Group's motion is timely filed.

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, the Investor Group timely signed and submitted the requisite certifications, identifying all of its relevant Teva trades during the Class Period, and detailing the Investor Group's suitability to serve as Lead Plaintiff in this case. *See* Ex. C. The PSLRA's procedural requirements have therefore been met.

### 2. The Investor Group Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I)(bb); *see also Cendant*, 264 F.3d at 262-65.

Although the PSLRA is silent as to any definitive methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit have typically looked to the following four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See In re Party City*, 189 F.R.D. at 105. Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *See, e.g., Roby v. Ocean Power Techs.*, No. 14-cv-3799 (FLW) (LHG), 2015 WL 1334320, at *5 (D.N.J. Mar. 17, 2015).

---

[3] Given that the 60th day fell on a Sunday, November 22, 2020, Fed. R. Civ. P. 6(a)(1)(C) extends the deadline to Monday, November 23, 2020.

Overall, during the Class Period, the Investor Group expended $8,931,486.65 in net funds and suffered losses of $5,160,224.38 attributable to the fraud. *See* Ex. C. The Investor Group is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3. The Investor Group Meets Rule 23's Typicality and Adequacy Requirements

The PSLRA also requires that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B). When assessing a potential lead plaintiff only Rule 23(a)'s typicality and adequacy requirements are relevant. *See Cendant*, 264 F.3d at 264.

Typicality is established where each class member's claim "arises from the same event, practice or course of conduct that gives rise to the claims of other class members and if his or her claims are based on the same legal theory." *Rabin v. John Doe Mkt. Makers*, 254 F. Supp. 3d 754, 759 (E.D. Pa. June 16, 2015). When evaluating typicality, courts inquire as to "whether the named plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Id.* at 759-60 (citing *Beck v. Maximus*, 457 F.3d 291, 295-96 (3d Cir. 2006)).

The Investor Group's claims are clearly typical of the Class's claims. The Investor Group purchased Teva ADRs during the Class Period, suffered damages as a result of the Company's false and misleading statements, and therefore can assert the Class's claims against Teva and certain of its officers under the federal securities laws. Because the factual and legal bases of the Investor Group's claims are similar to those of the Class's claims, the Investor Group necessarily satisfies the typicality requirement. *See In re Party City*, 189 F.R.D. at 107 n.13; *Quan v.*

7

*Advanced Battery Techs., Inc.*, No. 11 Civ. 2279 (CM), 2011 WL 4343802, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant typical where "he suffered losses as a result of [the company's] false and misleading statements during the same period as other movants, plaintiffs, and potential class members, and [] he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no fundamental conflicts of interest with the interests of the class as a whole. *See Rabin*, 254 F. Supp. 3d at 760 (citing *Cendant*, 264 F.3d at 265-66).

As evidenced by the representations in its certifications, *see* Ex. C, the Investor Group's interests are perfectly aligned with—and by no means antagonistic to—the Class. *See Rabin*, F. Supp. 3d at 760 ("Rabin has averred . . . that he has a financial interest in his claims."); *Lifestyle Invs.*, 2016 WL 3032684, at *7 (finding adequacy requirement met because the movant's interests were aligned with the class and he "hired experienced legal counsel").

The Investor Group has also selected and retained highly competent counsel to litigate the claims on behalf of itself and the Class. As explained below in Section II, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex. D. Consequently, the Investor Group is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, the Investor Group respectfully submits that it is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

## II. THE INVESTOR GROUP'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. The Investor Group has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. D; *see also Reitan v. China Mobile Games & Entm't Grp.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases."). For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g., Sterrett v. Sonim Techs., Inc.*, No. 3:19-cv-06416-MMC (N.D. Cal.) (where, as sole lead counsel, the firm obtained preliminary approval of $2 million settlement); *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel, the firm obtained final approval of $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2018) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action, obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharm., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2018) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp., Sec. Litig.*, No. 3:14-CV-01224-CRB (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 3:13-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole

9

lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 3:12-cv-00213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.*, No. 1:13-CV-06704 (AJP) (S.D.N.Y. 2015) (where the Faruqi Firm, as co-lead counsel, secured a $3.5 million settlement); *In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, No. 27 CV 06-8085 (Minn. 4th Jud. Dist. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 3:02-cv-5878-FLW-JJH (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 0:97-CV-5056-DRH-ETB (E.D.N.Y. 2001) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 1:98-cv-01068-LLS (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. 2:01-cv-0483-JLQ-PAL (D. Nev. 2006) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g., Lowthorp v. Mesa Air Group, Inc.*, No. 2:20-cv-00648-MTL (D. Ariz.) (appointed as

sole lead counsel for the class); *In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.) (appointed as sole lead counsel for the class); *Liu v. Intercept Pharms. Inc.,* No. 1:17-cv-07371-LAK (S.D.N.Y.) (appointed as sole lead counsel for the class); *Lehmann v. Ohr Pharm. Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (appointed as sole lead counsel for the class); *In re Synergy Pharm., Inc. Sec. Litig.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *In re CV Scis., Inc. Sec. Litig.*, No. 2:18-cv-01602-JAD-BNM (D. Nev.) (appointed as sole lead counsel for the class); *In re Amarin Corp. PLC Sec. Litig.*, No. 3:19-cv-06601-BRM-TJB (D.N.J.) (appointed as co-lead counsel for the class); *Rudani v. Ideanomics, Inc.*, No. 1:19-cv-06741-GBD (S.D.N.Y.) (appointed as sole lead counsel for the class).

The Faruqi Firm is a minority-owned and woman-owned[4] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. The Faruqi Firm has a proven track record of successfully representing its clients in these matters and is nationally recognized for its excellence. Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[5] Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel. Currently,

---

[4]     *See* Ex. E (certificate from Women's Business Enterprise National Council certifying the Faruqi Firm as a woman-owned business (renewal pending)).

[5]     *See* Anne Cullen, More Judges Are Demanding Diversity Among Class Counsel, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, Calls for Lawyer Diversity Spread to Complex Class Litigation, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

approximately 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years. *See* https://www.faruqilaw.com/our-attorneys. The Faruqi Firm is proud to be made up of such a diverse group of legal professionals and strongly believes that its clients are better served because of it.

## CONCLUSION

For the foregoing reasons, the Investor Group respectfully requests that the Court (1) appoint it as Lead Plaintiff; (2) approve its selection of the Faruqi Firm as Lead Counsel for the putative Class; and (3) grant such other relief as the Court may deem just and proper.

Dated: November 23, 2020					Respectfully submitted,

							**FARUQI & FARUQI, LLP**

							By:	*/s/ Timothy J. Peter*
								Timothy J. Peter

							Timothy J. Peter
							1617 John F Kennedy Blvd Suite 1550
							Philadelphia, PA 19103
							Ph: (215) 277-5770
							Fax: (215) 277-5771
							E-mail: tpeter@faruqilaw.com


							James M. Wilson, Jr. (*pro hac vice* forthcoming)
							Robert W. Killorin (*pro hac vice* forthcoming)
							**FARUQI & FARUQI, LLP**
							685 Third Avenue, 26th Floor
							New York, NY 10017
							Telephone: 212-983-9330
							Facsimile: 212-983-9331
							Email:	jwilson@faruqilaw.com
									rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff and [Proposed] Lead Counsel for the putative Class*

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 23, 2020, I caused true and correct copies of the foregoing to be served on all counsel of record via CM/ECF.

| | |
|---|---|
| Dated: November 23, 2020 | By: /s/ *Timothy J. Peter* |
| | Timothy J. Peter |