## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD., Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TEVA PHARMACEUTICALS INDUSTRIES LIMITED, EREZ VIGODMAN, EYAL DESHEH, ROBERT KOREMANS, and MICHAEL DERKACZ, <br><br> Defendants. | Case No. 2:20-cv-04660-KSM <br><br> <u>CLASS ACTION</u> |

## THE INVESTOR GROUP'S MOTION TO STRIKE "MENORAH & CLAL'S RESPONSE TO NOTICE OF WITHDRAWAL OF FARIS AL KOOHEJI FROM PARTICIPATION IN THE INVESTOR GROUP (DOC. NO. 48)" OR IN THE ALTERNATIVE FOR THE COURT TO CONSIDER ATTACHED RESPONSE OF THE INVESTOR GROUP

Lead Plaintiff Movant the Investor Group (comprised of Gerald Forsythe and DeKalb County Pension Fund) respectfully moves this Court to strike Menorah & Clal's Response To The Notice Of Withdrawal Of Faris Al Kooheji From Participation In The Investor Group (Doc. No. 49) ("Response Brief") on the grounds that there is no provision in the Federal Rules of Civil Procedure or the Local Rules of this Court that provide for the filing of a "Response Brief" without leave of court in response to a "Notice" such as the one filed by Mr. Kooheji. The brief filed by the Menorah & Clal Group, misleadingly styled as a "response" to the Notice of Withdrawal, is in fact a not-so-artfully-disguised sur-sur-reply that goes well beyond the subject of Mr. Kooheji's withdrawal and attempts to re-argue a wide range of issues in this matter. It should be stricken out of hand and not considered by the Court.

The Investor Group strongly objects to and takes issue with the false statements, false and unsupported conjecture and numerous erroneous legal arguments contained in said "response." Should the Court decide to consider it, the Investor Group respectfully requests the Court also consider the Investor Group's short response attached hereto as Ex. 1

The Investor Group is aware that while this Court allows parties to file a reply and sur-reply brief without leave of Court, they are "strongly discouraged unless it is apparent on the face of the submission that such additional briefing is necessary to rebut an issue or point of law not anticipated in or otherwise discussed in the initial briefs." *See* Policies and Procedures of The Honorable Karen Spencer Marston, Sec. II, B, 4. Reply and Sur-Reply Briefs. The Menorah & Clal Group and Investor Group already filed reply and sur-reply briefs after obtaining permission from the Honorable Jann Dubois. *See* Doc. Nos. 29, 30, 34 and 35.

On Thursday March 11, 2021, at approximately 12:40 PM, Mr. Faris Al Kooheji filed a simple Notice of Withdrawal of his participation in the Investor Group which contained no legal

1

arguments. Doc. No. 48.  Then on Friday March 12, 2021, at approximately 5:00 p.m., the end of the last business day before the scheduled March 15, 2021 oral argument, under the guise of responding to the Notice of Withdrawal, the Menorah & Clal Group filed an improper sur-sur-reply styled as a Response Brief.  That "response" repeats arguments already made, raises a new argument that is unrelated to the Notice of Withdrawal, and barely touches on the Notice of Withdrawal itself.

In the "response" the Menorah & Clal Group repeats the arguments that: (1) the Menorah & Clal Group has the largest losses (Response Brief 2-3); (2) the Investor Group members are unrelated (Response Brief 3); and (3) DeKalb held no Teva stock on the alleged date of the corrective disclosure (Response Brief 4-5).  The Menorah & Clal Group acknowledge through the Response Brief that it has already made these arguments. *See* Response Brief 3 ("For the reasons set forth at length in Menorah and Clal [Group] Reply Brief . . . .); *Id.* ("As Menorah and Clal have previously argued . . . .); *Id.* at 4 ("As Menorah and Clal have discussed at length…"). The Court should strike any consideration of these repeated arguments.

The Menorah & Clal Group also attempt to raise questions regarding the retainer agreements between Faruqi & Faruqi, LLP and the members of the Investor Group. Response Brief 5-6.  These retainer agreements are unrelated to the Notice of Withdrawal, yet the Menorah & Clal Group waited seven days after their filing to file its Response Brief challenging these agreements. Response Brief 5-6. The Menorah & Clal Group's delay in addressing them until the end of the last working day before the oral argument has the appearance of gamesmanship.

The Menorah & Clal Group also argues that the Court has no choice but to continue to consider Mr. Kooheji as a member of the Investor Group. Response Brief 1, 4.  That claim is false.  The Notice of Withdrawal was unremarkable and did not alter the bases for the Investor

2

Group to be appointed lead plaintiff.  It did remove the basis for a number of challenges made by Menorah & Chal. The Investor Group has previously informed the Court (*see e.g.,* Doc. No. 35 at 1),[1] including on the March 3, 2021 status conference, that Mr. Gerald Forsythe alone or with the DeKalb County Pension Fund could be appointed to serve as lead plaintiff.  Despite the opportunity to do so, the Menorah & Clal Group ***never challenged the assertion that that the Investor Group could be appointed lead plaintiff without Mr. Kooheji's participation.*** As discussed in the Investor Group's attached Response, even if the Court considers this objection, it falls short as the Menorah & Clal Group rely on only one outlier case from outside the Third Circuit. The vast majority of cases recognize that district courts have the authority and discretion to remove particular group members from groups that are selected to serve as lead plaintiffs.

At bottom, the improper and late Response Brief filed by the Menorah & Clal Group addresses more than the Notice of Withdrawal and is effectively a sur-sur-reply on a number of issues for which those movants should have sought permission from the Court to file. The Investor Group hereby respectfully requests that the Court reject that response in its entirety, or in the alternative, accept for consideration the attached Response of the Investor Group which addresses the issues raised by the Menorah & Clal Group's so called "Response".

Dated: March 14, 2021                                      Respectfully submitted,

                                                          **FARUQI & FARUQI, LLP**

                                                          By:     *s/ Timothy J. Peter*

---

[1]      The Investor Group's Sur-Reply Memorandum Of Law In Response To The Sur-Reply Filed By The Menorah & Clal Group And In Further Support Of Its Motion For Appointment As Lead Plaintiff And Approval Of Lead Counsel 1 ("MCG also ignores the fact that Investor Group member Gerald Forsythe has no conflicts, has had no challenges asserted to his adequacy, has adequate counsel and suffered approximately $1 million in losses. That single member of the Investment Group alone would be far more adequate to serve as Lead Plaintiff than MCG") (Doc. No. 35).

3

Timothy J. Peter

Timothy J. Peter (Pa. Bar No. 306965)
1617 John F Kennedy Blvd Suite 1550
Philadelphia, PA 19103
Ph: (215) 277-5770
Fax: (215) 277-5771
E-mail: tpeter@faruqilaw.com


James M. Wilson, Jr. (*pro hac vice*)
Robert W. Killorin (*pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com
          rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff and [Proposed] Lead Counsel for the putative Class*

4

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on March 14, 2021, I caused true and correct copies of the foregoing to be served on all counsel of record via CM/ECF.

*s/ Timothy J. Peter*
Timothy J. Peter