**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD., Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>                    v.<br><br>TEVA PHARMACEUTICALS INDUSTRIES LIMITED, EREZ VIGODMAN, EYAL DESHEH, ROBERT KOREMANS, and MICHAEL DERKACZ,<br><br>                              Defendants. | Case No. 2:20-cv-04660-KSM<br><br><u>CLASS ACTION</u> |

**JOINT MOTION FOR ENTRY OF CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

Lead Plaintiff Gerald R. Forsythe ("Plaintiff") and Defendants Teva Pharmaceuticals Industries Limited ("Teva"), Erez Vigodman, Eyal Desheh, Robert Koremans, Michael Derkacz, Kare Schultz, Michael McClellan, and Brendan O'Grady ("Defendants") (collectively "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for Entry of a Confidentiality Stipulation and Protective Order and state as follows:

The Parties have conferred and agree that the submission of the attached proposed Confidentiality Stipulation and [Proposed] Protective Order ("Protective Order") is appropriate at this stage of the action. While all proceedings in this action other than class certification have been stayed (Doc. No. 87), the Parties have identified certain discovery materials, including discovery material relating to class certification and materials that may be exchanged in this action if the current stay is lifted, which contain confidential information. They include, but are not limited to: (a) financial and/or investment account statements of Plaintiff; (b) individualized

1

personal information (e.g., social security numbers and non-public residential addresses); (c)

personally identifying information of non-parties; (d) medical records and medical information;

and (e) confidential and/or competitively sensitive business records of Defendants.

The accompanying proposed Protective Order will protect the confidentiality of these

materials as much as is practical for this litigation, and within the limits of what is reasonably

necessary to achieve this end.  Applying the factors set forth in *In re Avandia Marketing, Sales*

*Practices and Products Liability Litigation*, 924 F.3d 662, 671 (3d Cir. 2019), the

aforementioned categories of documents and information are among the proper subjects of the

Confidentiality Stipulation and Proposed Protective Order, attached hereto as Exhibit A.

## **ARGUMENT**

Federal Rule of Civil Procedure 26 provides, in pertinent part, that "[a] party or any

person from whom discovery is sought may move for a protective order in the court where the

action is pending . . . . The court may, for good cause, issue an order to protect a party or person

from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P.

26(c)(1).

"The party seeking a protective order over discovery material must demonstrate that good

cause exists for the order." *Avandia*, 924 F.3d at 671 (internal quotation marks omitted) (citing

*Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). In *Pansy*, the Court of

Appeals reaffirmed the long-standing principle that district courts have inherent equitable power

"to grant confidentiality orders, whether or not such orders are specifically authorized by

procedural rules." *Id*. at 785.

In the Third Circuit, Courts consider the following non-mandatory factors in assessing

good cause for a protective order:

1. Whether disclosure will violate any privacy interests;
2. Whether the information is being sought for a legitimate purpose or for an improper purpose;
3. Whether disclosure of the information will cause a party embarrassment;
4. Whether confidentiality is being sought over information important to public health and safety;
5. Whether the sharing of information among litigants will promote fairness and efficiency;
6. Whether a party benefitting from the order of confidentiality is a public entity or official; and
7. Whether the case involves issues important to the public.

*Avandia*, 924 F.3d at 671; *see also Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 787-91).

Here, Plaintiff is a private individual who has a legitimate expectation of privacy over his private personal and financial information.  This Court has held that the private information of a plaintiff is the proper subject of a protective order. *See Gerwitz v. Corizon Health, Inc.*, No. 2:19-cv-06191-KSM, 2020 WL 12688363, at *2 (E.D. Pa. Nov. 23, 2020). In *Gerwitz*, this Court held "that good cause exists for approving the stipulated confidentiality agreement with respect to Plaintiff's and other's private personal or medical information," and "agree[d] that public disclosure of Plaintiff's and others' private personal or medical information would harm the privacy interests of the individuals discussed in the documents. And disclosure of sensitive health and employment information in particular could cause embarrassment to Plaintiff and non-party employees." *Id.*

Likewise, Plaintiff has issued document requests to Defendants that, if and when the stay in this case is lifted, may call for the production of personal health information implicating the privacy interests of large numbers of non-parties, as well as confidential, trade secret, sensitive and/or proprietary information the protection of which is essential to Teva's business and interests.

Among other things, Plaintiff has requested documents relating to the marketing, sale, pricing and distribution of Copaxone.  Courts in the Third Circuit have found disclosure of these categories of documents to pose commercial and competitive harm.  *See Grant Heilman Photography, Inc. v. Pearson Educ., Inc.*, Civil Action No. 11-cv-4649, 2012 WL 1521954, at *6 (E.D. Pa. Apr. 30, 2012) ("[C]ourts routinely find good cause to protect the confidentiality of [confidential commercial information]."); *Cutsforth, Inc. v. Lemm Liquidating Co., LLC*, Civil Action No. 17-1025, 2020 WL 772442, at *3 (W.D. Pa. Feb. 18, 2020) (granting order to protect product pricing information because "disclosure of this information would harm [the party's] negotiating position in the marketplace with its customers and also give its competitors an advantage"); *Genentech, Inc. v. Amgen, Inc.*, Civ. No. 17-1407-CFC, 2020 WL 9432700, at *6 (D. Del. Sept. 2, 2020), report and recommendation adopted, 2020 WL 9432702 (D. Del. Oct. 1, 2020) (documents reflecting pricing and discounts found to be confidential); *see also Professional, Inc. v. Progressive Cas. Ins. Co.*, Civil Action No. 3:17-cv-185, 2020 WL 6566394, at *2 (W.D. Pa. Feb. 26, 2020) ("material [that] contains business information that might harm the parties' 'competitive standing'" protected).

