# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD., Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TEVA PHARMACEUTICALS INDUSTRIES LIMITED, EREZ VIGODMAN, EYAL DESHEH, ROBERT KOREMANS, and MICHAEL DERKACZ, <br><br> Defendants. | Case No. 2:20-cv-04660-KSM <br><br> CLASS ACTION |

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

It appearing that discovery in the above-captioned Action relating to class certification (and, if and when the current stay is lifted, on the merits) is likely to involve the disclosure of confidential information and the Parties consenting, and for good cause shown, it is hereby ordered:

1.    **Scope.**  All materials produced or adduced in the course of discovery, including but not limited to documents, testimony, responses to discovery requests, deposition testimony and exhibits, recorded or graphic matter, electronically stored information ("ESI"), information derived directly therefrom, all excerpts, copies, compilations and summaries thereof, and any other materials and information produced or provided by or on behalf of a Party (defined as the parties to the Action, including all of their officers, directors, and employees) or Non-Party (defined as any natural person or entity that is not a named Party to the Action but is producing Confidential Information pursuant to any formal or informal request in the course of discovery in

1

the above-captioned Action), shall be subject to this Order concerning Confidential Information as defined below.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods and the stay order issued by this Court on August 2, 2022 (Doc. No. 87) and is being entered at this time to (i) facilitate class certification-relevant discovery, and (ii) to promote the efficient adjudication of this Action when and if the existing stay is lifted.

2.      **Confidential Information.**  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing Party.

3.      **Designation of "CONFIDENTIAL" Information** shall be limited to information that has not been made public by the producing Party, and that the producing Party reasonably and in good faith believes, constitutes and/or reveals (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that any Party or Non-Party has maintained as confidential; (d) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (e) personnel or employment records of a person who is not a party to the case; or (f) information received in confidence from third parties.  Information or documents that are available to the public may not be designated as Confidential Information.

4.      **Designation of "HIGHLY CONFIDENTIAL" Information** shall be limited to information that has not been made public by the producing Party, and that the producing Party reasonably and in good faith believes constitutes and/or reveals:

    a.  Medical information concerning any individual;

    b.  Pricing data governed by the confidentiality provisions of the Social Security Act, 42 U.S.C. § 1396r-8(b)(3)(D), or any applicable state law;

2

c.  "Confidential Health Information," meaning any document or information supplied in any form, or any portion thereof, that identifies an individual in any manner and relates to the past, present, or future care, services or supplies relating to the physical or mental health or condition of such individual, the provision of health care to such individual, or the past, present, or future payment for the provision of health care to such individual. "Confidential Health Information" specifically includes "protected health information" and "individually identifiable health information" as such terms are defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Part 160, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996. "Confidential Health Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests. "Confidential Health Information" also includes material subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, or to the provisions of 45 C.F.R. Part 164. "Confidential Health Information" also includes any materials covered by the privacy laws of any individual states as applicable. In order to facilitate the production of "Confidential Health Information", the parties may produce "Confidential Health Information" to any party in this litigation in unredacted form without such production constituting a waiver of confidentiality;

d.  "Personal Information," as that term is defined in the Pennsylvania Personal Information Notification Act, 73 Pa. Stat. Ann. § 2302, except that this definition will apply to residents of any jurisdiction (not only Pennsylvania), and shall include natural persons' phone numbers;

e.  Confidential research, development, testing, and studies relating to drug products;

f.  Information relating to Teva's past, current or future pharmaceutical products other than Copaxone;

g.  Highly sensitive financial information; and

h.  Information that is commercially sensitive, including, without limitation, confidential research, business development or strategies, product plans or development and/or pricing information.

5.  **Marking of Documents**.  Any Party or Non-Party may designate Confidential Information by placing or affixing the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the designated material before the material is produced or disclosed.

