IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD.**, <br> Plaintiff, <br><br> *v.* <br><br> **TEVA PHARMACEUTICALS INDUSTRIES LIMITED, et al.**, <br> Defendants. | **CIVIL ACTION** <br><br> **NO. 20-4660-KSM** |

## ORDER

**AND NOW**, this 12th day of October, 2022, upon consideration of the parties' Joint Motion for Entry of Confidentiality Stipulation and Protective Order (Doc. No. 91), the Court finds as follows:

1. A "party seeking a protective order over discovery material must demonstrate that good cause exists for the order." *In re Avandia Mktg. Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (quotation marks omitted); *see also Sprinturf, Inc. v. Sw. Recreational Indus., Inc.*, 216 F.R.D. 320, 323 (E.D. Pa. 2003) ("Protective orders stipulated between the parties are not guaranteed judicial approval" and "must still meet the requirements of Rule 26(c), which requires demonstrating the existence of confidential information and good cause as to why such information should not be disclosed.").

2. "Good cause means that disclosure will work a clearly defined and serious injury to the party seeking closure," and the injury "must be shown with specificity." *In re Avandia*, 924 F.3d at 671. In determining whether good cause exists, the court considers: (1) whether the disclosure will violate any private interests; (2) whether disclosure of the information will cause a party embarrassment; (3) whether the information is being sought for a legitimate purpose or

for an improper purpose; (4) whether the sharing of information among the litigants will promote fairness and efficiency; (5) whether confidentiality is being sought over information important to public health and safety; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.  *Id.* at 671–72.

3.      In their joint motion, the parties seek to protect documents that include: (1) financial and/or investment account statements of Plaintiff; (2) individualized personal information (e.g., social security numbers and non-public residential addresses); (3) personally identifying information of non-parties; (4) medical records and medical information; and (5) confidential and/or competitively sensitive business records of Defendants.  (Doc. No. 91 at 2.)  The Court agrees that public disclosure of this information would harm the privacy interests of the individuals and businesses discussed in the documents.  And disclosure of health information, in particular, could cause embarrassment to non-parties.  The documents are relevant to this lawsuit, and their production will promote fairness and efficiency during discovery.  In addition, there is no indication that the information sought, which consists of health information, financial information, and proprietary business information such as trade secrets, is of importance to public health and safety.  And neither party is a public entity or official.  Last, the Court finds that although this discrimination case involves issues that are important to the public, this factor weighs only marginally in favor of public disclosure of the health, financial, and proprietary information that will be exchanged during discovery.

4.      Having weighed the public and private interest factors, the Court finds that good cause exists for entering the parties' stipulated confidentiality order.  *See Bonin v. World Umpires Ass'n*, 204 F.R.D. 67, 70 (E.D. Pa. 2001) (entering "a protective order limiting the

disclosure and use of any financial information which is produced by the [union] and which is not otherwise in the public domain from an independent source"); *Three Brothers Supermarket Inc. v. United States*, Civil Action No. 2:19-cv-2003-KSM, 2020 WL 5749942, at *2 (E.D. Pa. Sept. 25, 2020) (finding *Pansy* factors weighed in favor of protecting personal and financial information for non-party individuals); *Landau v. Zong*, Civil Action No. 3:15-CV-1327, 2018 WL 1251844, at *1–2 (M.D. Pa. Mar. 12, 2018) (entering qualified protective order to prohibit the parties from disclosing personal health information for any purpose other than the litigation and to require the return or destruction of any such information at the end of the litigation); *Grant Heilman Photography, Inc. v. Pearson Educ., Inc.*, Civil Action No. 11-cv-4649, 2012 WL 1521954, at *6 (E.D. Pa. Apr. 30, 2012) ("[C]ourts routinely find good cause to protect the confidentiality of [proprietary commercial information]."); *Castle v. Crouse*, No. 03-5252, 2004 WL 1151710 at *3 (E.D. Pa. May 24, 2004) ("As to claimants' personal information, such as name, address, . . . and other personal identifying information, no one disputes the strong privacy interest at stake.  We agree with both parties that good cause exists at this time to enter a protective order as to this information.").

For these reasons, it is **ORDERED** that the motion is **GRANTED**, and the parties' Confidentiality Stipulation and Proposed Protective Order is **APPROVED**.

**IT IS SO ORDERED.**

/s/ *Karen Spencer Marston*

KAREN SPENCER MARSTON, J.

3