IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD.**, <br>     Plaintiff, <br><br> *v.* <br><br> **TEVA PHARMACEUTICALS INDUSTRIES LIMITED, et al.**, <br>     Defendants. | **CIVIL ACTION** <br><br> **NO. 20-4660-KSM** |

<u>**MEMORANDUM**</u>

**MARSTON, J.**                                                                                                  **January 30, 2023**

Presently before the Court is Lead Plaintiff Gerald Forsythe's "Motion for Leave to File Documents Under Seal." (Doc. No. 97.) Defendants Teva Pharmaceutical Industries Limited, Erez Vigodman, Eyal Desheh, Robert Koremans, Michael Derkacz, Kare Schultz, Michael McClellan, and Brendan O'Grady (collectively, "Defendants" or "Teva") report that they "do not take a position on Plaintiff's confidentiality designations, nor on the propriety of any redactions or sealing." (Doc. No. 96.) Because we write for the benefit of the parties, who are familiar with the documents and issues before us, the Court includes only a brief recitation of the facts.

**I.     BACKGROUND**

Lead Plaintiff Gerald Forsythe brings this action on behalf of individuals who purchased or otherwise acquired Teva securities between October 29, 2015, and August 18, 2020. (Doc. No. 1 at 2.) Plaintiff alleges that during this time, Defendants made materially false and misleading statements regarding the commercial success and profitability of one of Teva's drug products, Copaxone. (*Id.* at 3.) As a result of Defendants' wrongful acts and omissions, Plaintiff claims that he and other putative class members suffered a decline in the market value of their

1

Teva securities. (*Id.* at 4.) Accordingly, Plaintiff seeks relief for damages caused by Defendants' alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. (*Id.* at 2.)

On September 13, 2022, Plaintiff filed a "Motion to Certify the Class, Appoint Class Representative, and Appoint Class Counsel" (Doc. No. 90), seeking to certify a class consisting of those who purchased or otherwise acquired Teva securities during the class period and suffered damages from Teva's alleged securities fraud scheme.

One month later, on October 12, 2022, the Court approved the parties' joint Confidentiality Stipulation and Proposed Protective Order, which protects documents produced during class certification discovery that may include: "(1) financial and/or investment account statements of Plaintiff; (2) individualized personal information (e.g., social security numbers and non-public residential addresses); (3) personally identifying information of non-parties; (4) medical records and medical information; and (5) confidential and/or competitively sensitive business records of Defendants." (Doc. No. 92 at 2.)

On December 20, 2022, Defendants filed an opposition to Plaintiff's motion to certify the class. (Doc. No. 95.) On the same day, Defendants also filed a motion for leave to file portions of their opposition memorandum and certain exhibits under seal, in accordance with the parties' protective order. (Doc. No. 94.)

On December 22, 2022, the Court denied Defendants' motion for leave without prejudice because Defendants failed to demonstrate that a sealing order was warranted under the standard set out by the Third Circuit in *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019). (Doc. No. 98.) The Court instructed Defendants to file a renewed motion to seal that addressed this standard by January 4, 2023. (*Id.*)

Defendants informed the Court on January 3, 2023, that they did not intend to renew their motion to seal. (*See* Doc. No. 96 ("The information Defendants proposed to place under seal was designated confidential by Plaintiff. Accordingly, Defendants do not intend to file a renewed motion to seal.").) Instead, Plaintiff would "move to seal some or all of the information referenced in Defendants' initial motion [to seal]." (*Id.*)

On January 4, 2023, Plaintiff filed this motion, seeking to redact portions of Defendants' Exhibits 9, 10, and 12.[1] (Doc. No. 97.) Specifically, Plaintiff contends that Exhibits 9, 10, and 12 contain "highly personal financial information, including personal information wholly irrelevant to Defendants' Class Certification Opposition…." (Doc. No. 97-1 at 5.)

