# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICALS INDUSTRIES LIMITED, EREZ VIGODMAN, EYAL DESHEH, ROBERT KOREMANS, MICHAEL DERKACZ, KARE SCHULTZ, MICHAEL MCCLELLAN, BRENDAN O'GRADY, and ELI KALIF,<br><br>Defendants. | Case No. 2:20-cv-04660-KSM<br><br>CLASS ACTION |

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR RECONSIDERATION AND TO LIFT THE STAY IMPLEMENTED BY THE COURT'S AUGUST 2, 2022 ORDER**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

STANDARD............................................................................................................................... 1

ARGUMENT.............................................................................................................................. 2

CONCLUSION........................................................................................................................... 3

**TABLE OF AUTHORITIES**

**Cases**                                                                                                                   **Page(s)**

*Data v. Pennsylvania Power Company*,
    Civil No. 19-879, 2023 WL 3944030 (W.D. Pa. Jun. 12, 2023) ...............................................1

*McCall v. Avco Corp.*,
    No. 4:18-CV-01350, 2019 WL 2004358 (M.D. Pa. May 7, 2019)........................................1, 2

*Sager v. Allied Interstate, LLC*,
    Civil Action No. 3:18-cv-220, 2021 WL 9406785 (W.D. Pa. Dec. 21, 2021) .........................2

**Other Authorities**

U.S. Court of Appeals Publication Table Number B-4A.................................................................2

## PRELIMINARY STATEMENT

Lead Plaintiff Gerald Forsythe ("Lead Plaintiff") respectfully submits this memorandum of law in support of his Motion For Reconsideration And To Lift The Stay Implemented by the Court's August 2, 2022 Order ("Stay Order"). Doc. No. 87.[1]

As reported to the Court, the September 18, 2023 trial date in the DOJ Action has now been continued. Doc. No. 108. The Court in that case has allowed Teva to seek interlocutory appeal of the Massachusetts' District Court's Summary Judgment Order. *Id*. Now that the DOJ trial has been stayed, Lead Plaintiff asks the Court to reconsider and lift the stay imposed in this case, as the Court provided he could do. Stay Memo. 13 n.5.

Lead Plaintiff moves to reconsider and lift the stay on the grounds that the circumstances on which the Court relied in its Stay Memorandum to grant Defendants' Motion to Stay have changed significantly.[2]

## STANDARD

The court that imposes a stay may also, in its discretion, lift it. *McCall v. Avco Corp.*, No. 4:18-CV-01350, 2019 WL 2004358, at *1 (M.D. Pa. May 7, 2019) (citing *Air Vent, Inc. v. Owens Corning Corp.*, No. 02:10-cv-01699, 2013 WL 1102811, at *2 (W.D. Pa. Mar. 15, 2013)); *see also Data v. Pennsylvania Power Company*, Civil No. 19-879, 2023 WL 3944030, *3 (W.D. Pa. Jun. 12, 2023). "[W]hen circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay." *McCall*,

---

[1]     The Court's Memorandum (Doc. No. 86) discussing the basis for the Stay Order is referred to as the "Stay Memorandum" or "Stay Memo." Defendants' Motion to Stay Proceedings Other Than Class Certification In Favor of the DOJ's Case (Doc. No. 83) is referred to as "Defendants' Motion to Stay."

[2]     "Opposition to the Stay" refers to Lead Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Stay Proceedings Other than Class Certification in Favor of the DOJ's Case. Doc. No. 84. Lead Plaintiff incorporates the arguments he made in his Opposition to the Stay.

2019 WL 2004358, at *1 (M.D. Pa. May 7, 2019) (internal quotation marks omitted) (citing *Air Vent*, 2013 WL 1102811, at *2); *see also Sager v. Allied Interstate, LLC*, Civil Action No. 3:18-cv-220, 2021 WL 9406785, at *2 (W.D. Pa. Dec. 21, 2021).

## ARGUMENT

The continued stay of this Action pending a resolution of the DOJ Action will severely prejudice Lead Plaintiff.  Now, rather than facing a delay that the Court previously held was "limited, as the DOJ Action is set to be resolved by fall of next year [2023]" (Stay Memo. 13), Lead Plaintiff faces an indefinite delay in the DOJ case and the prospect of waiting on the resolution of the interlocutory appeal – which could take approximately 13.1 months to resolve,[3] and then the rescheduling and conducting of the trial in the DOJ Action – before he can prosecute class claims.  The prejudice to Lead Plaintiff and the putative class discussed in his Opposition to the Stay a year ago (*e.g.*, witnesses' fading memories, witness deaths, change in witness locations, and lost evidence) will only grow more severe if the parties are compelled to wait longer.  *See* Opposition to the Stay 7-9.

Meanwhile, Defendants will suffer no prejudice if this case proceeds with discovery now, and presumably have a much lower burden in discovery, having gathered, reviewed and produced many of the documents that are relevant in this case. The discovery phase in the DOJ Action concluded in March 2023. Thus, the prospect of two parallel discovery processes which the Court held weighed in favor of the Stay (Stay Memo. 8-9) is no longer a concern. Indeed, Lead Plaintiff's argument made last year against the Stay – *i.e.*, that Defendants can easily transmit to Lead Plaintiff all of the discovery that has been compiled in the DOJ Action – is even

---

[3]    *See* www.uscourts.gov/statistics-reports/judicial-business-2022-tables, U.S. Court of Appeals Publication Table Number B-4A (Median time from filing Notice of Appeal to Last Opinion or Final Order in the First Circuit is 13.1 months) (last visited Aug. 17, 2023).

more compelling now that discovery has concluded. *See* Opposition to the Stay 10.

As Lead Plaintiff argued in his Opposition to the Stay, his claims do not hinge on the legality of Teva's charitable donation scheme. This securities case is based on whether Teva violated the securities laws by withholding the particulars of the scheme itself. Whether Teva is found guilty of making false statements in claims submitted to Medicare that are attributable to violations of the AKS, or whether it reaches a settlement with the DOJ before trial, does not control Lead Plaintiff's claims in this case. Those claims include the fact that the Defendants in this Action issued false and/or misleading statements in SEC filings and other media to investors by failing to disclose that the real source of Copaxone's success was the manner and structure of the Copaxone sales involving CDF and TAF. *See* Opposition to the Stay 11-12.

## CONCLUSION

The passage of a year with no resolution of the DOJ case, the completion of discovery in the DOJ case, and now the indefinite continuance of the trial date in the DOJ case all constitute significant changes that warrant reconsideration of the Court's order granting a Stay on August 2, 2022.

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court grant its Motion and lift the Stay.

Dated: August 18, 2023

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:     *s/ Timothy J. Peter*
        Timothy J. Peter

Timothy J. Peter (# 306965)
1617 John F Kennedy Blvd #1550
Philadelphia, PA 19103
Telephone: 215-277-5770
Facsimile: 215-277-5771

3

4

Email: tpeter@faruqilaw.com

James M. Wilson, Jr. (admitted *pro hac vice*)
Robert W. Killorin (admitted *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com
          rkillorin@faruqilaw.com

*Attorneys for Lead Plaintiff and Lead Counsel for the putative Class*

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 18, 2023, the foregoing document was filed

electronically and is available for viewing and downloading from the ECF system and that I

caused true and correct copies of the foregoing to be served on all counsel of record via

CM/ECF.

Dated: August 18, 2023                          By: s/ *Timothy J. Peter*
                                                     Timothy J. Peter