**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD., Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br> v.<br><br>TEVA PHARMACEUTICALS INDUSTRIES LIMITED, et al.,<br><br>   Defendants. | Civil Action No.:  2:20-cv-04660-KSM<br><br>Hon. Karen S. Marston |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
RECONSIDERATION AND TO LIFT THE STAY IMPLEMENTED
BY THE COURT'S AUGUST 2, 2022 ORDER**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

RELEVANT BACKGROUND ............................................................................................ 1

A.      This Court's stay order................................................................................................. 1

B.      Status of the DOJ case ............................................................................................... 3

ARGUMENT....................................................................................................................... 4

CONCLUSION.................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*,
    87 F.R.D. 53 (E.D. Pa. 1980)........................................................................................2

*McCall v. Avco Corp.*,
    2019 WL 2004358 (M.D. Pa. May 7, 2019)...............................................................4

*Morgenstern v. Fox Television Stations of Phila.*,
    2010 WL 678113 (E.D. Pa. Feb. 23, 2010) ...............................................................2

STATUTES, RULES, AND OTHER AUTHORITIES

28 U.S.C. § 1292(b) ...........................................................................................................1, 3, 4

**INTRODUCTION**

Plaintiff's motion presents no new circumstances that would justify lifting the stay. Indeed, it entirely fails to address what this Court found "perhaps the most important factor counseling in favor of staying this matter": "the interest in preserving judicial economy and avoiding the risk of inconsistent adjudications." ECF No. 86, Stay Op. at 13. Plaintiff purports to state claims based on the notion that Defendants misled the market about the true reasons for the success of Copaxone, when in reality (he says), the success was due to a "kickback scheme" that, when exposed, would not be allowed to continue. Given that theory, there can be no doubt that litigating this case will require resolving issues that overlap with the DOJ case. That is why this Court entered the stay in the first place. On that point (and others), nothing has changed.

The only new "fact" Plaintiff points to is a stay recently entered in the DOJ case pending a possible interlocutory appeal. But this does not mean "an indefinite delay in the DOJ case" (Mot. at 2), as Plaintiff contends. The First Circuit might not accept the appeal. And if it does, the stay will not be "indefinite"; it will be only as long as necessary to resolve the critical issue, which could hasten the end of the DOJ case. Plaintiff ignores the Massachusetts district court's finding that an interlocutory appeal in the DOJ case could "materially advance the ultimate termination" of that litigation. 28 U.S.C. § 1292(b). His motion gives this Court no basis to second-guess that finding.

In short, Plaintiff has not given this Court any reason to disturb the status quo or revisit its prior decision. The motion for reconsideration should be denied.

**RELEVANT BACKGROUND**

**A.      This Court's stay order**

Just over a year ago, this Court granted Defendants' motion to stay proceedings in this matter—other than class certification—in favor of the DOJ case. In so doing, the Court rejected

most of the arguments that Plaintiff resurrects on this motion:  specifically, that "this matter does not 'inextricably overlap' with the DOJ case and it may take years to resolve the DOJ case, so an indefinite stay pending resolution of the DOJ case 'would unfairly prejudice Plaintiff and other class members.'"  Stay Op. at 7 (quoting ECF No. 84, Pl.'s Opp'n to Mot. to Stay ("Pl.'s Opp'n") at 6).  As the Court found, "Plaintiff ha[d] not shown how a stay would *prejudice* him," as he failed to "demonstrate a unique injury, such as the dissipation of assets or an attempt to gain an unfair advantage from the stay."  *Id.* at 8 (citation omitted) (emphasis in original).  The only prejudice Plaintiff identified was to his "right to pursue his case expeditiously"; he claimed that the stay could result in "deponents' memories fad[ing], key witnesses leav[ing] the Company or potentially pass[ing] away, and evidence [that] is potentially lost or grows stale."  Pl.'s Opp'n at 8.  But as this Court explained, Plaintiff was required to "establish more 'prejudice' than simply the right to pursue his case and vindicate his claim expeditiously."  Stay Op. at 8 (quoting *Morgenstern v. Fox Television Stations of Phila.*, 2010 WL 678113, at *3 (E.D. Pa. Feb. 23, 2010)).

