# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD., Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TEVA PHARMACEUTICALS INDUSTRIES LIMITED, EREZ VIGODMAN, EYAL DESHEH, ROBERT KOREMANS, and MICHAEL DERKACZ, <br><br> Defendants. | Case No. 2:20-cv-04660-KSM <br><br> <u>CLASS ACTION</u> |

**LEAD PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HIS MOTION FOR RECONSIDERATION AND TO LIFT THE STAY IMPLEMENTED BY THE COURT'S AUGUST 2, 2022 ORDER**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ......................................................................................................................... 3

I.    Efficient Use of Judicial Resources ................................................................... 3

II.   Interests of Persons Not Party to the Litigation ................................................ 4

III.  Interest of the Public in the Pending Litigation ................................................ 6

IV.   The Remaining Interests Weigh Heavily in Favor of Lifting the Stay ............. 6

CONCLUSION ...................................................................................................................... 8

**TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*Cooper Notification, Inc. v. Twitter, Inc.*,
    No. 09-865-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010) ..................................................7

*Doe v. Schneider*,
    Civil Action No. 08-3805, 2010 WL 11561113 (E.D. Pa. June 8, 2010)..................................4

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
    No. MDL-1446, 2002 WL 31845114 (S.D. Tex. Aug. 16, 2002) ............................................5

*Singer v. Nicor, Inc.*,
    No. 02 C 5168, 2003 WL 22013905 (N.D. Ill. Apr. 23, 2003).............................................5, 6

*UnitedHealthcare Ins. Co. v. Regeneron Pharms., Inc.*,
    No. 20 CV 10664 (VB), 2021 WL 6137097 (S.D.N.Y. Dec. 29, 2021)...................................4

*In re Universal Health Servs., Inc., Derivative Litig.*,
    No. 17-2187, 2018 WL 8758704 (E.D. Pa. Dec. 10, 2018).......................................................7

## PRELIMINARY STATEMENT

Defendants oppose lifting the Stay by incorrectly arguing, as they did in originally seeking the Stay, that the crux of Plaintiff's claims is that Defendants were covering up an illegal kickback scheme that, when exposed, "would not be allowed to continue." *See* Stay Mtn. 3, Def's Opp. 1-2, 6.[1] This mischaracterization of Plaintiff's claim forms a pillar of their argument that the Stay should remain in place to continue to preserve judicial economy and avoid the risk of inconsistent adjudications with the DOJ case. However, this Court has recognized, and Plaintiff agrees,

> it *is largely immaterial whether Teva's actions were illegal* because Plaintiff does not argue that Teva was required to disclose this scheme merely because it may have been illegal; *rather, Plaintiff argues that Teva was required to disclose this scheme because it is what made Copaxone so successful.*

MTD Memo. 20 (Doc. No. 74). The legality of Teva's scheme under the False Claims Act ("FCA") and Anti-Kickback Statute ("AKS") is central to the DOJ's case but is not central to Plaintiff's case. The resolution of the DOJ Case, whether through a jury verdict for Teva, against Teva, or through a settlement, does not represent a risk of inconsistent adjudications with this securities case, which requires that Plaintiff prove an entirely different set of elements. Indeed, in

---

[1] Defendants' Opposition To Plaintiff's Motion For Reconsider And To Lift The Stay Implemented By The Court's August 2, 2022 Order is referred to as "Defendants' Opposition" or "Defs' Opp." Doc. No. 112-1. "Plaintiff's Motion to Lift the Stay" refers to Lead Plaintiff's Memorandum of Law in Support of his Motion for Reconsideration and to Lift the Stay Implemented by the Court's August 2, 2022 Order (Doc. No. 109-1). "Plaintiff's Motion for Class Certification" refers to Plaintiff's Memorandum of Law in Support of Lead Plaintiff's Motion to Certify the Class, Appoint Class Representative, and Appoint Class Counsel. Doc. No. 90-1. "Defendants' Opposition to Class Certification" or "Defs' Class Cert. Opp." refers to Defendants" Memorandum of Law in Opposition to Plaintiff's Motion to Certify the Class, Appoint Class Representative, and Appoint Class Counsel (Doc. No. 101-1). "Defendants' Motion for a Stay" or "Stay Mtn." refers to Defendants' Memorandum in Support of Defendants' Motion to Stay Proceedings Other Than Class Certification in Favor of the DOJ's Case. Doc. No. No. 83-1.

