# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD., Individually and On Behalf of All Others Similarly Situated, | Case No. 2:20-cv-04660-KSM |
| Plaintiff, | CLASS ACTION |
| v. | |
| TEVA PHARMACEUTICALS INDUSTRIES LIMITED, EREZ VIGODMAN, EYAL DESHEH, ROBERT KOREMANS, MICHAEL DERKACZ, KARE SCHULTZ, MICHAEL MCCLELLAN, BRENDAN O'GRADY, and ELI KALIF, | |
| Defendants. | |

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR RECONSIDERATION AND TO LIFT THE STAY IMPLEMENTED BY THE COURT'S AUGUST 2, 2022 ORDER**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STANDARD............................................................................................................................... 2

ARGUMENT.............................................................................................................................. 2

CONCLUSION........................................................................................................................... 4

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Data v. Pa. Power Co.*,
   Civil No. 19-879, 2023 WL 3944030 (W.D. Pa. Jun. 12, 2023) ...............................................2

*McCall v. Avco Corp.*,
   No. 4:18-CV-01350, 2019 WL 2004358 (M.D. Pa. May 7, 2019)............................................2

*Sager v. Allied Interstate, LLC*,
   Civil Action No. 3:18-cv-220, 2021 WL 9406785 (W.D. Pa. Dec. 21, 2021) ..........................2

**Other Authorities**

U.S. Court of Appeals Publication Table Number B-4A..............................................................3

ii

## PRELIMINARY STATEMENT

Lead Plaintiff Gerald Forsythe ("Plaintiff") respectfully submits this memorandum of law in support of his Motion for Reconsideration and to Lift the Stay Implemented by the Court's August 2, 2022 Order ("Stay Order"). Doc. No. 87.[1]

The Stay Order stayed this action, except as to class certification, pending the resolution of the enforcement action brought against Teva by the U.S. Department of Justice, captioned *United States v. Teva Pharmaceuticals USA, Inc.*, No. 1:20-cv-11548-NMG (D. Mass.) (the "DOJ Action"). *Id.* at ¶ 2. At the time the Stay Order was issued, the DOJ Action was set for trial on September 18, 2023. *Id.* at ¶ 3 n.1.

As reported to the Court, the September 18, 2023 trial date in the DOJ Action was continued because the Court in that case allowed Teva to seek interlocutory appeal of its summary judgment order. Doc. No. 108. Plaintiff accordingly moved this Court for reconsideration of the Stay Order on August 23, 2023 in light of these changed circumstances. Doc. No. 109-1 ("First Reconsideration Motion").

While Plaintiff's First Reconsideration Motion was pending, this Court granted Plaintiff's class certification motion (Doc. Nos. 115-16), and shortly thereafter Defendants filed a petition seeking interlocutory review of the class certification order. This Court denied without prejudice the First Reconsideration Motion on November 22, 2023 and provided that "Plaintiff may refile the motion to lift the stay in this matter upon the Third Circuit's determination to grant or deny Defendants' petition for leave to appeal." Doc. No. 117. The Third Circuit issued a Precedential Opinion on May 16, 2024 denying Defendants' petition for leave to appeal the Court's decision on class certification. *See* Ex. A to the Declaration of Timothy J. Peter, filed herewith.

---

[1]    The Court's Memorandum (Doc. No. 86) discussing the basis for the Stay Order is referred to as the "Stay Memorandum" or "Stay Memo."

1

Now that the DOJ trial has been stayed, and the Third Circuit has denied Defendants' petition to appeal the class certification order, Plaintiff asks the Court to reconsider and lift the stay imposed in this case, as the Court provided he could do.  *See* Stay Memo 13 n.5; Doc. No. 117 at 1 n.1.

Plaintiff moves to reconsider and lift the current Stay Order in this case on the grounds that the circumstances on which the Court relied in its Stay Memorandum have changed significantly.[2]

**STANDARD**

The court that imposes a stay may also, in its discretion, lift it.  *McCall v. Avco Corp.*, No. 4:18-CV-01350, 2019 WL 2004358, at *1 n.3 (M.D. Pa. May 7, 2019) (citing *Air Vent, Inc. v. Owens Corning Corp.*, No. 02:10-cv-01699, 2013 WL 1102811, at *2 (W.D. Pa. Mar. 15, 2013)); *see also Data v. Pa. Power Co.*, Civil No. 19-879, 2023 WL 3944030, at *3 (W.D. Pa. June 12, 2023).  "[W]hen circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay."  *McCall*, 2019 WL 2004358, at *1 (internal quotation marks omitted) (citing *Air Vent*, 2013 WL 1102811, at *2); *see also Sager v. Allied Interstate, LLC*, Civil Action No. 3:18-cv-220, 2021 WL 9406785, at *2 (W.D. Pa. Dec. 21, 2021).

