**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD., Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>TEVA PHARMACEUTICALS INDUSTRIES LIMITED, et al.,<br><br>    Defendants. | Civil Action No.:  2:20-cv-04660-KSM<br><br>Hon. Karen S. Marston |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR**
**RECONSIDERATION AND TO LIFT THE STAY**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 2

CONCLUSION ................................................................................................................... 7

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*,
    87 F.R.D. 53 (E.D. Pa. 1980)...............................................................................................3

*McCall v. Avco Corp.*,
    2019 WL 2004358 (M.D. Pa. May 7, 2019).............................................................................3

*Simms v. Philip Morris, Inc.*,
    2003 WL 27394525 (D.D.C. July 7, 2003)..............................................................................6

**Other Authorities**

Fed. R. Civ. P. 26(a)(3)(A) ..............................................................................................5, 6

U.S. Courts of Appeals Judicial Business, Table B-4A:  Median Times for Civil
    and Criminal Cases Terminated on the Merits (Sept. 30, 2023)................................................3

**INTRODUCTION**

In denying Plaintiff's last motion for reconsideration without prejudice, this Court noted that Plaintiff could "refile" once the Third Circuit determined whether to grant Defendants' petition for leave to appeal class certification.  ECF No. 117.  Plaintiff took that suggestion quite literally, submitting nearly the same exact moving brief without attempting to address Defendants' prior arguments.  Not surprisingly, then, the refiled motion suffers from the same flaws as the original, again failing to address the fact that litigating this case would require resolution of both factual and legal issues that overlap with the DOJ case and risk inconsistent adjudications.  ECF No. 86, Stay Opinion ("Opinion") at 9–11.  In the Opinion, the Court found this factor—its "interest in preserving judicial economy and avoiding the risk of inconsistent adjudications"—to be "perhaps the most important factor counseling in favor of staying this matter."  *Id.* at 13.  Plaintiff has failed to identify anything new affecting this factor.

Plaintiff's "new" reason to lift the stay is that the DOJ case has been temporarily stayed pending Teva's interlocutory appeal.  But the current procedural status of the appeal belies Plaintiff's claim that this means an "indefinite delay in the DOJ [case]."  ECF No. 120-1, Pl.'s Mot. for Recons. ("Refiled Mot.") at 2.  To the contrary, on June 16, 2024, in a filing to which the government consented, Teva advised the First Circuit that "[t]he parties [to the DOJ case] are actively engaged in settlement negotiations and Teva is optimistic that the parties can reach a resolution, but additional time is needed to do so.  An order holding this appeal in abeyance will serve 'the interests of judicial economy[.]'"  Ex. A (Mot. to Hold Appeal in Abeyance) at 1.  So, too, will an order continuing the stay in this case.  If the requested relief is granted by the First Circuit and the DOJ case settles, the stay here will be lifted by its terms.  On the other hand, if the request to hold the appeal in abeyance is denied or the case does not resolve, oral argument on the DOJ appeal, currently set for July 22, 2024, will proceed and the First Circuit will resolve

an issue it found warranted "immediate review" and "may materially advance the ultimate termination of the litigation."  *See* Ex. B (1st Cir. Order Granting Appeal). If the appeal was then resolved in Teva's favor, that could quickly end the DOJ case in the trial court.

Moreover, when meeting and conferring with Plaintiff in an effort to avoid further motion practice over the stay, Defendants offered to address Plaintiff's expressed concern that the stay would be of "indefinite" duration by agreeing to commence certain limited agreed-upon document discovery in 60 days in the event there was no greater clarity regarding timing in the DOJ case by then.  Despite Plaintiff's assertion in his motion that what he really needs in the near-term is access to the discovery produced in the DOJ case (Refiled Mot. at 4), he rejected Defendants' offer out of hand, refused even to make any counterproposal and insisted instead that nothing short of an immediate lifting of the stay in its entirety would do.

In short, the "primary factor" underpinning the stay remains unchanged and, if anything, the current status of, and additional certainty around the schedule in, the DOJ case militates even more strongly in favor of maintaining it.  The motion for reconsideration should be denied.

## ARGUMENT

When issuing the stay order, this Court carefully walked through each of the relevant factors and found a stay was warranted based on three key points.  First, Plaintiff failed to show "how a stay would *prejudice* him" beyond "simply the right to pursue his case and vindicate his claim expeditiously."  Opinion at 8 (citation omitted) (emphasis in original).  Second, Defendants faced a "great burden" "juggl[ing] separate discoveries in two large, somewhat related (but somewhat different) proceedings at the same time," a "process [that] 'is likely to spread thin the time of certain key individuals' at the defendant-corporation already tasked with 'providing essential information to those attempting to [defend a case].'"  *Id.* at 8–9 (quoting *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa.

