**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD., *Individually and On Behalf of All Others Similarly Situated*, <br><br> Plaintiff, <br><br> v. <br><br> TEVA PHARMACEUTICALS INDUSTRIES LIMITED, EREZ VIGODMAN, EYAL DESHEH, ROBERT KOREMANS, MICHAEL DERKACZ, KARE SCHULTZ, MICHAEL MCCLELLAN, BRENDAN O'GRADY, and ELI KALIF, <br><br> Defendants. | Case No. 2:20-cv-04660-KSM <br><br> <u>CLASS ACTION</u> |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR RECONSIDERATION AND MOTION TO LIFT THE STAY IMPLEMENTED BY THE COURT'S AUGUST 2, 2022 ORDER**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ...................................................................................................................... 3

I.      This Court Has Consistently Been Mindful Of The Duration Of The Stay And Expressly Allowed Plaintiff To Seek Reconsideration Based On Changes In Circumstances Of The DOJ Action And Defendants' Appeal Of The Class Certification Order ............................................................................................ 3

II.     Further Delay Waiting On The DOJ Action Will Unfairly Prejudice Plaintiff And The Class ................................................................................................................. 5

III.    Efficient Use Of Judicial Resources .................................................................. 7

IV.     Interests Of Persons Not Party To The Litigation .............................................. 8

V.      Interest Of The Public In The Pending Litigation ............................................ 10

CONCLUSION .................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Bost. Ret. Sys. v. Alexion Pharms., Inc.*,
  556 F. Supp. 3d 100 (D. Conn. 2021)...................................................................................2

*Cooper Notification, Inc. v. Twitter, Inc.*,
  No. 09-865-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010) ...................................................5

*Doe v. Schneider*,
  Civil Action No. 08-3805, 2010 WL 11561113 (E.D. Pa. June 8, 2010) ...................................8

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
  No. MDL-1446, 2002 WL 31845114 (S.D. Tex. Aug. 16, 2002) ..............................................9

*McCall v. Avco Corp.*,
  2019 WL 2004358 (M.D. Pa. May 7, 2019).............................................................................3

*Singer v. Nicor, Inc.*,
  No. 02 C 5168, 2003 WL 22013905 (N.D. Ill. Apr. 23, 2003).................................................9

*UnitedHealthcare Ins. Co. v. Regeneron Pharms., Inc.*,
  No. 20 CV 10664 (VB), 2021 WL 6137097 (S.D.N.Y. Dec. 29, 2021)...................................8

*In re Universal Health Servs., Inc., Derivative Litig.*,
  No. 17-2187, 2018 WL 8758704 (E.D. Pa. Dec. 10, 2018).....................................................6

**PRELIMINARY STATEMENT**

As we approach the two-year anniversary of the initial stay in this case, with no resolution in the DOJ case and the prospects of any meaningful guidance from that case dimming because it is now on a settlement track, Defendants still take the posture that time is no object and Plaintiff is wrong to think that it is.  That is not the law, or the reality.  Memories fade, class members pass on, and evidence is spoiled while this case is stalled, making no progress toward resolution.

Defendants have offered no compelling arguments in their Opposition to continue to indefinitely stay this case pending a resolution of the DOJ Action.  Defs.' Response to Pl.'s Mot. for Reconsideration and to Lift the Stay ("Opp."), Doc. No. 122.  Plaintiff respectfully submits that having waited nearly two years for a resolution of the DOJ Action (which remains open-ended) and Defendants' appellate proceedings in the Third Circuit in this case (which rejected Defendants' efforts to appeal this Court's grant of class certification in a precedential opinion on May 16, 2024), the time has come to lift the Stay and allow him to engage unabated in fact and expert discovery of the Class's claims. Indeed, the First Circuit has stayed the DOJ Action entirely and indefinitely for the parties in that case to engage in settlement negotiations. It is imperative the Plaintiff now be allowed to obtain discovery to keep apace of settlement negotiations in the DOJ Action to preserve all Class claims in this action.

