**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD., Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>TEVA PHARMACEUTICALS INDUSTRIES LIMITED, EREZ VIGODMAN, EYAL DESHEH, ROBERT KOREMANS, and MICHAEL DERKACZ,<br><br>      Defendants. | Case No. 2:20-cv-04660-KSM<br><br>CLASS ACTION |

**MOTION FOR ENTRY OF CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER REGARDING DOCUMENTS PRODUCED BY ADVANCED CARE SCRIPTS, INC.**

Lead Plaintiff Gerald R. Forsythe ("Plaintiff") by and through his respective undersigned counsel, hereby files this Motion for Entry of a Confidentiality Stipulation and Protective Order Regarding Documents Produced by Advanced Care Scripts, Inc. ("ACS") and states as follows:

ACS is a non-party to this Action and has been served a document subpoena pursuant to Federal Rule of Civil Procedure 45 by Plaintiff. ACS has agreed to provide Plaintiff with certain materials responsive to the subpoena, but for the reasons explained herein, seeks greater protections with respect to some of the documents and information it will produce in this Action than currently afforded by the protective order in this Action, Doc. 91-1 ("Existing Protective Order" (entered at Doc. 92)). The Existing Protective Order allows for greater protection to be sought, providing that its "terms . . . are without prejudice to the right of any Party to seek further or additional protection of Confidential Information[.]" Doc. No. 91-1 ¶ 20(d).

1

Considering that discovery has been ongoing in this Action and documents have already been produced subject to the Existing Protective Order, Plaintiff believes that entering a separate order allowing ACS to designate eligible materials as "Outside Counsel Eyes Only/Confidential Nonparty Information" and limiting those who can view documents ACS designates as "Highly Confidential," as opposed to amending the Existing Protective Order, is the most efficient approach to addressing ACS's concerns.  Accordingly, Plaintiff respectfully requests that the proposed Confidentiality Stipulation and [Proposed] Protective Order Regarding Documents Produced by ACS ("ACS Protective Order"), attached hereto as Exhibit A, be entered.  Plaintiff has conferred with Defendants, who consent to the entry of the ACS Protective Order.

## **ARGUMENT**

Federal Rule of Civil Procedure 26 provides, in pertinent part, that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1).

"The party seeking a protective order 'over discovery material must demonstrate that good cause exists for the order.'" *In re Avandia Mktg., Sales Pracs. and Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).  In *Pansy*, the Court of Appeals reaffirmed the long-standing principle that district courts have inherent equitable power "to grant confidentiality orders, whether or not such orders are specifically authorized by procedural rules." *Id*. at 785.

In the Third Circuit, Courts consider the following non-mandatory factors in assessing good cause for a protective order:

1. Whether disclosure will violate any privacy interests;
2. Whether the information is being sought for a legitimate purpose or for an improper purpose;
3. Whether disclosure of the information will cause a party embarrassment;
4. Whether confidentiality is being sought over information important to public health and safety;
5. Whether the sharing of information among litigants will promote fairness and efficiency;
6. Whether a party benefitting from the order of confidentiality is a public entity or official; and
7. Whether the case involves issues important to the public.

*Avandia*, 924 F.3d at 671; *see also Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 787-91).

Here, after meeting and conferring about the subpoena with Plaintiff, ACS agreed that it would produce certain deposition transcripts of its former employees, and their exhibits, from *United States v. Teva Pharms. USA, Inc.*, No. 1:20-cv-11548-NMG (D. Mass. Aug. 18, 2020) ("DOJ Action") and *Humana, Inc. v. Teva Pharms. USA, Inc.*, No. 6:21-cv-00072-CEM-DCI (M.D. Fla. Jan. 8, 2021) ("Humana Action"). However, ACS requested additional protections for the materials it will produce because: (1) they were produced subject to the protective orders in those cases, which contain higher tiers of protection than exist in the Existing Protective Order; (2) they may implicate ACS's obligations under the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d, *et seq.* with respect to sensitive health information of non-parties; and (3) they may implicate ACS's confidential business information.

Courts in this Circuit have found a legitimate private interest in maintaining the confidentiality of the private health information of non-parties. *See, e.g.*, *Cap. Health Sys., Inc. v. Veznedaroglu*, No. 3:15-cv-08288-MAS-LHG, 2021 WL 9439417, at *1-2 (D.N.J. Oct. 6, 2021) (medical information of non-parties warrants protection); *Gerwitz v. Corizon Health Inc.*, No. 2:19-cv-06191-KSM, 2020 WL 12688363, at *2 (E.D. Pa. Nov. 23, 2020) (Marston, J.)

