**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD., Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TEVA PHARMACEUTICALS INDUSTRIES LIMITED, EREZ VIGODMAN, EYAL DESHEH, ROBERT KOREMANS, and MICHAEL DERKACZ, <br><br> Defendants. | Case No. 2:20-cv-04660-KSM <br><br> <u>CLASS ACTION</u> |

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING DOCUMENTS PRODUCED BY ADVANCED CARE SCRIPTS, INC.**

WHEREAS this Court previously granted Lead Plaintiff's and Defendants' (collectively, the "Parties") Joint Motion for Entry of Confidentiality Stipulation and Protective Order (ECF Nos. 91–92) (the "Original Protective Order"); and

WHEREAS, the Original Protective Order governs discovery in the above-captioned action (the "Action"), including discovery produced by non-parties;

WHEREAS, non-party Advanced Care Scripts, Inc. ("ACS") seeks additional protections for discovery that it may produce in this Action in light of ACS's unique concerns regarding information protected by the Health Insurance Portability and Accountability Act ("HIPAA") and other private business information;

WHEREAS, for good cause shown, it is hereby ORDERED that:

1.      The Original Protective Order applies to discovery produced by ACS, but ACS may also designate information it produces as "OUTSIDE COUNSEL EYES

1

ONLY/CONFIDENTIAL NONPARTY INFORMATION" as set forth in this Confidentiality Stipulation And [Proposed] Protective Order Regarding Documents Produced By Advanced Care Scripts, Inc. ("ACS Protective Order").

2.      For purposes of any documents produced by ACS, the term "Confidential Information" as defined in Paragraph 2 of the Original Protective Order, shall include information designated as "OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION," as well as information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

3.      Designation of "OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION" shall be limited to information, testimony, or tangible things that contains highly competitive or highly sensitive information and which ACS, as the producing Party reasonably and in good faith believes is:

      a.      "Confidential" as set forth under Paragraph 3 of the Original Protective Order and "Highly Confidential," as set forth under Paragraph 4 of the Original Protective Order; and

      b.      Contains information, the disclosure of which is likely to have a significant effect on ACS's current or future:

          i.      Business strategies or decisions;

          ii.      Business negotiations;

          iii.      Product plans or development; or

          iv.      Pricing.

c.     The Parties and ACS intend that the "OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION" designation will be used only under these limited circumstances.

4.     ACS may designate information, testimony, or tangible things as "OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION" by placing or affixing the phrase "OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION" on each page of the designated material before the material is produced or disclosed.

5.     Any other provision of this ACS Protective Order and the Original Protective Order notwithstanding, information designated as "OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION" may not be disclosed to any person, except:

a.     Outside counsel for the Parties, and employees of such counsel who have responsibility for the Action;

b.     The authors and recipients of the document (not including a person who received the document in the course of litigation), whose review of such material is necessary for the prosecution or defense of the Action;

c.     Experts, consultants, or investigators who assist in the prosecution or defense of the above-captioned Action, but only after such persons have completed the certification contained in Attachment A, "ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND"

d.     The Court and its personnel;

3

e.    Stenographic and video reporters engaged in proceedings incident to this Action;

f.    Any person from whom testimony is taken or will be taken in the above-captioned Action, including for deposition or trial, and that witness's counsel, except that such person may only be shown information ACS designates as OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION during, and in preparation of, their testimony.  Witnesses may not retain the OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION, but may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

g.    Any special master, mediator, or other third party who the Parties select, or as appointed by the Court, for purposes of settling the above-captioned Action or resolving disputes (including discovery), along with their necessary staff;

h.    Vendors retained by or for the Parties to assist in preparing for pre-trial discovery, trial, and/or hearings, including but not limited to: discovery consultants, processors and vendors, outside document copying services, document coding or computerization services, translators, litigation support personnel, jury consultants, and demonstrative exhibit vendors, along with their employees whose responsibilities and duties require them accessing such materials, but only after such persons have completed the certification contained in Attachment A; and

4

i.      Other persons only by written consent of ACS or upon order of the Court and on such conditions as may be agreed or ordered.

6.      Unless otherwise agreed to by ACS, OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION also may be disclosed to the Parties' inside counsel only upon the written consent to the disclosure by ACS.

7.      Notwithstanding any the provision in the Original Protective Order, information designated by ACS as "HIGHLY CONFIDENTIAL" shall not be disclosed to Individual Parties other than the Lead Plaintiff and the Teva Defendants.  "HIGHLY CONFIDENTIAL" information may also be disclosed to any officer, director, or employee of Teva under the terms of this Protective Order.

