IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD.**, <br><br> Plaintiff, <br><br> *v.* <br><br> **TEVA PHARMACEUTICALS INDUSTRIES LIMITED, et al.**, <br><br> Defendants. | **CIVIL ACTION** <br><br><br> **NO. 20-4660-KSM** |

## ORDER

**AND NOW**, this 16th day of May, 2025, upon consideration of Plaintiff's unopposed Motion for Entry of Confidentiality Stipulation and Protective Order Regarding Documents Produced by Advanced Care Scripts, Inc. (Doc. No. 135), the Court finds as follows:

1.    A "party seeking a protective order 'over discovery material must demonstrate that good cause exists for the order.'" *In re Avandia Mktg. Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)); *see also Sprinturf, Inc. v. Sw. Recreational Indus., Inc.*, 216 F.R.D. 320, 323 (E.D. Pa. 2003) ("Protective orders stipulated between the parties are not guaranteed judicial approval" and "must still meet the requirements of Rule 26(c), which requires demonstrating the existence of confidential information and good cause as to why such information should not be disclosed.").

2.    "Good cause means that disclosure will work a clearly defined and serious injury to the party seeking closure," and the injury "must be shown with specificity." *In re Avandia*, 924 F.3d at 671 (quoting *Pansy*, 23 F.3d at 786).  In determining whether good cause exists, the

court considers:  (1) whether the disclosure will violate any private interests; (2) whether disclosure of the information will cause a party embarrassment; (3) whether the information is being sought for a legitimate purpose or for an improper purpose; (4) whether the sharing of information among the litigants will promote fairness and efficiency; (5) whether confidentiality is being sought over information important to public health and safety; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.  *Id.* at 671–72.

3.    Pursuant to Federal Rule of Civil Procedure 45, Plaintiff has served a document subpoena to non-party Advanced Care Scripts, Inc. ("ACS").  (Doc. No. 135 at 1.)  ACS has agreed to produce certain deposition transcripts of its former employees and their accompanying exhibits from *United States v. Teva Pharms. USA, Inc.*, No. 1:20-cv-11548-NMG (D. Mass. Aug. 18, 2020) ("DOJ Action") and *Humana, Inc. v. Teva Pharms. USA, Inc.*, No. 6:21-cv-00072-CEM-DCI (M.D. Fla. Jan. 8, 2021) ("Humana Action").  (*Id.* at 3.)  Per ACS's request, Plaintiff seeks additional protections for these materials beyond those provided in the existing Protective Order in this action (Doc. No. 91-1, *see* Doc. No. 92) because:  (1) they were produced subject to the protective orders in the DOJ and Humana Actions, which contain higher tiers of protection than exist in the current Protective Order; (2) they may implicate ACS's obligations under the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d, *et seq.*, with respect to sensitive non-party health information; and (3) they may implicate ACS's confidential business information.  (Doc. No. 135 at 3.)

4.    The Court agrees that public disclosure of this information would harm the privacy interests of both the individuals and businesses (i.e., ACS) discussed in the documents.  (*See id.* at 3–4.)  Disclosure of health information, in particular, could cause embarrassment to

non-parties. (*See id.* at 5.) The documents are relevant to this lawsuit, and their production will promote fairness and efficiency during discovery. In addition, there is no indication that the information sought, which consists of health information, financial information, and proprietary business information, is of importance to public health and safety. (*See id.*) And neither ACS nor any of the parties is a public entity or official. (*See id.*) Finally, although this securities fraud class action involves issues that are important to the public, this fact weighs only marginally in favor of public disclosure of the health, financial, and proprietary information that will be produced by ACS during discovery. (*See id.*)

5.      Having weighed the public and private interest factors, the Court finds that good cause exists for entering the parties' stipulated confidentiality order (Doc. No. 135-1). *See United States ex rel. Sirls v. Kindred Healthcare, Inc.*, No. 16-cv-0683-KSM, 2021 WL 12248331, at *1–2 (E.D. Pa. Sept. 13, 2021) (finding good cause to enter qualified protective order over patient medical records and protected health information); *Three Brothers Supermarket Inc. v. United States*, No. 19-cv-2003-KSM, 2020 WL 5749942, at *2 (E.D. Pa. Sept. 25, 2020) (finding *Pansy* factors weighed in favor of protecting personal and financial information for non-party individuals); *Landau v. Zong*, No. 15-cv-1327, 2018 WL 1251844, at *1–2 (M.D. Pa. Mar. 12, 2018) (entering qualified protective order to prohibit the parties from disclosing personal health information for any purpose other than the litigation and to require the return or destruction of any such information at the end of the litigation); *Grant Heilman Photography, Inc. v. Pearson Educ., Inc.*, No. 11-cv-4649, 2012 WL 1521954, at *6 (E.D. Pa. Apr. 30, 2012) ("[C]ourts routinely find good cause to protect the confidentiality of [proprietary commercial information]."); *Castle v. Crouse*, No. 03-cv-5252, 2004 WL 1151710, at *3 (E.D. Pa. May 24, 2004) ("As to claimants' personal information, such as name, address, . . . and other

3

personal identifying information, no one disputes the strong privacy interest at stake.  We agree with both parties that good cause exists at this time to enter a protective order as to this information."); *Bonin v. World Umpires Ass'n*, 204 F.R.D. 67, 70 (E.D. Pa. 2001) (entering "a protective order limiting the disclosure and use of any financial information which is produced by the [union] and which is not otherwise in the public domain from an independent source").

For these reasons, it is **ORDERED** that Plaintiff's unopposed motion (Doc. No. 135) is **GRANTED**, and the parties' Confidentiality Stipulation and Proposed Protective Order Regarding Documents Produced by Advanced Care Scripts, Inc. (Doc. No. 135-1) is **APPROVED**.

**IT IS SO ORDERED.**

*/s/ Karen Spencer Marston*

_____

KAREN SPENCER MARSTON, J.