**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD., Individually and On Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>      v.<br><br>TEVA PHARMACEUTICALS INDUSTRIES LIMITED, EREZ VIGODMAN, EYAL DESHEH, ROBERT KOREMANS, and MICHAEL DERKACZ,<br><br>               Defendants. | Case No. 2:20-cv-04660-KSM<br><br>CLASS ACTION |

**MOTION FOR ENTRY OF CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER REGARDING DOCUMENTS PRODUCED BY NON PARTY CENTERS FOR MEDICARE & MEDICAID SERVICES (CMS)**

Defendants Teva Pharmaceuticals Industries Limited ("Teva"), Erez Vigodman, Eyal Desheh, Robert Koremans, Michael Derkacz, Kare Schultz, Michael McClellan, and Brendan O'Grady ("Defendants"), by and through their undersigned counsel, hereby file this Motion for Entry of a Confidentiality Stipulation and Protective Order Regarding Documents Produced By Non Party Centers for Medicare & Medicaid Services (CMS) and state as follows:

Defendants have conferred with Lead Plaintiff Gerald R. Forsythe ("Plaintiff") (collectively "Parties") and agree that the submission of the attached proposed Confidentiality Stipulation and [Proposed] Protective Order Regarding Documents Produced By Non Party Centers for Medicare & Medicaid Services (CMS) (the "Protective Order") is appropriate at this stage of the action. CMS is a non-party to this Action and has been served a document subpoena pursuant to Federal Rule of Civil Procedure 45 by Defendants.  On November 12, 2025, Defendants served a subpoena duces tecum on Centers for Medicare and Medicaid Services

4936-9587-6993

("CMS"). Before it produces any documents in response to the subpoena, CMS has asked Defendants to obtain a CMS-specific protective order in this action. They include, but are not limited to: (a) Protected Health Information ("PHI"); (b) individualized personal information (e.g., social security numbers and non-public residential addresses); (c) personally identifying information of non-parties; (d) medical records and medical information; and (e) confidential and/or commercially sensitive information or proprietary information of CMS.

The accompanying proposed Protective Order will protect the confidentiality of these materials as much as is practical for this litigation, and within the limits of what is reasonably necessary to achieve this end. Applying the factors set forth in *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662, 671 (3d Cir. 2019), the aforementioned categories of documents and information are among the proper subjects of the Confidentiality Stipulation and Proposed Protective Order Regarding Documents Produced By Non Party Centers for Medicare & Medicaid Services (CMS), attached hereto as Exhibit A.

## ARGUMENT

Federal Rule of Civil Procedure 26 provides, in pertinent part, that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" . . . . Fed. R. Civ. P. 26(c)(1).

"The party seeking a protective order over discovery material must demonstrate that good cause exists for the order." *Avandia*, 924 F.3d at 671 (internal quotation marks omitted) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). In *Pansy*, the Court of Appeals reaffirmed the long-standing principle that district courts have inherent equitable power "to grant

2

4936-9587-6993

confidentiality orders, whether or not such orders are specifically authorized by procedural rules."

*Id.* at 785.

In the Third Circuit, Courts consider the following non-mandatory factors in assessing good cause for a protective order:

1.    Whether disclosure will violate any privacy interests;
2.    Whether the information is being sought for a legitimate purpose or for an improper purpose;
3.    Whether disclosure of the information will cause a party embarrassment;
4.    Whether confidentiality is being sought over information important to public health and safety;
5.    Whether the sharing of information among litigants will promote fairness and efficiency;
6.    Whether a party benefitting from the order of confidentiality is a public entity or official; and
7.    Whether the case involves issues important to the public.

*Avandia*, 924 F.3d at 671; *see also Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 787-91).

Defendants have sought the production of "confidential health and medical information of non-parties to this action, including the protected health information of individuals that is required to be kept confidential by the Health Insurance Portability and Accountability Act (HIPAA). 42 U.S.C. § 1320d, et seq. These documents include sensitive personal and financial information of non-parties. Courts in this Circuit have found a legitimate private interest in maintaining the confidentiality of such information. *See, e.g.*, *Cap. Health Sys., Inc. v. Veznedaroglu*, Civil Action No. 3:15-cv-08288-MAS-LHG, 2021 WL 9439417, at *1-2 (D.N.J. Oct. 6, 2021) (medical information of non-parties warrants protection); *Gerwitz v. Corizon Health Inc.*, No. 2:19-cv-06191-KSM, 2020 WL 12688363, at *2 (E.D. Pa. Nov. 23, 2020) (finding good cause exists for approving a stipulated confidentiality agreement with respect to private personal or medical information); *Three Bros. Supermkt. Inc. v. United States*, No. 2:19-cv-2003 KSM, 2020 WL

4936-9587-6993

5749942, at *2 (E.D. Pa. Sept. 25, 2020). Indeed, in *Three Brothers*, this Court agreed that public disclosure of, among other categories, "household information for individual SNAP members (including names, demographics, identifying numbers, and transaction histories) . . . will harm the privacy interests of nonparties to the extent the documents contain names, addresses, identifying numbers, SNAP information, and financial records for individuals and businesses." *Id.*; *see also J Morita Mfg. Corp. v. Dental Imagining Techs. Corp.*, No. 21-0663-KSM, 2021 WL 4078036, at *1 (E.D. Pa. June 1, 2021) (citing *Three Brothers* in "find[ing] that good cause exists for entering the parties' stipulated confidentiality order"). The same is true here. Indeed, the parties in the DOJ Action jointly moved for and obtained the entry of a protective order maintaining the confidentiality of this information. *United States v. Teva Pharms. USA, Inc., et al.*, No. 20-cv-11548-NMG (D. Mass. Dec. 17, 2021), ECF Nos. 49, 51.

The remaining *Avandia* factors also weigh in favor of the entry of the Protective Order. None of the Parties are public officials or entities. The information being sought of both Parties and non-parties, including any medical records and/or medical information, is of little to no importance to public health and safety (except that of the individuals whose information is being sought). In addition, the Parties and non-parties would suffer injury, including potential theft and/or embarrassment, if their competitive and confidential business information and private personal, financial, and/or medical information was unnecessarily made available to the public. Finally, issues regarding this action that may be important to the public are outweighed by the specific and serious injury that would be suffered by the Parties and non-parties if the aforementioned confidential information were to be disclosed publicly.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court enter the Protective Order in the attached form.

Dated: December 11, 2025

/s/ James P. Smith III
James P. Smith III
Kerry C. Donovan
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (fax)
jpsmith@winston.com
kcdonovan@winston.com

Linda T. Coberly
Daniel M. Blouin
WINSTON & STRAWN LLP
300 N. LaSalle Drive, Suite 4400
Chicago, Illinois 60654
(312) 558-5600
(312) 558-5700 (fax)
lcoberly@winston.com
dblouin@winston.com

Mathieu J. Shapiro (Pa. I.D. No. 76266)
Melissa M. Blanco (Pa. I.D. No. 327659)
OBERMAYER REBMANN
    MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
215-665-3014
215-665-3165 (fax)
mathieu.shapiro@obermayer.com
melissa.blanco@obermayer.com

*Attorneys for Defendants*

5

4936-9587-6993

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2025, the foregoing document was filed electronically and is available for viewing and downloading from the ECF system and that I caused true and correct copies of the foregoing to be served on all counsel of record via CM/ECF.

Dated: December 11, 2025                              By: */s/ Mathieu J. Shapiro*
                                                              Mathieu J. Shapiro

4936-9587-6993