**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD.**, <br><br> Plaintiff, <br><br> *v.* <br><br> **TEVA PHARMACEUTICALS INDUSTRIES LIMITED, et al.**, <br><br> Defendants. | **CIVIL ACTION** <br><br> **NO. 20-4660-KSM** |

## <u>ORDER</u>

**AND NOW**, this 16th day of December, 2025, upon consideration of the Defendants'
Agreed Motion for Entry of Confidentiality Stipulation and Protective Order Regarding
Documents Produced by Non Party Centers for Medicare & Medicaid Services ("CMS") (Doc.
No. 141), the Court finds as follows:

1.      On November 12, 2025, during discovery in the above captioned case, Defendants
served a subpoena upon CMS seeking various information relating to both "[p]arties and non-
parties." (*Id.* at 2, 4.)  The parties have represented that "[b]efore it produces any documents in
response to the subpoena, CMS has asked Defendants to obtain a CMS-specific protective order
in this action." (*Id.* at 2.)

2.      A "party seeking a protective order over discovery material must demonstrate that
good cause exists for the order." *In re Avandia Mktg. Sales Practices & Prods. Liab. Litig.*, 924
F.3d 662, 671 (3d Cir. 2019) (quotation marks omitted).  "Good cause means that disclosure will
work a clearly defined and serious injury to the party seeking closure," and the injury "must be
shown with specificity." *Id.*  In determining whether good cause exists, the court considers:

(1) whether the disclosure will violate any private interests; (2) whether disclosure of the information will cause a party embarrassment; (3) whether the information is being sought for a legitimate purpose or for an improper purpose; (4) whether the sharing of information among the litigants will promote fairness and efficiency; (5) whether confidentiality is being sought over information important to public health and safety; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Id.* at 671–72.

3.       Defendants seek a protective order over at least five categories of information: (1) Protected Health Information ("PHI"); (2) individualized personal information (e.g., social security numbers and non-public residential addresses); (3) personally identifying information of non-parties; (4) medical records and medical information; and (5) confidential and/or commercially sensitive information or proprietary information of CMS.  (Doc. No. 141 at 2.)

4.       The Court agrees that public disclosure of this information would harm the privacy interests of the individuals, businesses, and government entities discussed in the documents.  Disclosure of numerous individuals' PHI and financial information, in particular, is likely to cause embarrassment to nonparties.  The parties are seeking specific information from one particular government entity, therefore the production of this information pursuant to a protective order will promote fairness and efficiency during discovery.  In addition, there is no indication that most of the information sought, which consists of the PHI and financial information for private individuals and the confidential commercial information for Defendants and non-party businesses, is of importance to public health and safety.  And no party is a public entity or official.  Last, the Court finds that although this securities class action case is likely of some importance to the public, the remaining factors outweigh this one.

5. Having weighed the public and private interest factors, the Court finds good cause for entering Defendants' Agreed Confidentiality Stipulation and Proposed Protective Order (Doc. No. 141-1). *See Bonin v. World Umpires Ass'n*, 204 F.R.D. 67, 70 (E.D. Pa. 2001) (entering "a protective order limiting the disclosure and use of any financial information which is produced by the [union] and which is not otherwise in the public domain from an independent source"); *Three Bros. Supermarket Inc. v. United States*, No. 19-cv-2003, 2020 WL 5749942, at *2 (E.D. Pa. Sept. 25, 2020) (finding *Pansy* factors weighed in favor of protecting personal and financial information for non-party individuals, as well as comparator companies' proprietary business information); *Grant Heilman Photography, Inc. v. Pearson,* Civil Action No. 11-cv-4649, 2012 WL 1521954, at *6 (E.D. Pa. Apr. 30, 2012) (finding that the defendant had "a strong interest in keeping its non-public financial information, sales and marketing projections, and forecasts confidential" and that "disclosure of such information would significantly impair [the defendant's] competitiveness in the market"); *Castle v. Crouse*, No. 03-5252, 2004 WL 1151710 at *3 (E.D. Pa. May 24, 2004) ("As to claimants' personal information, such as name, address, . . . and other personal identifying information, no one disputes the strong privacy interest at stake.  We agree with both parties that good cause exists at this time to enter a protective order as to this information.").

For those reasons, it is **ORDERED** that the motion is **GRANTED**, and Defendants' Confidentiality Stipulation and Proposed Protective Order Regarding Documents Produced by Non Party CMS (Doc. No. 141-1) is **APPROVED**.

**IT IS SO ORDERED.**

/s/ Karen Spencer Marston

_____
KAREN SPENCER MARSTON, J.