In addition, Plaintiff has requested all documents produced to the United States Government in *United States v. Teva Pharmaceuticals USA, Inc., et al.*, No. 20-cv-11548-NMG (D. Mass. Dec. 17, 2021) (the "DOJ Action").  Along with the type of competitive sensitive documents discussed above, these documents contain confidential health and medical information of non-parties to this action, including the protected health information of individuals that is required to be kept confidential by the Health Insurance Portability and Accountability Act (HIPAA). 42 U.S.C. § 1320d, *et seq.*   Likewise, these documents include sensitive personal and financial information of non-parties.  Courts in this Circuit have found a

4

legitimate private interest in maintaining the confidentiality of such information. *See, e.g.*, *Cap. Health Sys., Inc. v. Veznedaroglu*, Civil Action No. 3:15-cv-08288-MAS-LHG, 2021 WL 9439417, at *1-2 (D.N.J. Oct. 6, 2021) (medical information of non-parties warrants protection); *Gerwitz v. Corizon Health Inc.*, No. 2:19-cv-06191-KSM, 2020 WL 12688363, at *2 (E.D. Pa. Nov. 23, 2020) (finding good cause exists for approving a stipulated confidentiality agreement with respect to private personal or medical information); *Three Bros. Supermkt. Inc. v. United States*, No. 2:19-cv-2003 KSM, 2020 WL 5749942, at *2 (E.D. Pa. Sept. 25, 2020).   Indeed, in *Three Brothers*, this Court agreed that public disclosure of, among other categories, "household information for individual SNAP members (including names, demographics, identifying numbers, and transaction histories) . . . . will harm the privacy interests of nonparties to the extent the documents contain names, addresses, identifying numbers, SNAP information, and financial records for individuals and businesses." *Id.*; *see also J Morita Mfg. Corp. v. Dental Imagining Techs. Corp.*, No. 21-0663-KSM, 2021 WL 4078036, at *1 (E.D. Pa. June 1, 2021) (citing *Three Brothers* in "find[ing] that good cause exists for entering the parties' stipulated confidentiality order").   The same is true here.   Indeed, the parties in the DOJ Action jointly moved for and obtained the entry of a protective order maintaining the confidentiality of this information. *United States v. Teva Pharms. USA, Inc., et al.,* No. 20-cv-11548-NMG (D. Mass. Dec. 17, 2021), ECF Nos. 49, 51.

The remaining *Avandia* factors also weigh in favor of the entry of the Protective Order. None of the Parties are public officials or entities.  The information being sought of both Parties and non-parties, including any medical records and/or medical information, is of little to no importance to public health and safety (except that of the individuals whose information is being sought).  In addition, the Parties and non-parties would suffer injury, including potential theft

and/or embarrassment, if their competitive and confidential business information and private personal, financial, and/or medical information was unnecessarily made available to the public. Finally, issues regarding this action that may be important to the public are outweighed by the specific and serious injury that would be suffered by the Parties and non-parties if the aforementioned confidential information were to be disclosed publicly.

## **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court enter the Protective Order in the attached form.

Dated: October 5, 2022                                Respectfully submitted,

By: s/ *James M. Wilson, Jr.*
James M. Wilson, Jr. (admitted *pro hac vice*)
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, New York 10017
Phone: 212-983-9330
Fax: 212-983-9331
Email: jwilson@faruqilaw.com

Robert W. Killorin (admitted *pro hac vice*)
FARUQI & FARUQI, LLP
3975 Roswell Rd Suite A
Atlanta, GA 30342
404-847-0617
Email: rkillorin@faruqilaw.com

Timothy John Peter
FARUQI & FARUQI, LLP
1617 John F. Kennedy Boulevard
Suite 1550
Philadelphia, PA 19103
215-277-5770
Fax: 215-277-5771
Email: tpeter@faruqilaw.com

Lead Counsel for Lead Plaintiff

By: s/ *Linda T. Coberly*_____
Linda T. Coberly
Daniel M. Blouin
WINSTON & STRAWN LLP
35 West Wacker Drive, Suite 4700
Chicago, Illinois 60601
(312) 558-5600
(312) 558-5700 (fax)
lcoberly@winston.com
DBlouin@winston.com


James P. Smith III
Kerry C. Donovan
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (fax)
jpsmith@winston.com
kcdonovan@winston.com

Mathieu J. Shapiro
Melissa M. Blanco
OBERMAYER, REBMANN, MAXWELL
& HIPPEL, LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
215-665-3014
215-665-3165 (fax)
mathieu.shapiro@obermayer.com

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 5, 2022, the foregoing document was filed electronically and is available for viewing and downloading from the ECF system and that I caused true and correct copies of the foregoing to be served on all counsel of record via CM/ECF.

Dated: October 5, 2022                    By: s/ *James M. Wilson, Jr.*
                                          James M. Wilson, Jr.