6.      **Protection of Confidential Information.**

a.      General Protections.  Confidential Information shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in subparagraph (b) for any purpose other than prosecuting or defending the Action, including any appeal thereof. In a putative class action, Confidential Information may be disclosed only to the named lead plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.  However, it is understood that counsel for a Party may give opinions and advice to their client(s) solely relating to the Action based on their evaluation of Confidential Information.

b.      Limited Third-Party Disclosures.

i.      Information designated as CONFIDENTIAL may not be disclosed to any person, except:

1.  Individual Parties and any officer, director, or employee of a Party who is required in good faith to provide material assistance in the conduct of this litigation;

2.  Parties' inside counsel;

3.  Outside counsel for the Parties, and employees of such counsel who have responsibility for the Action;

4.  The authors and recipients of the document (not including a person who received the document in the course of litigation), whose review of such material is necessary for the prosecution or defense of the Action;

5.  Experts, consultants, or investigators who assist in the prosecution or defense of the above-captioned Action, but only after such persons have completed the certification contained in Attachment A, "ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND";

6.  Any person from whom testimony is taken or will be taken in the above-captioned Action, including for deposition or trial, and that witness's counsel, except that such person may only

be shown Confidential Information during, and in preparation of, their testimony.  Witnesses may not retain the Confidential Information, but may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

7. The Court and its personnel;

8. Stenographic and video reporters engaged in proceedings incident to this Action;

9. Any special master, mediator, or other third party who the Parties select, or as appointed by the Court, for purposes of settling the above-captioned Action or resolving disputes (including discovery), along with their necessary staff;

10. Vendors retained by or for the Parties to assist in preparing for pre-trial discovery, trial, and/or hearings, including but not limited to: discovery consultants, processors and vendors, outside document copying services, document coding or computerization services, translators, litigation support personnel, jury consultants, and demonstrative exhibit vendors, along with their employees whose responsibilities and duties require them accessing such materials, but only after such persons have completed the certification contained in Attachment A;

11. Insurance companies or other indemnitors of any Party that are providing coverage for claims in this Action, but only after such persons have completed the certification contained in Attachment A; and

12. Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

ii.      Information designated as HIGHLY CONFIDENTIAL may only be disclosed to those persons described in Paragraph 6(b)(i)(1), (3), (4), (5), (6), (7), (8), (9), (10), (11), and (12).  HIGHLY CONFIDENTIAL information may also be disclosed to those persons described in Paragraph 6(b)(i)(2), provided that they are actively assisting in this litigation, and agree not to disclose at any time the HIGHLY CONFIDENTIAL information contained to any officer, director, employee or person affiliated with a Party, unless that person

5

is otherwise permitted to possess such HIGHLY CONFIDENTIAL Information under the terms of this Order.

c.    Before disclosing Confidential Information to any of the categories of persons set forth in subparagraph (b), counsel shall inform that person of the confidential nature of the documents or information; and inform that person that the use of the documents or information by him/her is subject to the terms of this Confidentiality Stipulation and Protective Order.

d.    Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year after the termination of the case, including any appeals.

7.    **Depositions.**  Unless all Parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the thirtieth day after the transcript is delivered to any Party or the witness, and in no event later than 60 days after the testimony was given.  Within this time period, a Party may serve a Notice of Designation to all Parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

8.    **Mistaken Designation of Confidential Information**.  If it comes to the attention of a Party or Non-Party that designates a document or information as Confidential Information

6

that the designated document or information does not qualify for protection, the designating

Party shall promptly notify all Parties that it is withdrawing the mistaken designation.

9.    **Inadvertent or Mistaken Productions Shall Not Waive Privilege or Protection**.  The disclosure of information or a document without designating it as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" will not, standing alone, constitute a

waiver of the right to designate such information or document as Confidential Information.

Upon receiving notice of such failure to designate, all receiving Parties shall cooperate to restore

the confidentiality of the inadvertently or unintentionally disclosed produced material.  No

Party shall be held in breach of this Order if, prior to notification of such later designation,

such produced material had been disclosed or used in a manner inconsistent with such later

designation.  The producing Party shall provide substitute copies bearing the corrected

designation.  The receiving Parties shall return, certify the destruction of, or sequester the

undesignated produced material. If so designated, the document or information shall thereafter

be treated as Confidential Information subject to the terms of this Confidentiality Stipulation and

Protective Order.