## II.  LEGAL STANDARD

Although the Court previously approved a protective order in this case, a more rigorous standard applies when a party seeks to seal judicial documents than applies to protective orders shielding discovery materials. *See In re Avandia*, 924 F.3d at 672 ("A 'judicial record' is a document that has been filed with the court or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.") (quotation marks omitted). Once a discovery document becomes a judicial record, the common law presumption of the right of public access attaches. *See Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993) ("We believe that our earlier decisions and those in other courts lead ineluctably to the conclusion that there is a presumptive right of public access to pretrial motions of a nondiscovery

---

[1] Plaintiff clarifies that he does not oppose the public filing of Exhibits 1 and 13, which were included in Defendants' initial motion to seal. (Doc. No. 97-1 at n.2.) Defendants have not renewed their arguments as to the confidentiality of these Exhibits. As of this date, Exhibit 1 and Exhibit 13 have not been made part of the judicial record; Defendants filed those exhibits with the following placeholder: "Exhibit being filed under seal pursuant to Confidentiality Stipulation and Protective Order." (Doc. Nos. 95-2, 95-14.) Defendants are directed to file an amended opposition brief attaching Exhibits 1 and 13 in their unredacted and unsealed format.

nature, whether preliminary or dispositive, and the material filed in connection therewith."). Because Exhibits 9, 10, and 12 are filed as part of Defendants' opposition materials, they are considered "judicial records" to which the common law right of access attaches.

The right of access is not absolute, however, and may be rebutted by a showing that an "interest in secrecy outweighs the presumption." *In re Avandia*, 924 F.3d at 672. To meet this burden, the party requesting the sealing order must demonstrate that the "material is the kind of information that courts will protect, and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quotation marks omitted).

In addition to the common law right of access, which attaches to all judicial records, the public also has a First Amendment right of access in civil trials, which attaches to certain judicial documents. *Id.* at 673. The First Amendment right of access presents an even higher burden than the common law right of access, and the party requesting that trial documents be sealed must overcome strict scrutiny. *Id.* Specifically, the party must demonstrate "an overriding interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

Under either the common law or First Amendment standard, when a court analyzes a request for a sealing order, it must do so on a document-by-document basis, and the proponent of the sealing order must articulate with specificity the injury that would result if the document or parts of it were made public. *Id.* Merely reciting the factors from *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir 1994) in seeking a sealing order is insufficient.[2] *See In re*

---

[2] In analyzing a motion for protective order under Rule 26(c), the Court considers the *Pansy* factors, which ask whether:

1. Disclosure of the information will violate any private interests;
2. Disclosure will cause a party embarrassment;

*Avandia*, 924 F.3d at 676–77 ("[T]he *Pansy* factors are not a substitute for the common law right of access standard — which begins with the presumption of access."). Nevertheless, a limited consideration of the *Pansy* factors may inform the Court's decision to seal or redact the documents at issue. *See In re Avandia*, 924 F.3d at 676–77.

Finally, notwithstanding the sealing standards set out by the Third Circuit, there are certain categories of information that must be redacted under this Court's Local Rules. Specifically, "such personal identifiers as Social Security numbers, dates of birth, financial account numbers and names of minor children should be modified or partially redacted in all documents filed either in paper form or electronically." E.D. Pa. L.R. 5.1.3.

## III.   DISCUSSION

Plaintiff has moved to redact three documents included in Defendants' opposition to class certification materials. First, Plaintiff moves to partially redact Exhibit 9, "a 2018 joint financial account statement containing information about Plaintiff's and his adult daughter's Teva and non-Teva holdings and investments…." (Doc. No. 97-1 at 6; Doc. No. 97-3.) Specifically, he