At the same time, the Court noted the "great burden" Defendants would face "juggl[ing] separate discoveries in two large, somewhat related (but somewhat different) proceedings at the same time," explaining that "the process 'is likely to spread thin the time of certain key individuals' at the defendant-corporation already tasked with 'providing essential information to those attempting to [defend a case].'"  *Id.* at 8–9 (quoting *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980)).  Additionally, the Court noted that the interests of nonparties and the public weighed in favor of staying the case.  *Id.* at 12.

Finally—and critically—the Court noted that a stay would allow it to "realize several efficiencies." *Id.* at 9.  The Court emphasized that "staying this case pending the resolution of the DOJ [case] will narrow the issues to be resolved in this action and avoids the risk of inconsistent adjudications." *Id.*  As to the latter, the Court highlighted the many ways in which "the resolution of certain issues in the DOJ [case] could affect the adjudication of this matter" and that "the outcome of the DOJ [case] (regardless of whether Teva is found liable) may incentivize Defendants to settle this action." *Id.* at 11.  The Court concluded that its "interest in preserving judicial economy and avoiding the risk of inconsistent adjudications" was "perhaps the most important factor counseling in favor of staying this matter." *Id.* at 13.  None of this has changed.

**B.    Status of the DOJ case**

Since the stay was entered, the DOJ case has proceeded apace and was on schedule for a September 18, 2023 trial date.  Indeed, the parties have already filed motions in limine and submitted their exhibit and witnesses lists.  But on August 14, 2023, the district court granted Teva's motion to certify the denial of its motion for summary judgment and granting of the government's motion for summary judgment for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Teva has since filed its petition for permission to appeal with the First Circuit.  *See* Ex. A (Pet. for Permission to Appeal).  The government's response is due on September 5, 2023.  Once the petition for permission to appeal is fully briefed, it will be up to the First Circuit to determine whether it will permit the appeal or deny it.

The issue presented in the appeal relates to a discrete issue that could be case determinative:  whether the government must demonstrate a but-for causal connection between Teva's donations to CDF and TAF and the resulting co-pay-assisted Copaxone claims that Medicare reimbursed.  Teva's position is that should the First Circuit hold that the government

3

must demonstrate but-for causation, Teva would be entitled to summary judgment on that essential element, and even if summary judgment is not granted, the presentation of evidence, length and complexity of the trial, and instructions to the jury will be significantly affected. *See id.* at 15–17.

## ARGUMENT

As Plaintiff's authorities show, a court may lift a stay "when circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate." *McCall v. Avco Corp.*, 2019 WL 2004358, at *1 (M.D. Pa. May 7, 2019) (cited in Mot. at 1–2). Plaintiff has failed to meet his own test. He has not shown that the Court's reasons for imposing the stay no longer exist, nor has he pointed to any new fact that now makes the stay inappropriate. For all the same reasons the Court enumerated in its prior order, the stay is equally if not even more appropriate now.

It is simply not true that Plaintiff "faces an indefinite delay in the DOJ case." Mot. at 2. While Plaintiff cites statistics suggesting that an ordinary appeal takes on average 13.1 months to resolve (*id.*), this has no relevance to the current procedural posture. Indeed, the First Circuit might decide not to take the appeal at all. If that happens, the proceedings would immediately resume in the district court, where the government would presumably ask to set a prompt trial date. The DOJ case is otherwise ready for trial: discovery is complete, dispositive motions are done, witness and exhibit lists have been submitted, and motions in limine have been filed. And if the First Circuit ***does*** take the appeal, the delay will not be "indefinite," as Plaintiff contends; it will be only as long as necessary for the critical issue to be resolved. If it is resolved in Teva's favor, the case may well end.

Moreover, Plaintiff's argument ignores the text of § 1292(b), which allows interlocutory appeal only when the district court finds that it would "materially advance the ultimate

4

termination of the litigation." A federal court in the District of Massachusetts found this requirement satisfied for the DOJ case, and Plaintiff has given this Court no reason to second-guess that judgment. On this record, then, there is no reason to think the ultimate resolution of the DOJ case will be delayed materially at all.[1]

In any event, the only "prejudice" Plaintiff points to as a result of continuing the stay is, once again, that it supposedly impairs his interest in the expedient resolution of this matter. This is the same argument Plaintiff made originally, and this Court rejected it. Plaintiff has, once again, failed to show "how a stay would *prejudice* him." Stay Op. at 8 (emphasis in original). Indeed, while the DOJ case is being litigated, Plaintiff has been allowed to move forward with discovery and briefing on his motion for class certification, which this Court is set to hear shortly. And when the Court renders its decision, it is entirely possible that one side or the other will seek an interlocutory appeal in ***this*** case under Rule 23(f).