drafting the operative complaint in this action Plaintiff deliberately did not allege violations of the FCA or the AKS as part of his securities fraud claims.

Further, the other factors to be considered also clearly weigh in favor of lifting the Stay at this juncture. The DOJ Action has completed discovery, so there is no longer any burden on Defendants or third parties to coordinate their responses to two complicated third-party discovery processes simultaneously, as this Court found was the case when originally granting the Stay. Stay Memo. 12 (Doc. No. 86).

Moreover, any interest the public may have had in allowing the government's civil action to proceed smoothly has been largely satisfied by the Stay – the DOJ Action concluded all discovery and motion practice in preparation for trial.

Defendants have failed to identify any remaining undue burden that they will face in this case by lifting the Stay. The burden they describe in opposing lifting the Stay pertains to conducting simultaneous complex discovery processes. Defs' Opp. 5. **That logistical issue is no longer present**.

Finally, Defendants argue that the continuation of the Stay will not be indefinite because they speculate that the First Circuit may not accept Teva's interlocutory appeal and the trial may be rescheduled. *Id.* at 4. Alternatively, Defendants argue that if the appeal is granted the delay still would not be indefinite – it would be "as long as necessary" for the critical issue in the DOJ Action to be resolved. *Id.* at 4-5. Of course, "as long as necessary" is indefinite. Defendants stress that the appeal could "'materially advance the ultimate termination of that litigation.'" *Id.* at 1. The ultimate determination of the legality of Teva's charitable payments under the FCA and AKS in the DOJ Action, as this Court and the Parties agree, does not underpin Plaintiff's claims. Further, a jury verdict would not settle the matter unless neither side appealed, which in

Plaintiff's view is unlikely. A full year is long enough to stay this case based on the considerations enumerated in Defendants' Motion for a Stay.

At bottom, the circumstances on which this Court relied in granting the Stay have changed, certain purposes of the Stay have been accomplished, and the Stay should now be lifted.

## ARGUMENT

### I.   Efficient Use of Judicial Resources

When this Court stayed Plaintiff's case, it held in part that because the DOJ Action will likely narrow the issues to be resolved and that there was a risk of inconsistent adjudications. Stay Memo. 9. Defendants continue to maintain that the Stay should be continued on the ground that the DOJ case will likely narrow the issues to be resolved here and that the resolution of certain issues in the DOJ Action could affect the adjudication of this matter. Defs' Opp. 6. This is incorrect – a resolution of the DOJ Action will not be dispositive of any of the issues in Plaintiff's case.

Even if the legality of Teva's scheme might ultimately be determined in the DOJ Action, that possibility cannot be a basis to continue to stay Plaintiff's securities case. Indeed, even if Teva were fully absolved of all wrongdoing under the FCA and the AKS, this case would continue because, as the Court stated, "the allegations in the government's complaint are just that, allegations, they provided the market with information regarding the scheme by which Teva made donations to PAPs that indirectly funded Copaxone co-pays and made Copaxone seem so successful." MTD Memo. 39-40.

This Court recognized, and Plaintiff agrees, that the legality of Defendants' scheme is not central to Plaintiff's case for securities fraud. *See id*. at 23 n.4 ("At oral argument, Plaintiff stated that it would be willing to strike the word '"illegal"' and '"unlawful"' from the Corrected

3

Amended Complaint to the extent those words are used to describe Teva's scheme."). This Court also held in denying in part Defendants' Motion to Dismiss that the legality of the scheme is "largely immaterial" to Plaintiff's case. *Id.* at 20. Plaintiff's motion for class certification also is proceeding on the basis that the legality of Teva's scheme is "largely immaterial." Defs' Class Cert. Opp. 15-16.