**ARGUMENT**

There is no compelling reason to continue the stay of this case.  The continued stay pending a resolution of the DOJ Action will severely prejudice Plaintiff and the Class.  All issues Defendants raised before the Third Circuit Court of Appeals have been fully resolved.

---

[2]    "Opposition to the Stay" refers to Lead Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Stay Proceedings Other than Class Certification in Favor of the DOJ's Case.  Doc. No. 84.  Lead Plaintiff incorporates the arguments he made in his Opposition to the Stay.

2

The only possible reason to continue the stay is ongoing litigation in the related DOJ Action, but because no dispositive action in that case will occur in the near future, this case should proceed to discovery. The initial stay issued because of the DOJ action was to be "limited, as the DOJ Action is set to be resolved by fall of next year [2023]" (Stay Memo. 13). The DOJ Action did not go to trial or reach any resolution, but is now on appeal to address pre-trial rulings. Plaintiff faces an indefinite delay in the DOJ Action due to the prospect of waiting on the resolution of the interlocutory appeal, which was filed on November 20, 2023, and then the conclusion of any trial in the DOJ Action. The interlocutory appeal is unlikely to be resolved anytime soon and any trial would probably take months to reschedule. Indeed, the median time from filing a Notice of Appeal to Last Opinion or Final Order in the First Circuit is 14.5 months,[3] and Lead Plaintiff anticipates that Teva's appeal will be pending at least that long in light of the fact that the appeal is not yet fully briefed and two *amicus curiae* have submitted briefing in the action. *See* Docket, *United States v. Teva Pharms. USA*, *Inc. et al.*, No. 23-1958 (1st Cir.).

The prejudice to Plaintiff and the Class discussed in his Opposition to the Stay nearly two years ago (*e.g.*, witnesses' fading memories, witness deaths, change in witness locations, and lost evidence) grows more every day, and the parties should not be compelled to wait longer. *See* Opposition to the Stay 7-9.

Defendants will suffer no prejudice if this case proceeds with discovery now, and will presumably have a much lower burden in discovery than is typical, having gathered, reviewed and produced many of the documents that are relevant in this case. The discovery phase in the DOJ Action concluded in March 2023. Thus, the prospect of two parallel discovery processes

---

[3]    *See* https://www.uscourts.gov/statistics-reports/judicial-business-2023-tables, U.S. Court of Appeals Publication Table Number B-4A (Median time from filing Notice of Appeal to Last Opinion or Final Order in the First Circuit is 14.5 months) (last visited May 21, 2024).

which the Court held weighed in favor of the Stay (Stay Memo. 8-9) is no longer a concern. Indeed, Plaintiff's argument made nearly two years ago against the Stay – *i.e.*, that Defendants can easily transmit to Plaintiff all of the discovery that has been compiled in the DOJ Action – is even more compelling now that discovery has concluded. *See* Opposition to the Stay 10.

As Plaintiff argued in his Opposition to the Stay, his claims do not hinge on the legality of Teva's charitable donation scheme. This securities case is based on whether Teva violated the securities laws by withholding the particulars of the scheme itself. Whether Teva is found guilty of making false statements in claims submitted to Medicare that are attributable to violations of the AKS, or whether it reaches a settlement with the DOJ before trial, does not control Plaintiff's claims in this case. Those claims include the fact that Defendants in this Action issued false and/or misleading statements in SEC filings and other media to investors by failing to disclose that the real source of Copaxone's success was the manner and structure of the Copaxone sales involving CDF and TAF. *See* Opposition to the Stay 11-12.

## CONCLUSION

The passage of nearly two years with no resolution of the DOJ Action, the completion of discovery in the DOJ Action, and now the indefinite continuance of the trial date in the DOJ Action constitute significant changes that warrant reconsideration of the Court's order granting a Stay on August 2, 2022.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its Motion and lift the Stay.

Dated: May 22, 2024                                Respectfully submitted,

                                                   **FARUQI & FARUQI, LLP**

                                                   By:    *s/ Timothy J. Peter*
                                                          Timothy J. Peter

4

Timothy J. Peter (# 306965)
1617 John F Kennedy Blvd #1550
Philadelphia, PA 19103
Telephone: 215-277-5770
Facsimile: 215-277-5771
Email: tpeter@faruqilaw.com

James M. Wilson, Jr. (admitted *pro hac vice*)
Robert W. Killorin (admitted *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com
           rkillorin@faruqilaw.com

*Attorneys for Lead Plaintiff and Lead
Counsel for the putative Class*

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 22, 2024, the foregoing document was filed

electronically and is available for viewing and downloading from the ECF system and that I

caused true and correct copies of the foregoing to be served on all counsel of record via

CM/ECF.

Dated: May 22, 2024          By: s/ *Timothy J. Peter*
                                       Timothy J. Peter