2

1980)).  Third—and "perhaps the most important factor counseling in favor of staying this matter" (*id.* at 13)—a stay would allow the Court to "realize several efficiencies," "narrow the issues to be resolved in this action and avoid[] the risk of inconsistent adjudications."  *Id.* at 9.

According to Plaintiff's own authorities, for the Court to now lift the stay, Plaintiff must establish that "circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate[.]"  *McCall v. Avco Corp.*, 2019 WL 2004358, at *1 (M.D. Pa. May 7, 2019) (cited in Refiled Mot. at 2).  But Plaintiff points to *nothing* impacting the Court's reasons for imposing the stay, let alone to suggest that they no longer exist or are now inappropriate.

**The DOJ case is proceeding apace and not delayed, much less "indefinitely."**  Plaintiff contends that he "faces an indefinite delay in the DOJ [case]," asserting that "[t]he interlocutory appeal is unlikely to be resolved anytime soon and any trial would probably take months to reschedule."  Refiled Mot. at 3.  That is demonstrably wrong.  First, the parties are in active settlement negotiations which could resolve the DOJ case in its entirety in the immediate term.  At the same time, the First Circuit has scheduled oral argument on the appeal for July 22, 2024, and specified that that date will not be continued "except for grave cause."  Ex. C (1st Cir. Calendaring Notice).  While Plaintiff cites generic statistics suggesting that an ordinary appeal takes an average of 14.5 months to resolve (*id.*), if the First Circuit does not agree to hold the appeal in abeyance, the statistics indicate that a final decision here would in fact likely issue within four months of argument.[1]  In either case, this is a far cry from an "indefinite delay."

---

[1] U.S. Courts of Appeals Judicial Business, Table B-4A:  Median Times for Civil and Criminal Cases Terminated on the Merits (Sept. 30, 2023), https://www.uscourts.gov/statistics/table/b-4a/judicial-business/2023/09/30 (column "Oral Argument to Last Opinion or Final Order") (stating that the median time from oral argument to last opinion or final order in the First Circuit is 3.9 months).

Moreover, the DOJ appeal relates to a discrete issue that could be case determinative. Indeed, Teva's position is that, should the First Circuit hold that the government must demonstrate but-for causation between Teva's donations to CDF and TAF and the resulting co-pay-assisted Copaxone claims Medicare reimbursed, Teva should be entitled to summary judgment. In other words, if the appeal was resolved in Teva's favor, the DOJ case should quickly end. As the First Circuit itself noted when granting the petition for interlocutory appeal, an "immediate review [was] in order" because it "may materially advance the ultimate termination of the litigation." Ex. B (1st Cir. Order Granting Appeal).

If, on the other hand, the case is not disposed of, the government would presumably seek a prompt trial date in the district court, as the case is otherwise trial-ready: discovery is complete, dispositive motions are done, witness and exhibit lists have been submitted, and motions in limine have been filed.[2] On this record, there is no reason to think the ultimate resolution of the DOJ case will be meaningfully delayed at all.

***Plaintiff has not identified any additional prejudice.*** As before, Plaintiff fails to "demonstrate a unique injury, such as the dissipation of assets or an attempt to gain an unfair advantage from the stay" that would explain "how a stay would *prejudice* him" if continued. Opinion at 8 (citation omitted) (emphasis in original). Instead, Plaintiff makes the same argument that this Court rejected last time: that the stay will impair his interest in the expedient resolution of this matter, risking "witnesses' fading memories" or "deaths." *Compare* Refiled Mot. at 3 *with* ECF No. 84, Pl.'s Opp'n to Mot. to Stay ("Pl.'s Stay Opp'n") at 8.

---

[2] As a reminder, the district court certified Teva's interlocutory appeal and stayed the trial in the DOJ case approximately one month before trial was set to commence. *See* ECF No. 112-1, Defs.' Opp'n to Mot. for Recons. ("Defs.' Recons. Opp'n") at 3.

But while the DOJ case was being litigated, this case actually ***advanced***.  In fact, during the pendency of the stay, Plaintiff was (at Defendants' suggestion) able to fully brief class certification, conduct associated discovery, obtain a certified class and see Defendants' request for interlocutory appeal of that order resolved.  Moreover, Plaintiff flat-out rejected Defendants' offer to commence limited merits discovery in 60 days, which was intended to avoid burdening the Court with further briefing on this motion.