Contrary to Defendants' admonitions in their Opposition, the wait in this case has been open-ended and indefinite and will continue to be so if the Stay remains in effect. Defendants identify several events that could occur in the DOJ Action (Opp. 1-2) with no date certain for any of them.  None of them would impact this securities case to such an extent further delay is justified. *See See* Lead Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Stay Proc. Other Than Class Cert. in Favor the DOJ's Case 7-11, Doc. No. 84; Lead Pl.'s Mem. of Law in Supp. of His

1

Mot. for Reconsideration and to Lift the Stay Implemented by the Court's Aug. 2, 2022 Order 3, Doc. No. 109-1; Lead Pl.'s Reply Mem. in Further Supp. of His Mot. for Reconsideration and to Lift the Stay Implemented by the Court's Aug. 2, 2022 Order 3-4, Doc. No. 113.

While future developments in the DOJ Action remain uncertain, there are several consequences of the Stay that are certain and have materially changed since the stay was implemented on August 2, 2022 (the "August Stay Order"): the prejudice to Plaintiff and the Class has increased and the burden of merits discovery overlapping with the DOJ Action has dissipated entirely. Further, as this Court has already recognized, the legality of Defendants' scheme in the DOJ Action is "largely immaterial" to Plaintiff's case. It is also clear that if the DOJ Action settles (which Teva represented to the First Circuit it is optimistic will happen), Plaintiff will have very little to show for his long wait as the settlement would likely avoid any findings of fact on the record or any admission of wrongdoing by Teva. *See, e.g., Bost. Ret. Sys. v. Alexion Pharms., Inc.*, 556 F. Supp. 3d 100, 114-15 (D. Conn. 2021).

Defendants remarkably claim that they sought to address Plaintiff's concern about the ongoing indefinite nature of the Stay by offering, in 60 days, to commence "certain limited agreed-on" document production if there was no **"**greater clarity**"** regarding the timing of the DOJ case. Opp. 2. Plaintiff has consistently advocated for all discovery to commence immediately in this case unabated and Defendants' proposal was at best ill-conceived, as it is tethered to continued delay, unlimited negotiation over ambiguous terms concerning timing,  and the prospect of undefined limited discovery conditioned on an extremely ambiguous benchmark in the DOJ Action. Despite seeking some clarity on the proposal to consider, Plaintiff received none – thus the offer was imbued with the prospect of many months of ongoing delay with no satisfactory resolution for Plaintiff. Plaintiff has not wavered from his position that any

continued stay of this case is neither warranted nor in the best interests of the Class. Therefore, Plaintiff respectfully asks this Court to grant his Motion for Reconsideration and immediately lift the Stay.

**ARGUMENT**

**I.      This Court Has Consistently Been Mindful Of The Duration Of The Stay And Expressly Allowed Plaintiff To Seek Reconsideration Based On Changes In Circumstances Of The DOJ Action And Defendants' Appeal Of The Class Certification Order**

This Court has entered orders to stay this case twice – once in August 2022 and again in November 2023. Each time, the Court expressly gave Plaintiff permission to ask the Court to reconsider the stay orders based on developments in the DOJ Action and Defendants' efforts to appeal the Court's order granting class certification in this case.  In compliance with these orders, Plaintiff has sought reconsideration of the stay each time there has been a change in those circumstances, as contemplated by this Court. *See McCall v. Avco Corp.,* 2019 WL 2004358, at *1 (M.D. Pa. May 7, 2019).

When the Court initially granted the stay on August 2, 2022 – after thorough briefing of the issues by the Parties - the Court factored in that Plaintiff would not be "unfairly prejudiced" and that the delay would be limited "as the DOJ Action is set to be resolved by fall of next year." August Stay Order 13, Doc. No. 86. Cognizant that the limited duration of the Stay could change, the Court expressly gave Plaintiff permission to move for reconsideration of the August Stay Order if the DOJ Action's trial date was continued. *Id.* n. 5.

One year later, Plaintiff moved for reconsideration of the August Stay Order when the DOJ Action's trial was indefinitely continued to allow Teva to seek interlocutory appeal of summary judgment in that case. Doc. No. 109. After the Parties briefed the issues, the Court continued the Stay but again factored in the timing issue, this time based on Defendants' attempt

3

to appeal the Court's Class Certification Order. The Court allowed Plaintiff to move the Court to reconsider the Stay after the Third Circuit's decision whether to allow Defendants to appeal this Court's class certification order. November 22, 2023 Stay Order 1 n.1, ECF No. 117.  Plaintiff has now done so.