3

(finding good cause exists for approving a stipulated confidentiality agreement with respect to private personal or medical information); *Three Bros. Supermkt. Inc. v. United States*, No. 2:19-cv-2003-KSM, 2020 WL 5749942, at *2 (E.D. Pa. Sept. 25, 2020) (Marston, J.).  Indeed, in *Three Brothers*, this Court agreed that public disclosure of, among other categories, "household information for individual SNAP members (including names, demographics, identifying numbers, and transaction histories) . . . . will harm the privacy interests of nonparties to the extent the documents contain names, addresses, identifying numbers, SNAP information, and financial records for individuals and businesses."  *Id.*; *see also J Morita Mfg. Corp. v. Dental Imagining Techs. Corp.*, No. 21-0663-KSM, 2021 WL 4078036, at *1 (E.D. Pa. June 1, 2021) (Marston, J.) (citing, *inter alia*, *Three Brothers* in "find[ing] that good cause exists for entering the parties' stipulated confidentiality order").

Courts in the Third Circuit also find good cause to protect from disclosure information that may pose commercial and competitive harm.  *See Grant Heilman Photography, Inc. v. Pearson Educ., Inc.*, No. 11-cv-4649, 2012 WL 1521954, at *6 (E.D. Pa. Apr. 30, 2012) ("[C]ourts routinely find good cause to protect the confidentiality of [confidential commercial information]."); *Cutsforth, Inc. v. Lemm Liquidating Co., LLC*, No. 17-1025, 2020 WL 772442, at *3 (W.D. Pa. Feb. 18, 2020) (granting order to protect product pricing information because "disclosure of this information would harm [the party's] negotiating position in the marketplace with its customers and also give its competitors an advantage"); *Genentech, Inc. v. Amgen, Inc.*, No. 17-1407-CFC, 2020 WL 9432700, at *6 (D. Del. Sept. 2, 2020), report and recommendation adopted, 2020 WL 9432702 (D. Del. Oct. 1, 2020) (documents reflecting pricing and discounts found to be confidential); *see also Pro., Inc. v. Progressive Cas. Ins. Co.*, No. 3:17-cv-185, 2020

WL 6566394, at *2 (W.D. Pa. Feb. 26, 2020) ("material [that] contains business information that might harm the parties' 'competitive standing'" protected).

The remaining *Avandia* factors also weigh in favor of the entry of the ACS Protective Order. ACS is not a public official or entity. *Avandia*, 924 F.3d at 671. The information being sought from ACS, including any medical records and/or medical information that appears in the deposition transcripts and/or their exhibits, is of little to no importance to public health and safety (except that of the individuals whose information is being sought). *Id.* In addition, ACS would suffer injury, including potential theft and/or embarrassment, if their competitive and confidential business information and private personal, financial, and/or medical information was unnecessarily made available to the public. *Id.* Finally, issues regarding this action that may be important to the public are outweighed by the specific and serious injury that would be suffered by ACS and the non-parties it seeks to protect if the aforementioned confidential information were to be disclosed publicly. *Id.*

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the Protective Order in the attached form.

Dated: May 14, 2025

Respectfully submitted,

By: s/ *Robert W. Killorin*
Robert W. Killorin (admitted *pro hac vice*)
FARUQI & FARUQI, LLP
3975 Roswell Rd Suite A
Atlanta, GA 30342
404-847-0617
Email: rkillorin@faruqilaw.com

James M. Wilson, Jr. (admitted *pro hac vice*)
FARUQI & FARUQI, LLP

685 Third Avenue, 26th Floor
New York, New York 10017
Phone: 212-983-9330
Fax: 212-983-9331
Email: jwilson@faruqilaw.com

Timothy John Peter
FARUQI & FARUQI, LLP
1617 John F. Kennedy Boulevard
Suite 1550
Philadelphia, PA 19103
215-277-5770
Fax: 215-277-5771
Email: tpeter@faruqilaw.com

Lead Counsel for Lead Plaintiff

**CERTIFICATE OF COUNSEL PURSUANT TO LOCAL RULE 7.1(b)**

Pursuant to Local Rule 7.1(b), the undersigned counsel hereby certifies that the instant motion is uncontested.

Dated: May 14, 2025                              By: s/ *Robert W. Killorin*
                                                          Robert W. Killorin

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 14, 2025, the foregoing document was filed electronically and is available for viewing and downloading from the ECF system and that I caused true and correct copies of the foregoing to be served on all counsel of record via CM/ECF.

Dated: May 14, 2025                                    By: s/ *Robert W. Killorin*
                                                                    Robert W. Killorin