8.      The disclosure of information or a document without designating it as "OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION" will not, standing alone, constitute a waiver of the right to designate such information or document as "OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION."  Upon receiving notice of such failure to designate, all receiving Parties shall cooperate to restore the confidentiality of the inadvertently or unintentionally disclosed produced material.  No Party shall be held in breach of this Order if, prior to notification of such later designation, such produced material had been disclosed or used in a manner inconsistent with such later designation.  ACS shall provide substitute copies bearing the corrected designation.  The receiving Parties shall return, certify the destruction of, or sequester the undesignated produced material.  If so designated, the document or information shall thereafter be treated as "OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION subject to the terms of this ACS Protective Order and the Original Protective Order.

5

9.      No later than sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all documents marked "OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION" under this Order, including any copies thereof, shall be returned to ACS unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties and ACS agree to destruction to the extent practicable in lieu of return and certify that fact; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the documents and certifies to the producing Party that it has done so.  Notwithstanding this requirement, the Parties' counsel may retain: (1) attorney work product, including an index that refers or relates to designated OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION so long as that work product does not duplicate verbatim substantial portions of information ACS designated OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION ; and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained information that ACS designated OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use information designated OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION.

10.     ACS's designation of discovery materials as OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION, in accordance with this Order, shall not constitute a judicial determination that those materials actually contain Confidential Information (as defined in the Original Protective Order) or that the material is otherwise entitled

6

to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.  The Court retains the right to permit disclosure of any subject covered by this Order.

Date: May 14, 2025

By: s/ *Robert W. Killorin*
Robert W. Killorin (admitted *pro hac vice*)
FARUQI & FARUQI, LLP
3565 Piedmont Rd., NE
Building Four, Ste. 380
Atlanta, GA 30305
404-847-0617
Email: rkillorin@faruqilaw.com

James M. Wilson, Jr. (admitted *pro hac vice*)
FARUQI & FARUQI, LLP
685 Third Avenue
New York, New York 10017
Phone: 212-983-9330
Fax: 212-983-9331
Email: jwilson@faruqilaw.com

Timothy John Peter
FARUQI & FARUQI, LLP
1617 John F. Kennedy Boulevard
Suite 1550
Philadelphia, PA 19103
215-277-5770
Fax: 215-277-5771
Email: tpeter@faruqilaw.com

Lead Counsel for Lead Plaintiff

By: s/ *Linda T. Coberly*
Linda T. Coberly
Daniel M. Blouin
WINSTON & STRAWN LLP
35 West Wacker Drive, Suite 4700
Chicago, Illinois 60601
(312) 558-5600
(312) 558-5700 (fax)
lcoberly@winston.com
DBlouin@winston.com

James P. Smith III
Kerry C. Donovan
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (fax)
jpsmith@winston.com
kcdonovan@winston.com

Mathieu J. Shapiro
Melissa M. Blanco
OBERMAYER, REBMANN, MAXWELL &
HIPPEL, LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
215-665-3014
215-665-3165 (fax)
mathieu.shapiro@obermayer.com
melissa.blanco@obermayer.com

Counsel for Defendants

## <u>ORDER</u>

**GOOD CAUSE APPEARING**, the Court hereby approves this Confidentiality

Stipulation And Protective Order Regarding Documents Produced By Advanced Care Scripts,

Inc. **IT IS SO ORDERED**.

Dated: _____                    _____

**HON. KAREN S. MARSTON**
**UNITED STATES DISTRICT JUDGE**

8

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I have been informed by counsel that certain information or documents to be disclosed to me have been designated as confidential pursuant to protective orders entered by the U.S. District Court for the Eastern District of Pennsylvania in the litigation titled *Halman Aldubi Provident and Pension Funds Ltd. v. Teva Pharmaceuticals Industries Limited, et al.*, Docket No. 2:20-cv-04660-KSM. I have read the protective orders, I agree to abide by the obligations of the protective orders as they apply to me, and I voluntarily submit to the jurisdiction of the U.S. District Court for the Eastern District of Pennsylvania for purposes of any proceeding related to the protective orders, including my receipt or review of information that has been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION."

I agree that I will not disclose any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY/CONFIDENTIAL NONPARTY INFORMATION" contained in such documents to any other person. I also agree not to use any such information for any purpose other than for this litigation.

Dated: _____

_____
(Consultant/Expert)

_____
(Attorney)

_____