10.    **Inadvertent Production of Privileged Material.**  If information subject to a

claim of attorney-client privilege, attorney work product immunity or any other legal privilege

protecting information from discovery is inadvertently produced, such production shall not,

standing alone, constitute a waiver of, or estoppel as to, any claim of privilege, work product

immunity or other ground for withholding production to which the producing Party or other

person otherwise would be entitled, provided that the producing Party identifies in writing that

the inadvertently produced material is subject to a claim of immunity or privilege within ten (10)

calendar days of discovery of the inadvertent production or within ten (10) calendar days of

7

receiving notice from another Party of potential inadvertent production. Upon a written claim of inadvertent production, the receiving Party having custody of the inadvertently produced material shall return to the producing Party, sequester, or destroy that material and all copies or reproductions thereof of which that receiving Party is aware in whatever form these materials exist, and that information may not be used for any purpose other than presenting the information to the Court under seal for a determination of the claim. Each receiving Party shall give written notice of such destruction or sequester to counsel for the producing Party. The receiving Party may subsequently move the Court for an Order compelling production of the material.

11.    **Right to Challenge Designation**. A Party challenging a Confidential Information designation must do so in good faith and must begin the process by conferring directly with counsel for the designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating Party must respond to the challenge within five (5) business days. If counselors are unable to resolve the dispute, the challenging Party may seek resolution by the Court. Until the Court adjudicates the issue, the information or document shall be treated as Confidential.

12.    **Non-Party Information**. Discovery in this proceeding may involve disclosure by a Non-Party of Confidential Information. At the option of a Non-Party, such information may be produced subject to the provisions of this Confidentiality Stipulation and Protective Order and, in that event, shall provide the Non-Party with all of the rights and obligations of a party with respect to Confidential Information produced by such Non-Party in connection with the discovery and pre-trial phase of this Action.

13.     **Filing of Confidential Information**.  This Order does not, by itself, authorize the filing of any document under seal.  Any Party wishing to file a document containing Confidential Information must comply with Section II.A.8 of this Court's Policies and Procedures, Local Rule 5.1.5, and any other applicable law, rule, policy, or procedure, before filing such document.  The producing Party or Non-Party shall be obligated to ensure that the preconditions for such leave are satisfied.  Where possible, only the confidential portions of such documents being filed with the Court shall be filed under seal.

14.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.  If a receiving Party is served with a subpoena or an order issued in any other litigation that would compel disclosure of any material or document designated as Confidential Information, and/or data generated or derived from such confidential material, the receiving Party must notify the designating Party, in writing, immediately and in no event longer than five (5) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  Lead Plaintiff shall notify all counsel of record for Defendants, and Defendants shall notify James M. Wilson, Jr., Esq., of FARUQI & FARUQI, LLP.  The receiving Party must also immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential

9

Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this Action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody or control Confidential Information by the other Party to this case.

15. **Use of Confidential Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. Within ten (10) days of the Parties' exchange of exhibit lists, the producing Party shall review the designation and determine whether it wishes to de-designate the material. A Party that intends to present or that anticipates that another Party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

16. **Term.** This Order shall remain in full force and effect after dismissal or entry of final judgment not subject to further appeal unless otherwise ordered or by written stipulation of the Parties filed by the Court.

17. **Obligations on Conclusion of Litigation**. No later than sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order, including any copies thereof, shall be returned to the producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction to the extent practicable in lieu of return and certify that fact; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the documents and certifies to the producing Party that it has done so.

10

Notwithstanding this requirement, the Parties' counsel may retain: (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information; and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

18.     **Order Subject to Modification**.  This Order shall be subject to modification or for relief from any of its terms by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

19.     **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery.   The designation of discovery materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL, in accordance with this Order, shall not constitute a judicial determination that those materials actually contain Confidential Information or that the material is otherwise entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.  The Court retains the right to permit disclosure of any subject covered by this Order.