---

3. The information is being sought for a legitimate purpose or for an improper purpose;

4. The sharing of information among the litigants will promote fairness and efficiency;

5. Confidentiality is being sought over information important to public health and safety;

6. A party benefitting from the order of confidentiality is a public entity or official; and

7. The case involves issues important to the public.

*In re Avandia*, 924 F.3d at 671–72. Although they provide useful guidance when the court balances the public versus private interests under Rule 26(c), the *Pansy* factors "are not sufficiently robust for assessing the public's right to access judicial records." *Id.* at 676–77; *see also In re Application of Storag Etzel GmbH*, Misc. C.A. No. 19-mc-209-CFC, 2020 WL 2949742, at *9 (D. Del. Mar. 25, 2020) ("In both substance and procedure, the burdens that must be overcome to justify the sealing of judicial records under the common law are dramatically less pliant than the factors to be weighed under *Pansy* in deciding whether a protective order is warranted."). And neither the second *Pansy* factor nor the third factor are relevant in deciding whether to enter a sealing order. *In re Avandia*, 924 F.3d at 676.

seeks to redact the financial account number that appears at the top of each page, and the account-identifying numbers at the bottom of each page. (*See* Doc. No. 97-1 at 6.) Plaintiff also moves to redact his nonparty daughter's name from Exhibit 9, the description of the legal ownership structure of the account on each page of Exhibit 9, and "the dollar amounts that appear on pages 1-5 and 10, which summarize the account's balances, assets, income, distribution, and tax information, and discuss other information related to Plaintiff's [and his daughter's] non-Teva investments." (*Id.* at 7.)

Next, Plaintiff seeks "limited redactions" to Exhibit 10, which contains excerpts from Plaintiff's deposition. (*Id.* at 10; Doc. No. 97-4.) Specifically, he requests that a few portions of pages 33 and 144 be redacted to protect the identity of his nonparty family members for whom Plaintiff maintains financial folders. (*See* Doc. No. 97-1 at 10.)

Finally, Plaintiff moves to partially redact Exhibit 12, "which contains trade confirmations for Plaintiff's and his daughter's Teva and non-Teva investments" from 2018, 2019, and 2021.[3] (*Id.* at 10–11; Doc. No. 97-5.) Again, Plaintiff seeks to redact the account number and account-identifying numbers at the top and bottom of each page, as well as his daughter's name. (*See* Doc. No. 97-1 at 11.) And, he seeks to redact the description of the legal ownership structure of the account that appear on the top of pages 5 and 7 of Exhibit 12, and all information related to non-Teva trade confirmations listed on pages 4–6, and 8. (*See id.*)

The Court conducted an *in camera* review of Exhibits 9, 10, and 12 and finds that Plaintiff's daughter's name, financial account numbers, and account balances or trade confirmations unrelated to Plaintiff's Teva investments should be redacted from those

---

[3] Plaintiff clarifies that, "The trade confirmations for Plaintiff's individual account appear on pages 2–4 of Ex. 12, while the trade confirmations for Plaintiff's joint account with his daughter appear on pages 5–8." (Doc. No. 97-1 at n.4.)

documents.  The remaining information Plaintiff seeks to redact—his general reference to certain family members and the description of the legal ownership structure of his accounts—does not warrant protection by sealing.

### A. Common Law Analysis

To the extent Plaintiff seeks to redact financial account numbers from the top and bottom of Exhibits 9 and 12, the Court emphasizes that this redaction is required by Local Rule 5.1.3. *See* E.D. Pa. L.R. 5.1.3 (requiring that "personal identifiers" such as "financial account numbers" be "modified or partially redacted in all documents filed either in traditional paper form or electronically").