On the other hand, and contrary to Plaintiff's assertion otherwise, Defendants would face an undue burden should the stay be lifted. Whether at trial or in an interlocutory appeal, Teva is continuing to litigate claims in Massachusetts for which it faces the potential for a judgment that could be "an enterprise-threatening amount." *See* Ex. A (Pet. for Permission to Appeal) at 18. Just as this Court found previously, to ask Defendants to start merits discovery at this point when the DOJ trial could commence this year or early next is unduly burdensome, as "the process is likely to spread thin the time of certain key individuals at [Teva] already tasked with providing essential information to those attempting to" defend the DOJ case. Stay Op. at 9 (internal quotation marks omitted). Indeed, more than 20 people—including one of the named defendants in this matter—are listed on both the DOJ parties' witness lists and Plaintiff's initial disclosures.

---

[1] Obviously, an appeal of the issue after trial would prolong the DOJ case.

*Compare* Ex. B (DOJ Case Rule 26(a)(3)(A) Disclosures for Trial) *to* Ex. C (Pl.'s Initial Disclosures) at 4-12.

Finally, Plaintiff ignores this Court's conclusion that "the most important factor counseling in favor of staying this matter is the interest in preserving judicial economy and avoiding the risk of inconsistent adjudications." Stay Op. at 13.  In his motion for reconsideration—despite having to show that the Court's reasons for imposing the stay are no longer appropriate—Plaintiff fails to address how this factor no longer weighs in favor of a stay. Because it does.

After all, it remains at least as true now as it was then that staying this action pending the resolution of the DOJ case will likely narrow the issues to be resolved here, due to the substantial overlap of factual and legal issues between the two cases. *See id.* at 9–10.  And it remains at least as true now as it was then that there is a risk of inconsistent adjudication—and that "the resolution of certain issues in the DOJ Action could affect the adjudication of this matter." *Id.* at 11.  In fact, should the First Circuit decide to take up the interlocutory appeal and adopt Teva's position, then DOJ's claims may be substantially narrowed or even eliminated.  That, in turn, could affect the adjudication of this matter. *See, e.g.*, *id.* at 11.  And, as this Court pointed out, "the outcome of the DOJ Action (regardless of whether Teva is found liable) may incentivize Defendants to settle this action." *Id.*

Nor does the current stay of the trial in the DOJ case affect the finding that the interests of both third parties and the public weigh in favor of the staying of this action.  As to the interest of third parties, there are over a dozen nonparties who are identified as potential trial witnesses in the DOJ case. *See* Ex. B (DOJ Case Rule 26(a)(3)(A) Disclosures for Trial).  It remains "preferable to keep them from having to coordinate" their involvement in both the discovery in

6

this action and the preparations for trial in the DOJ case.  Stay Op. at 12.  And, the public interest

remains "served by permitting the DOJ Action to proceed smoothly and without distraction from

this matter."  *Id.*

**CONCLUSION**

Plaintiff has failed to show any change of circumstances that warrants lifting the stay in

this case.  Rather, given the Court's interest in judicial economy and avoiding the risk of

inconsistent adjudications—as well as the interests of third parties and the public, and the

prejudice that Defendants will likely suffer (particularly compared to the lack of unfair prejudice

to Plaintiff)—a stay remains warranted.  Plaintiff's motion should be denied.

<div style="margin-left: 50%;">

Respectfully submitted,

</div>

Dated:  September 1, 2023

<div style="margin-left: 50%;">

By:  */s/ Linda T. Coberly*
Linda T. Coberly
Daniel M. Blouin
35 West Wacker Drive, Suite 4700
Chicago, Illinois 60601
(312) 558-5600
(312) 558-5700 (fax)
dblouin@winston.com
lcoberly@winston.com

James P. Smith III
Kerry C. Donovan
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (fax)
jpsmith@winston.com
kcdonovan@winston.com

Mathieu J. Shapiro
Melissa Blanco
OBERMAYER REBMANN MAXWELL &
HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400

</div>

<div style="text-align:center;">7</div>

Philadelphia, PA 19102
215-665-3014
215-665-3165 (fax)
mathieu.shapiro@obermayer.com
melissa.blanco@obermayer.com

*Attorneys for Defendants*