Plaintiff's case is unlike a select few cases where the <u>cornerstone</u> for claims against defendants was the defendants' wrongful actions, which warranted a stay in those cases. *See e.g., UnitedHealthcare Ins. Co. v. Regeneron Pharms., Inc.*, No. 20 CV 10664 (VB), 2021 WL 6137097, at *5 (S.D.N.Y. Dec. 29, 2021); *Doe v. Schneider,* Civil Action No. 08-3805, 2010 WL 11561113, at *2 (E.D. Pa. June 8, 2010) (one of the key issues in determining the propriety of a stay is "whether the issues in the …cases overlap" and entering a stay where the defendant's alleged wrongful act was the "**central issue in both cases and . . . the cornerstone for the claims** against the [other] defendants") (emphasis added). The legality of Teva's Copaxone scheme is not the cornerstone of Plaintiff's case.  Accordingly, the resolution of legality in the DOJ Case, if that ever happens, should not be a basis to further delay this case.

Further, continuing the stay of this case will not preserve judicial resources and there is no risk of inconsistent adjudication from the DOJ Action. Accordingly, the Stay should be lifted on this basis alone.

## II.      Interests of Persons Not Party to the Litigation

This Court stayed Plaintiff's case also on the basis that:

> Several nonparties are potential witnesses and may have to be deposed and produce documents in both actions, and it may be **preferable to keep them from having to coordinate their responses to two complicated third-party discovery processes simultaneously**.

Stay Memo. 12 (emphasis added).

4

Defendants oppose lifting the Stay by arguing that there are over a dozen nonparties who are identified as potential **trial witnesses** in the DOJ case. Discovery in the DOJ Action has been completed so there is no burden to coordinate discovery in the two cases. Defendants argue that it continues to be preferable to keep the third parties from having to coordinate "their involvement in both the discovery in this action and the preparations for trial in the DOJ case." Defs' Opp. 6-7 (citing to Stay Memo. 12). But these circumstances – the coordination of nonparty witnesses' involvement in discovery in this case (which may be nominal because Plaintiff can review their document production and deposition testimony without burdening them at all, and might elect to forego any additional testimony from certain witnesses after this review) and their potential preparations to testify in the DOJ trial (which may not be required at all if they are not called as a witness) – were never considered by the Court. Defendants cite no authority that supports continuing to stay discovery in an important securities fraud case due to the **possibility** that certain nonparty witnesses who have already produced documents and sat for depositions may be called to testify in the DOJ's civil lawsuit.

Indeed, the production of the discovery from the DOJ Action to Plaintiff, including deposition transcripts, from the parties and non-parties in that case, which will impose little burden, may be a reasonable and useful means to narrow the scope of fact discovery in this case. Further, courts often reject arguments that producing discovery that was previously produced in other actions is burdensome. *See*, *e.g.*, *In re Enron Corp. Sec., Derivative & ERISA Litig.*, No. MDL-1446, 2002 WL 31845114, at *2 (S.D. Tex. Aug. 16, 2002) (lifting the PSLRA's discovery stay and ordering defendants to produce documents that were previously produced to government entities and others because the burden on Enron "would be slight" where it "already found, reviewed, and organized the documents"); *Singer v. Nicor, Inc.*, No. 02 C 5168, 2003 WL

5

22013905, at *1-2 (N.D. Ill. Apr. 23, 2003) (partially lifting the PSLRA's discovery stay after finding that plaintiffs would be disadvantaged if they lacked access to documents that were previously produced to the government and other agencies).

Thus, the interest of non-parties does not favor the continuation of the Stay.

### III.    Interest of the Public in the Pending Litigation

This Court also stayed Plaintiff's case on the basis that:

> The public interest is served by permitting the DOJ Action to proceed smoothly and without distraction from this matter.