On the other hand, contrary to Plaintiff's assertion, Defendants could face an enormous burden if, as he is demanding, the stay is immediately lifted in its entirety.  Should the DOJ case fail to settle in the near term and the appeal be resolved on the current schedule unfavorably to Teva, that case will likely be set down for trial some time this year or early next.  More than 20 people—including one of the named defendants in this matter—are listed on both the DOJ parties' witness lists and in Plaintiff's initial disclosures.  *Compare* ECF No. 112-3, Ex. B to Defs.' Recons. Opp'n (DOJ Case Rule 26(a)(3)(A) Disclosures) *to* ECF No. 112-4, Ex. C to Defs.' Recons. Opp'n (Pl.'s Initial Disclosures) at 4-12.  Thus, as this Court found previously, "the process" of simultaneous full-blown merits discovery in this case "is likely to spread thin the time of certain key individuals at [Teva] already tasked with providing essential information to those attempting to" defend the DOJ case (Opinion at 9 (internal quotation marks omitted)), in which Teva faces the potential for a judgment in "an enterprise-threatening amount."  ECF No. 112-4, Ex. A to Defs.' Recons. Opp'n (Pet. for Permission to Appeal) at 18.

***The stay avoids the risk of inconsistent adjudications.***  The substantial overlap of factual and legal issues between the two cases is also no different now than it was when this Court ordered the stay.  *See* Opinion at 9–10.  Thus, just as then, "the resolution of certain issues in the DOJ Action could affect the adjudication of this matter" and litigating the two in parallel

risks inconsistent adjudications. *Id.* at 11; *see also id.* at 10 ("A stay will avoid duplicative litigation because rulings in the DOJ case are virtually certain to 'illuminate or resolve' many issues which will arise in [the instant case].") (quoting *Simms v. Philip Morris, Inc.*, Civil Action No. 01-1107 (GK), 2003 WL 27394525, at *1 (D.D.C. July 7, 2003)). And, as this Court pointed out, "the outcome of the DOJ Action (regardless of whether Teva is found liable) may incentivize Defendants to settle this action." *Id.*

Plaintiff fails to even address this point, despite the emphasis Defendants placed on it during the original briefing on the stay motion and its centrality to the Court's ruling. He simply reiterates his assertion that "his claims do not hinge on the legality of Teva's charitable donation scheme." Mot. at 4. But the Court already addressed that point, noting that, "[a]lthough the claims in this case and the DOJ Action are not identical, they are based on the same underlying activity[.]" Opinion at 11.

***The interests of third parties and the public still favor a stay.*** Finally, Plaintiff fails to articulate how the interests of third parties and the public would be disserved by maintaining the stay. Nor could he. There is significant overlap between relevant nonparties in this action and the DOJ case, with over a dozen nonparties identified as potential trial witnesses in the DOJ case. *See* ECF No. 112-3, Ex. B to Defs.' Recons. Opp'n (DOJ Case Rule 26(a)(3)(A) Disclosures). As the Court found when it issued the stay, it would be "preferable to keep them from having to coordinate" their involvement in discovery in this action and possible simultaneous preparation for trial in the DOJ case.[3] Opinion at 12. And the public interest is still "served by permitting the DOJ Action to proceed smoothly and without distraction from this matter." *Id.*

---

[3] Plaintiff has previously argued that the interests of nonparties no longer weigh in favor of the stay, apparently because their inclusion as potential trial witnesses was never considered by the Court. ECF No. 113, Pl.'s Reply at 5. But the Court could not have considered this point earlier, as the parties in the DOJ case had not exchanged

\*       \*       \*

In short, Plaintiff has failed to show any change of circumstances that warrants lifting the stay in this case. A settlement in the DOJ case may now be imminent and, if not, the appeal is scheduled for argument. Statistically, if it takes place on the current schedule, a decision will follow before the end of the year. The Court's interests in judicial economy and avoiding the risk of inconsistent adjudications, as well as the interests of third parties and the public and the prejudice Defendants could suffer all remain unchanged. And Plaintiff's cavalier rejection of Defendants' offer of certain agreed limited document discovery, commencing on a date certain absent additional clarity on the DOJ schedule in in the interim, unmasks their assertion of prejudice as pretext.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion should be denied.

Respectfully submitted,

Dated: June 19, 2024

By:  /s/ Linda T. Coberly
  Linda T. Coberly
  Daniel M. Blouin
  35 West Wacker Drive, Suite 4700
  Chicago, Illinois 60601
  (312) 558-5600
  (312) 558-5700 (fax)
  dblouin@winston.com
  lcoberly@winston.com

  James P. Smith III
  Kerry C. Donovan
  WINSTON & STRAWN LLP
  200 Park Avenue
  New York, New York 10166
  (212) 294-6700

witness lists at the time of the Opinion. Nor can Plaintiff argue with a straight face that asking a nonparty to juggle responding to Plaintiff's discovery in this case and preparing for trial in the DOJ case would not be burdensome.

7

(212) 294-4700 (fax)
jpsmith@winston.com
kcdonovan@winston.com

Mathieu J. Shapiro
Melissa Blanco
OBERMAYER REBMANN
    MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
215-665-3014
215-665-3165 (fax)
mathieu.shapiro@obermayer.com
melissa.blanco@obermayer.com

*Attorneys for Defendants*

8