Defendants oppose lifting the Stay, arguing that the "DOJ Case is proceeding apace and not delayed, much less 'indefinitely.'" Opp. 3. This claim is not supported by the record. Indeed, none of the possible future events that Defendants identify will occur on any date certain. Opp. 3-4. For example, Defendants speculate that the outcome of the DOJ appeal, which relates to a "discrete issue[,]" "could be case determinative." Opp. 4. However, the "discrete issue" that is on appeal in the First Circuit will not impact this securities case so there is no reason to wait for that appeal at all. Alternatively, Defendants argue, the DOJ Action may be remanded and rescheduled for trial at some unknown future date, subject to the district court judge's calendar. *Id.*  There are numerous other speculative potential outcomes and/or developments short of a final resolution that could occur and that would further delay the DOJ Action. Indeed, even if the DOJ Action went to trial next year, there could be post-trial proceedings and appeals that extend that case for many more years, none of which have a bearing on Plaintiff's securities claims. Defendants' intentionally myopic view of the future for the DOJ Action fails to consider any of these potential future events. The fact that the future of the DOJ action remains uncertain after almost two years is further reason the Court should grant Plaintiff's Motion to lift the Stay.  Further, if merits discovery had begun in this case, Plaintiff believes that would increase the chances for the class to engage in settlement discussions.

The appellate record in the First Circuit shows that the ongoing delay will continue indefinitely.  On June 20, 2024, the First Circuit Court of Appeals entered an order indefinitely staying that case so that those parties can engage in settlement negotiations:

> Upon consideration of Defendants-Appellants Teva Neuroscience, Inc. and Teva Pharmaceuticals USA, Inc.'s Assented-To Motion to Hold Appeal in Abeyance, the case is held in abeyance **until further order of the court**. This case is **removed from the oral argument calendar** for Monday, July 22, 2024. The parties are directed to file a status report on July 22, 2024 and at **30-day intervals** thereafter advising of the outcome of the settlement discussions.

*See United States v. Teva Pharms. USA, Inc., et al.*, Case No. 23-01958, Order (1st Cir. June 20, 2024) (emphasis added), attached as Ex. A to Declaration of Timothy Peter ("Peter Decl.").

Thus, contrary to Defendants' speculation, there is not only a reason to think the ultimate resolution of the DOJ Action will be meaningfully delayed, but the record evidence shows that the DOJ Action has been meaningfully delayed already, which merits reconsideration of the stay in this case and the lifting of it.

## II.    Further Delay Waiting On The DOJ Action Will Unfairly Prejudice Plaintiff And The Class

This Court recognized that Plaintiff could be prejudiced by a stay, but noted that Plaintiff would not be "unfairly prejudiced" given the *limited duration*. August Stay Order 13. Developments in the DOJ Action have resulted in the Stay becoming unlimited in duration. The prejudice to Plaintiff is unfair, profound, and is increasing with the passage of time.

The Class Period here begins in 2015, *see* ECF No. 116, roughly nine years ago.  This makes continued maintenance of the Stay particularly prejudicial to Plaintiff as deponents' memories fade, key witnesses leave the Company or potentially pass away, and evidence is potentially lost or grows stale.  *See Cooper Notification, Inc. v. Twitter, Inc.*, No. 09-865-LPS, 2010 WL 5149351, at *4 (D. Del. Dec. 13, 2010) ("Resuming this litigation after a protracted

stay would likely raise issues with stale evidence, faded memories, and lost documents."); *see also In re Universal Health Servs., Inc., Derivative Litig.*, No. 17-2187, 2018 WL 8758704, at *1 n.1 (E.D. Pa. Dec. 10, 2018) (declining to stay a shareholder derivative action until a federal securities action and government investigation were resolved, explaining that discovery in the federal securities action would not satisfy the concerns of lost memories, etc., because, "[a]lthough there will be significant overlap in witnesses in the two cases, not all witnesses will be the same and those witnesses that are in fact the same may not be asked questions in the securities class action that Plaintiffs would ask in the derivative litigation").  Plaintiff has raised this argument in prior filings to lift the Stay and Defendants have not disputed the enumerated prejudices Plaintiff will suffer if the Stay is continued which are self-evident. Rather, Defendants deflect from the clear unfair prejudice to Plaintiff and the Class by arguing only that this case has advanced through the class certification stage (Opp. 5), which does not address the real issue that continued delay prejudices Plaintiff's ability to prosecute the Class's claims. Further, ***all of the arguments above grow stronger with the passage of each day that the stay remains in effect.***