20.     **Miscellaneous**.

a.     This Order does not affect, and does not apply to, a producing Party's use of its own Confidential Information for any purpose, so long as that Party does not have an independent obligation to maintain the material's confidentiality.

11

b. Nothing in this Order shall be construed as an admission as to the authenticity, foundation, relevance, or admissibility of any transcript, document, material, or other information. Each Party reserves the right to object to the admissibility or use of all disclosed Confidential Information, pursuant to applicable laws and Court rules, policies, and procedures.

c. This Order shall not deprive any Party of their right to object to discovery by any other Party or on any other permissible grounds.

d. The terms of this Order are without prejudice to the right of any Party to seek further or additional protection of Confidential Information, to object to the production of information or documents, or to apply to the Court for an Order compelling the production of information or documents.

21. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms. The Parties have the ability to enforce this Order.

22. **Counterparts**. This Order may be signed in counterpart, and each such counterpart shall be deemed an original.

23. **Entire Agreement.** This Order constitutes the entire agreement of the Parties and supersedes all prior communications, understandings and agreements relating to the subject matter hereof, whether oral or written.

Date: October 5, 2022

By: s/ *James M. Wilson, Jr.*_____    By: s/ *Linda T. Coberly*_____
James M. Wilson, Jr. (admitted *pro hac vice*)    Linda T. Coberly
FARUQI & FARUQI, LLP    Daniel M. Blouin

12

685 Third Avenue
New York, New York 10017
Phone: 212-983-9330
Fax: 212-983-9331
Email: jwilson@faruqilaw.com

Robert W. Killorin (admitted *pro hac vice*)
FARUQI & FARUQI, LLP
3565 Piedmont Rd., NE
Building Four, Ste. 380
Atlanta, GA 30305
404-847-0617
Email: rkillorin@faruqilaw.com

Timothy John Peter
FARUQI & FARUQI, LLP
1617 John F. Kennedy Boulevard
Suite 1550
Philadelphia, PA 19103
215-277-5770
Fax: 215-277-5771
Email: tpeter@faruqilaw.com


Lead Counsel for Lead Plaintiff

WINSTON & STRAWN LLP
35 West Wacker Drive, Suite 4700
Chicago, Illinois 60601
(312) 558-5600
(312) 558-5700 (fax)
lcoberly@winston.com
DBlouin@winston.com


James P. Smith III
Kerry C. Donovan
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (fax)
jpsmith@winston.com
kcdonovan@winston.com

Mathieu J. Shapiro
Melissa M. Blanco
OBERMAYER, REBMANN, MAXWELL &
HIPPEL, LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
215-665-3014
215-665-3165 (fax)
mathieu.shapiro@obermayer.com
melissa.blanco@obermayer.com

Counsel for Defendants


## ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this Confidentiality

Stipulation and Protective Order. **IT IS SO ORDERED**.

Dated: _____          _____

                                        **HON. KAREN S. MARSTON**
                                        **UNITED STATES DISTRICT JUDGE**

13

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I have been informed by counsel that certain information or documents to be disclosed to me have been designated as confidential pursuant to a protective order entered by the U.S. District Court for the Eastern District of Pennsylvania in the litigation titled *Halman Aldubi Provident and Pension Funds Ltd. v. Teva Pharmaceuticals Industries Limited, et al.*, Docket No. 2:20-cv-04660-KSM. I have read the protective order, I agree to abide by the obligations of the protective order as they apply to me, and I voluntarily submit to the jurisdiction of the U.S. District Court for the Eastern District of Pennsylvania for purposes of any proceeding related to the protective order, including my receipt or review of information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

I agree that I will not disclose any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information contained in such documents to any other person. I also agree not to use any such information for any purpose other than for this litigation.


Dated: _____


_____
(Consultant/Expert)


_____
(Attorney)


_____