As for the additional financial information Plaintiff seeks to redact—transactions and trade confirmations unrelated to Teva investments in Exhibit 12, and overall account balances found in Exhibit 9—the Court acknowledges that the unrelated trade transactions and account balances are often considered "the kind of information that courts will protect" because "broad disclosure would harm the financial and privacy interests of the individuals identified." *Three Bros. Supermarket Inc. v. United States*, No. 2:19-CV-2003-KSM, 2020 WL 5749942, at *4 (E.D. Pa. Sept. 25, 2020).  Courts generally "weigh in favor of protecting the … financial information of private individuals and businesses." *Id.*  Here, Plaintiff contends that exposing details of his and his daughter's finances would subject them both to unwanted scrutiny and possible identity theft.  (Doc. No. 97-1 at 8.)  The Court agrees that disclosure of sensitive account information unrelated to the Teva transactions could likely cause injury.  Plaintiff has "a strong interest in the privacy of the particulars of his and his family's personal financial information," which "outweighs any common law presumption of access in these circumstances." *Ins. Distribs. Int'l (Bermuda) Ltd. v. Edgewater Consulting Grp. Ltd.*, No. A-

08-CV-767 AWA, 2010 WL 3064003, at * 2 (W.D. Tex. Aug. 2, 2010) ("Personal financial information, such as one's income or bank account balance, is universally presumed to be private, not public."). Further, the financial information pertaining to Plaintiff's nonparty daughter is subject to a heightened standard of protection. *Onex Credit Partners, LLC v. Atrium 5 LTD.*, No. CV 13-5629 (JMV), 2017 WL 4284490, at *3 (D.N.J. Sept. 27, 2017) (granting the plaintiff's motion to seal the personal financial information of a nonparty because the nonparty had legitimate privacy interests in the nondisclosure of that information); *Wickens v. Rite Aid HDQTRS Corp.*, No. 1:19-CV-02021, 2021 WL 5876695, at *2 (M.D. Pa. Feb. 23, 2021) (sealing nonparty financial information because they "have not consented to their personal information being made public").

With respect to redacting the name of Plaintiff's nonparty daughter from the financial statements contained in Exhibits 9 and 12 and the deposition transcript in Exhibit 10, the Court acknowledges that "personal identifying information of nonparties is precisely the kind of information that courts will protect." *McCowan v. City of Philadelphia*, No. 2:19-CV-03326-KSM, 2021 WL 3737204, at *3 (E.D. Pa. Aug. 24, 2021). As Plaintiff's daughter is referenced in connection with particularized, sensitive, financial information, her name warrants redaction. *See Wartluft v. Milton Hershey Sch. & Sch. Tr.*, No. 1:16-CV-2145, 2020 WL 1124771, at *7 (M.D. Pa. Mar. 6, 2020) (allowing the redaction of "names, addresses, and family information of nonparties" to protect privacy interests of those uninvolved in litigation); *see also United States ex rel. Brasher v. Pentec Health, Inc.*, 338 F. Supp. 3d 396, 402 (E.D. Pa. 2018) ("Courts considering requests to keep certain documents sealed have, in general, lifted the seal on the entire record except for specific documents that…harm non-parties.").

Next, the Court must contemplate the public interest in disclosing the information sought

to be sealed.  Namely, whether the information is important to the public's health and safety, whether the information involves a public entity, and whether the case involves an issue important to the public.  *See In re Avandia*, 924 F.3d at 671–72.  Plaintiff argues that his and his daughter's financial information is not "important to health or public safety, and no public entity or official is a party to this action or would benefit from redacting the requested information." (Doc. No. 97-1 at 9.)  Plaintiff acknowledges that this matter involves issues important to the public, "because it is a putative class action concerning a scheme involving Medicare," but contends that this factor, without more, does not favor disclosure of the financial information of private individuals.  (*See id.* at 9–10 (citing *Three Bros.*, No. 2:19-CV-2003-KSM, 2020 WL 5749942, at *2).)  The Court agrees.  Although this matter may involve issues important to the public, those issues do not necessitate public disclosure of private financial details or nonparty identifying information unrelated to the alleged fraud scheme or Plaintiff's Teva investments.