Stay Memo. 12.  Defendants continue to argue that the public interest supports staying Plaintiff's case so that the DOJ Action can be resolved.

However, the government's civil action already has proceeded smoothly, concluding fact and expert discovery, and all dispositive motions have been filed and ruled on. The lifting of the Stay in this case will not impede in any way the progress of the DOJ case, which currently is limited to the resolution of a narrow issue that Teva seeks to resolve on appeal.

Thus, public interest has been served and no longer weighs in favor of staying Plaintiff's case.

### IV.    The Remaining Interests Weigh Heavily in Favor of Lifting the Stay

This Court stayed Plaintiff's case on the additional basis that:

> Although Plaintiff has an interest in proceeding expeditiously, a stay is unlikely to prejudice Plaintiff. As an initial matter, the stay is **not likely to be in place for an extended period of time**, as the DOJ Action is much further along in the discovery process, dispositive motion practice will begin in March 2023, and the trial is set to begin in September 2023.

Stay Memo. 8 (emphasis added).

As the Parties reported to the Court, the DOJ Action has now been delayed to allow Teva to seek interlocutory appeal on a narrow issue that pertains to that case only.  Doc. No. 108. That

appeal may take a great deal of time to resolve, and at this time there is no way to know how long that may be. There is now no date for the DOJ trial to start.

As argued in his Motion to Lift the Stay, the prejudice to Plaintiff and the class from continuing the Stay, including increasing difficulty in obtaining testimony regarding the elements of securities fraud in this case while memories are still fresh, and witness deaths, witness locations, and lost evidence will only grow more severe if Plaintiff is compelled to continue to wait longer on the resolution of the DOJ Action. Plaintiff's Motion to Lift Stay 2. *See also In re Universal Health Servs., Inc., Derivative Litig.*, No. 17-2187, 2018 WL 8758704, at *1 n.1 (E.D. Pa. Dec. 10, 2018) (declining to stay a shareholder derivative action until a federal securities action and government investigation were resolved, explaining that discovery in the federal securities action would not satisfy the concerns of lost memories, etc., because, "[a]lthough there will be significant overlap in witnesses in the two cases, not all witnesses will be the same and those witnesses that are in fact the same may not be asked questions in the securities class action that Plaintiffs would ask in the derivative litigation"); *Cooper Notification, Inc. v. Twitter, Inc.*, No. 09-865-LPS, 2010 WL 5149351, at *4 (D. Del. Dec. 13, 2010) ("Resuming this litigation after a protracted stay would likely raise issues with stale evidence, faded memories, and lost documents."). Defendants argue that Plaintiff has raised this argument before, but they do not dispute the enumerated prejudices Plaintiff will suffer if the Stay is continued. Defs' Opp. 5. A further delay is not warranted and would unreasonably prejudice Plaintiff's ability to prosecute the case.

Defendants, meanwhile, have failed to identify any undue burden they face in beginning discovery and producing the discovery from the DOJ Action while pursuing their appeal.

## CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court grant its Motion and lift the Stay.

Dated: September 8, 2023

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:    *s/ Timothy J. Peter*
        Timothy J. Peter

Timothy J. Peter (# 306965)
1617 John F Kennedy Blvd #1550
Philadelphia, PA 19103
Telephone: 215-277-5770
Facsimile: 215-277-5771
Email: tpeter@faruqilaw.com

James M. Wilson, Jr. (admitted *pro hac vice*)
Robert W. Killorin (admitted *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com
        rkillorin@faruqilaw.com

*Attorneys for Lead Plaintiff and Lead
Counsel for the putative Class*

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 8, 2023, the foregoing document was filed electronically and is available for viewing and downloading from the ECF system and that I caused true and correct copies of the foregoing to be served on all counsel of record via CM/ECF.

Dated: September 8, 2023                                By: s/ *Timothy J. Peter*
                                                                      Timothy J. Peter