Defendants also seek to deflect from the unfair prejudice to Plaintiff and the Class by again speculating that they "could face an enormous burden" if the Stay is lifted because the DOJ Action may be set for trial sometime in the future. Opp. 5. But the prospect of a future trial should not be a barrier to commencing discovery in this case. Indeed, one of this Court's initial concerns in its August Stay Order was that Defendants would be subject to simultaneous full-blown merits discovery in this case and the DOJ Action. August Stay Order 9. That concern has completely dissipated now that merits discovery in the DOJ Action concluded long ago.

In sum, as continuing the Stay will unfairly prejudice Plaintiff and not prejudice Defendants, but keeping in place does increasing harm to the Plaintiff and the class.  The Stay

should be immediately lifted.

### III.    Efficient Use Of Judicial Resources

When this Court stayed Plaintiff's case, it held in part that the "DOJ Action **could** affect the adjudication of this matter." August Stay Order 11 (emphasis added). Defendants continue to maintain that the Stay should be continued on the grounds that the DOJ Action will likely narrow the issues to be resolved here and that the resolution of certain issues in the DOJ Action could affect the adjudication of this matter. Opp. 5-6.  As Plaintiff has maintained in his prior filings, this is incorrect – a resolution of the DOJ Action will not be dispositive of the issues in Plaintiff's case.

This Court recognized, and Plaintiff agrees, that the technical legality of Defendants' scheme is not central to Plaintiff's case for securities fraud. *See* Motion to Dismiss Memo. 23 n.4 ("MTD Memo.") ("At oral argument, Plaintiff stated that it would be willing to strike the word "'illegal'" and "'unlawful'" from the Corrected Amended Complaint to the extent those words are used to describe Teva's scheme."). This Court also held in denying in part Defendants' Motion to Dismiss that the legality of the scheme is "largely immaterial" to Plaintiff's case. MTD Memo. 20.

Even if the legality of Teva's scheme might ultimately be determined in the DOJ Action, that possibility cannot be a basis to continue to stay Plaintiff's securities case. Indeed, even if Teva were fully absolved of all wrongdoing under the FCA and the AKS, this case would continue because, as the Court stated, "the allegations in the government's complaint are just that, allegations, they provided the market with information regarding the scheme by which Teva made donations to PAPs that indirectly funded Copaxone co-pays and made Copaxone seem so successful."  MTD Memo. 39-40.

7

Plaintiff's case is unlike a select few cases where the <u>cornerstone</u> for claims against defendants was the defendants' wrongful actions, which warranted a stay in those cases. *See e.g., UnitedHealthcare Ins. Co. v. Regeneron Pharms., Inc.*, No. 20 CV 10664 (VB), 2021 WL 6137097, at *5 (S.D.N.Y. Dec. 29, 2021); *Doe v. Schneider,* Civil Action No. 08-3805, 2010 WL 11561113, at *2 (E.D. Pa. June 8, 2010) (one of the key issues in determining the propriety of a stay is "whether the issues in the …cases overlap" and entering a stay where the defendant's alleged wrongful act was the "**central issue in both cases and . . . the cornerstone for the claims** against the [other] defendants") (emphasis added). The legality of Teva's Copaxone scheme is not the cornerstone of Plaintiff's case.  Accordingly, the resolution of legality in the DOJ Case, if that ever happens, should not be a basis to further delay this case.

Further, in light of the posture of the DOJ Action, continuing the Stay of this case will not preserve judicial resources and there is no risk of inconsistent adjudication at this point.

## IV.    Interests Of Persons Not Party To The Litigation

This Court stayed Plaintiff's case also on the basis that:

> Several nonparties are potential witnesses and may have to be deposed and produce documents in both actions, and it may be **preferable to keep them from having to coordinate their responses to two complicated third-party discovery processes simultaneously**.

August Stay Order, 12 (emphasis added).