But, to the extent Plaintiff seeks to redact generic references to other family members in Exhibit 10, the Court denies this request.  Plaintiff only references the fact he also managed the accounts of his "four daughters, my seven grandchildren, my seven great-grandchildren, and myself" and does not provide any specific names.  (Doc. No. 97-4, Forsythe Dep. 33:5–7.)  General descriptions of third parties, "without any other identifying or financial information," do not meet the compelling privacy justifications for sealing.  *See Three Bros.*, 2020 WL 5749942, at *6.  This information can be filed unredacted without causing injury to Plaintiff or his extended family.

To that same end, Plaintiff's requested redaction of the "account description" on each page of Exhibit 9, and on pages 5 and 7 of Exhibit 12, is also denied.  Plaintiff appears to be referencing the term "JT TEN WROS," which appears under his and his daughter's name on the

account statement and trade confirmation. (Doc. No. 97-3, Doc. No. 97-5 at 5, 7.) "JT TEN WROS" is an abbreviation of the phrase "joint tenants with right of survivorship," which is a certain legal designation of title to property. *See Sage Title Grps., LLC v. Kersey*, No. CV 16-03, 2017 WL 660865, at *2 (E.D. Pa. Feb. 17, 2017) ("When two or more persons hold property as JTWROS, title to that property vests equally in those persons during their lifetimes, with sole ownership passing to the survivor at the death of the other joint tenant."). The Court finds no basis to redact this account description.

For the above-stated reasons, the Court finds that Plaintiff has overcome the common law presumption of public access as to his daughter's name, financial account numbers, and account balances or trade confirmations unrelated to Plaintiff's Teva investments contained in Exhibits 9, 10, and 12.

### B. First Amendment Analysis

The common law presumption having been rebutted as to Plaintiff's daughter's name, financial account numbers, and account balances or trade confirmations unrelated to Plaintiff's Teva investments contained in Exhibits 9, 10, and 12, the Court must also determine whether the First Amendment is implicated by the sealing order, and if it is, whether Plaintiff has overcome his constitutional burden. The Third Circuit has not addressed whether the First Amendment standard applies to class certification materials.[4] *See Cole's Wexford Hotel, Inc. v. Highmark,*

---

[4] There is conflicting guidance on this question outside of the Third Circuit. The Fourth Circuit has taken the definitive position that the First Amendment right of access only applies to documents filed in conjunction with dispositive motions, such as a motion for summary judgment. *See Rushford v. New Yorker Magazine*, Inc., 846 F.2d 249, 252 (4th Cir. 1988); *see also In re Marriott Int'l Customer Data Sec. Breach Litig.*, No. 19-MD-2879, 2022 WL 951692, at *4 (D. Md. Mar. 30, 2022) ("A motion for class certification is a non-dispositive motion and, therefore, the right of access at issue arises under the common law."). District courts in the Second Circuit, however, have held that class certification materials implicate the public's constitutional right of access under the First Amendment. *See, e.g., Tropical Sails Corp. v. Yext, Inc.*, No. 14 CIV. 7582, 2016 WL 1451548, at *3 (S.D.N.Y. Apr. 12, 2016).

*Inc.*, No. 2:10-CV-01609-JFC, 2019 WL 7606242, at *21–22 (W.D. Pa. Dec. 19, 2019), *report and recommendation adopted in part, rejected in part*, No. CV 10-1609, 2020 WL 337522 (W.D. Pa. Jan. 21, 2020) (acknowledging that the Third Circuit has only applied the common law right of access standard in deciding whether to seal class documents). In the absence of clear guidance, we use "a two-prong test to assess whether the right of access attaches: (1) the experience prong asks whether the place and process have historically been open to the press; and (2) the logic prong evaluates whether public access plays a significant positive role in the functioning of the particular process in question." *In re Avandia*, 924 F.3d at 680. As to the first prong, the Third Circuit has conducted a "historical review of representative actions," in which it found that "group litigation has a remarkably deep history dating back to medieval times," and that a proceeding such as class certification "falls easily within the long history of open access to civil trials." *Cole's Wexford Hotel, Inc.*, No. 2:10-CV-01609-JFC, 2019 WL 7606242, at *21 (citing *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 362–64 (3d Cir. 2015)). As to the second prong, the Third Circuit has explained that the right of public access is "particularly compelling" in class actions, "because many members of the 'public' are also plaintiffs in the class action." *In re Cendant Corp.*, 260 F.3d 183, 193 (3d Cir. 2001). Moreover, public access "promotes class members' confidence in the administration of the case," "diminishes the possibility that incompetence, perjury, or fraud will be perpetrated against the class," and "provides class members with a complete understanding the class action process." *Id.* (cleaned up). Accordingly, the Court will assume, *arguendo*, that the First Amendment standard applies in the present circumstances.