Defendants continue to oppose lifting the Stay by arguing that there are over a dozen nonparties who are identified as potential **trial witnesses** in the DOJ case. Once again, discovery in the DOJ Action has been completed so there is no burden to coordinate discovery in the two cases. Defendants argue that it continues to be preferable to keep the third parties from having to coordinate "their involvement the discovery in this action and possible simultaneous preparation for trial in the DOJ case." Opp. 6-7 (citing to August Stay Order 12).  But these circumstances –

8

the coordination of nonparty witnesses' involvement in discovery in this case (which may be nominal because Plaintiff can review their document production and deposition testimony without burdening them at all, and might elect to forego any additional testimony from certain witnesses after this review) and their potential preparations to testify in the DOJ trial (which may not be required at all if they are not called as a witness) – were not previously before the Court. Defendants cite no authority that supports continuing to stay discovery in an important securities fraud case due to the **possibility** that certain nonparty witnesses who have already produced documents and sat for depositions may be called to testify in the DOJ's civil lawsuit.[1]

Indeed, the production of the discovery from the DOJ Action to Plaintiff, including deposition transcripts, from the parties and non-parties in that case, which will impose little burden, may be a reasonable and useful means to narrow the scope of fact discovery in this case. Further, courts often reject arguments that producing discovery that was previously produced in other actions is burdensome. *See*, *e.g.*, *In re Enron Corp. Sec., Derivative & ERISA Litig.*, No. MDL-1446, 2002 WL 31845114, at *2 (S.D. Tex. Aug. 16, 2002) (lifting the PSLRA's discovery stay and ordering defendants to produce documents that were previously produced to government entities and others because the burden on Enron "would be slight" where it "already found, reviewed, and organized the documents"); *Singer v. Nicor, Inc.*, No. 02 C 5168, 2003 WL 22013905, at *1-2 (N.D. Ill. Apr. 23, 2003) (partially lifting the PSLRA's discovery stay after finding that plaintiffs would be disadvantaged if they lacked access to documents that were

---

[1]    Plaintiff is not arguing that the interest of non-parties does not weigh in favor of the Stay because their inclusion as potential trial witnesses was never considered by the Court, as claimed by Defendants. Opp. 6 n.3. Rather, Plaintiff is pointing out that Defendants have cited to no authority in support of their speculative argument, which is premised on the highly unlikely scenario that third party witnesses will simultaneously be called to respond to discovery in this action and prepare for and testify in the DOJ Action. In any event, if that unlikely scenario arises, the Parties can coordinate schedules to accommodate the witnesses so as not burden them unnecessarily.

previously produced to the government and other agencies).

Thus, the interest of non-parties does not favor the continuation of the Stay.

## V.    Interest Of The Public In The Pending Litigation

This Court also stayed Plaintiff's case on the basis that:

The public interest is served by permitting the DOJ Action to proceed smoothly and without distraction from this matter.

August Stay Order 12.  However, the government's civil action already has proceeded smoothly, concluding fact and expert discovery, and all dispositive motions have been filed and ruled on and the case in now on a settlement track. The lifting of the Stay in this case will not impede progress of the DOJ Action.

Thus, public interest has been served and no longer weighs in Defendants' favor.

## CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court grant his Motion and lift the Stay.

Dated: June 26, 2024                               Respectfully submitted,

                                                  **FARUQI & FARUQI, LLP**

                                                  By:    _s/ Timothy J. Peter_
                                                          Timothy J. Peter

                                                  Timothy J. Peter (# 306965)
                                                  1617 John F Kennedy Blvd #1550
                                                  Philadelphia, PA 19103
                                                  Telephone: 215-277-5770
                                                  Facsimile: 215-277-5771
                                                  Email: tpeter@faruqilaw.com

                                                  James M. Wilson, Jr. (admitted *pro hac vice*)
                                                  Robert W. Killorin (admitted *pro hac vice*)
                                                  **FARUQI & FARUQI, LLP**
                                                  685 Third Avenue, 26th Floor
                                                  New York, NY 10017
                                                  Telephone: 212-983-9330

Facsimile: 212-983-9331
Email:   jwilson@faruqilaw.com
         rkillorin@faruqilaw.com

*Attorneys for Lead Plaintiff and Lead*
*Counsel for the putative Class*

11

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 26, 2024, the foregoing document was filed electronically and is available for viewing and downloading from the ECF system and that I caused true and correct copies of the foregoing to be served on all counsel of record via CM/ECF.

Dated: June 26, 2024                                  By: s/ *Timothy J. Peter*
                                                                   Timothy J. Peter

12