To overcome the First Amendment hurdle, Plaintiff must demonstrate "an overriding interest in excluding the public based on findings that closure is essential to preserve higher

values and is narrowly tailored to serve that interest." *In re Avandia*, 924 F.3d at 673. As discussed above, much of the redacted information constitutes financial information and personal identifying information that belongs to Plaintiff's daughter, a nonlitigant. Further, the financial information that does relate to Plaintiff is entirely irrelevant to Plaintiff's Teva investments or the substantive issues in Plaintiff's motion for class certification.[5] (*See* Doc. 97-1 at 9 ("[I]nformation such as [Plaintiff's] account balances and the identity of non-Teva assets held in his portfolios are irrelevant to this action, let alone class certification.").) Especially given the "collateral nature" of Plaintiff's account information, the Court finds that "its redaction only marginally affects the public's right to access materials in relation to judicial proceedings." *McCowan*, 2021 WL 3737204, at *4; *see also Davis v. Elwyn, Inc.*, No. 2:20-CV-05798-KSM, 2021 WL 4902333, at *5 (E.D. Pa. Oct. 20, 2021) (sealing personal identifying information irrelevant to the litigation would "immaterially affect" the public's First Amendment rights).

Further, the Court notes that Plaintiff's proposed redactions are limited in scope. (*See* Doc. No. 97-1 at 10 ("Plaintiff's proposal to redact this information, rather than sealing the documents entirely, is narrowly tailored to protect the privacy interests at stake while allowing the public to review information relevant to the class certification motion.").) Plaintiff has only sought discrete redactions of certain sensitive information from these documents, rather than requesting the documents be sealed in their entirety. "Redacting this information, as opposed to sealing the records wholesale, represents the least restricting means available to protect the privacy interests at stake." *McCowan*, 2021 WL 3737204, at *5; *Davis*, 2021 WL 4902333, at

---

[5] Plaintiff argues that "policy reasons also support the requested redactions," because "the inability to shield private and irrelevant financial information from public view would undoubtedly serve to deter investors like Plaintiff from seeking to serve as class representatives in securities actions." (*Id*. at 9–10.) Although policy considerations are not formally part of the First Amendment analysis, the Court agrees with Plaintiff.

*6 ("Redactions are the most narrowly tailored way to protect Patient X's privacy interest while allowing the public to access these judicial records."); *Del Nero v. NCO Fin. Sys., Inc.*, No. 2:06-CV-04823-JDW, 2021 WL 2375892, at *2 (E.D. Pa. June 10, 2021) ("[W]here possible, parties should propose redactions, rather than placing a whole document under seal.") Plaintiff's redactions ensure that irrelevant information about Plaintiff's finances and his nonparty daughter is protected, while still allowing the public to review and consider the nature of Plaintiff's collective action claims.

For these reasons, the motion to seal the redacted portions of Exhibits 9, 10, and 12—except for the deposition transcript in Exhibit 10 that makes nonspecific reference to Plaintiff's family members and the account description of the legal ownership found in Exhibits 9 and 12—is granted.

## IV.  CONCLUSION

Accordingly, Plaintiff's motion to seal is granted in part and denied in part. An appropriate Order follows.