# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD., Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TEVA PHARMACEUTICALS INDUSTRIES LIMITED, EREZ VIGODMAN, EYAL DESHEH, ROBERT KOREMANS, and MICHAEL DERKACZ, <br><br> Defendants. | Civil Action No. 2:20-cv-04660-KSM |

**DEFENDANT TEVA PHARMACEUTICALS INDUSTRIES LIMITED'S
RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S
<u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Pennsylvania ("Local Rules"), any order entered in or applicable to the above-referenced litigation (the "Action") or any other applicable law or rule, Defendant Teva Pharmaceuticals Industries Limited ("Defendant" or "Teva") submits these responses and objections ("Response") to Lead Plaintiff Gerald Forsythe's ("Lead Plaintiff") Request for Production of Documents, without waiver of any objections or defenses that Defendant asserts in this Response, previously has asserted, or hereafter may assert in this Action.

**<u>GENERAL OBJECTIONS</u>**

The General Objections set forth below apply to the Requests generally and to each Definition, Instruction and specific Request included in the Requests. Unless otherwise stated, the General Objections have the same force and effect as if set forth in full in response to each Definition, Instruction and specific Request. Any undertaking to search for, or provide

information or documents in response to, any item sought by the Requests remains subject to, and without waiver of, the General Objections.  The fact that a General Objection is not specified in this Response does not constitute a waiver of that objection or otherwise preclude Teva from raising that objection at a later time.

1.    Teva objects to these Requests on the grounds that they are premature prior to the final resolution of *United States v. Teva Pharmaceuticals USA, Inc.* (Case No. 1:20-cv-11548-NMG) (the "DOJ Action"), for the reasons set forth in Defendants' motion to stay all proceedings in this Action other than class certification pending resolution of the DOJ Action.

2.    Teva objects to the Requests on the grounds that responding would impose undue and unnecessary burden, expense and duplication of effort on Teva unless and until a reasonable and practicable protocol for the coordination of discovery between this Action and the DOJ Action is agreed among the parties and/or entered by the Court.

3.    Teva objects to the Requests to the extent that they purport to impose burdens or obligations on Teva that are broader than, inconsistent with, not authorized by, or otherwise impermissible under the Federal Rules of Civil Procedure, the Local Rules, any orders entered (or that may be entered) in this Action and any other potentially applicable rules or laws (collectively, the "Applicable Rules").

4.    Teva objects to the Requests to the extent that they are vague, ambiguous, overbroad, lacking in particularity or oppressive, and call for information or documents that are neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of this Action, as well as on the grounds that they are unduly burdensome because they would impose a significant expense and inconvenience on Teva.  Any agreement by Teva to search for documents does not concede that any of the Requests seek information or documents that are relevant to the

claims, defenses, or subject matter of this Action or otherwise are appropriate for discovery in this Action.

5.      Teva objects to the Requests as overbroad and unduly burdensome to the extent that they purport to require the production of "all" or "any" documents where a subset of documents would be sufficient to provide the pertinent information.

6.      Teva objects to the Requests to the extent that they are duplicative of one another or of other discovery requests or subpoenas that have been or may be served in this Action.

7.      Teva objects to the Requests to the extent that they impose an undue burden on Teva by requiring it to: (i) create, generate, compile, or develop documents not currently in Teva's possession, custody, or control; (ii) produce documents that either can be obtained from a more convenient, more efficient, less burdensome, or less expensive source than Teva or that contain information that can be obtained through means less burdensome or less expensive than the Requests; or (iii) produce documents that are public, equally available to, or already in the possession, custody, or control of Lead Plaintiff or his representatives.

8.      Teva objects to the Requests to the extent that they call for documents provided to a governmental entity or regulator on a confidential basis and/or subject to the protections applicable to a governmental or regulatory investigation or inquiry, including, but not limited to, documents or information compiled for law enforcement purposes, communications with a governmental entity, or documents or information produced in response to a subpoena or otherwise requested by a governmental entity.

9.      Teva objects to the Requests, to the extent that they impose an undue burden on Teva by requiring it to conduct anything beyond a reasonable and diligent search for readily accessible files at Teva, including electronically stored information ("ESI"), from centralized,

3

readily accessible sources at Teva, where responsive documents reasonably would be expected to be located.

10. Teva objects to the Requests to the extent that they impose an undue burden on Teva by requiring the preservation and/or production of ESI or documents not stored on active systems, but rather on systems and other media no longer used in Teva's normal business operations. Such ESI is not reasonably accessible. Because of the lack of relevance of such ESI and the cost associated with searching, preserving and accessing these data sources, Teva is not agreeing to search such sources in responding to the Requests.

11. Teva objects to the Requests to the extent that they seek information or documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection from discovery or disclosure ("Protected Information"). Nothing contained in this Response is intended to be, nor shall in any way be construed as, a waiver of any such privilege, immunity, or protection. The absence of an objection to a specific Request on this ground is neither intended nor should be interpreted as evidence that Teva does not object to a Request on the basis of an applicable privilege, immunity, or protection. Inadvertent production of Protected Information shall not constitute a waiver of any privilege, immunity, or protection or of any other grounds for objecting to discovery or admissibility of such material, its subject matter, or the information contained therein, nor shall such production constitute a waiver of Teva's rights, under any applicable protective order and the Applicable Rules, to (i) claw back and seek the return of such materials or (ii) object to its use at any stage of this Action or in any other action or proceeding. Further, if Teva at any time discovers that it produced Protected Information, the receiving party shall promptly undertake commercially reasonable efforts to return to Teva, sequester, or destroy all copies of such information and

4

documents, as set forth in the applicable protective order.  In all events, such return, sequestration, destruction, and/or certification must occur within ten (10) business days of receipt of the request, unless the parties agree otherwise.

12.    Teva objects to the Requests to the extent that they purport to seek the production of information or documents that reflect (i) trade secrets; (ii) information that is otherwise confidential, proprietary, commercially sensitive, or competitively significant to Teva or any affiliate thereof, or to current and former directors, employees, consultants, clients, customers, and/or counterparties of Teva or any affiliate thereof; (iii) personal information, including confidential health information, of any present and/or former employee, consultant, client, customer, and/or counterparties of Teva or any affiliate thereof; and/or (iv) information that is subject to other protective orders, nondisclosure agreements, or other confidentiality undertakings.

13.    Teva objects to the Requests to the extent that they purport to require Teva to draw legal conclusions or are predicated on legal conclusions or arguments.  Subject to and without waiver of its objections in this Response, Teva states that any written response, production of documents, or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, a legal conclusion or admission.

14.    Teva objects to the Requests to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place.  This Response and any production of documents in response to the Requests are not intended, and shall not be construed, as an admission that any allegations, assertions, or factual predicates stated in the Requests are accurate and shall not constitute or be construed as providing a legal conclusion or admission concerning any of the Requests.

15.    Teva objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate allegations and assertions that are disputed, erroneous, or irrelevant to this Action.  In responding and objecting to the Requests, Teva does not admit or concede the correctness of any such allegations or assertions.

16.    Any undertaking to meet and confer regarding, search for, or provide information or documents in response to any Request remains subject to the objections in this Response. Teva's agreement to produce responsive documents is not intended, and shall not be construed, as an admission that any responsive documents exist.

17.    Irrespective of whether Teva produces documents or provides information in response to the Requests, Teva reserves the right (but does not assume the obligation) to (i) revise, correct, supplement, amend, modify, or clarify the content of this Response; (ii) provide additional responsive information and documents in the future; (iii) object to further discovery in this Action, including discovery relating to the subject matter of documents produced; (iv) use or rely upon any information and documents produced in this Action in any hearing, proceeding, or trial; (v) use or rely upon subsequently discovered information or information omitted from this Response as a result of mistake, error, oversight, or inadvertence in any hearing, proceeding, or trial; and (vi) challenge the authenticity or admissibility of any information or documents in any hearing, proceeding, or trial.

18.    Teva objects to the Requests and states that it will not produce any documents until the parties have agreed to, and if necessary, the Court has entered, an ESI protocol and confidentiality agreement/protective order which serve to govern discovery in this Action.

6

## OBJECTIONS TO DEFINITIONS

1.      Teva objects to the Requests to the extent they call for the production of "all" documents or "each" document pertaining to a specific subject on the ground that such requirements are overly broad, unduly burdensome and are not reasonably calculated to lead to the discovery of relevant evidence.

2.      Teva objects to the definition of "Document" to the extent that it purports to impose an obligation that exceeds those imposed by the Applicable Rules, and to the extent that it purports to impose an obligation to collect ESI from sources that are not reasonably accessible because of undue burden or cost.  Teva further objects to the definition of "Document" to the extent that it purports to require the identification and/or restoration of any deleted, legacy, backup, or archival data.  Subject to and without waiver of these objections, Teva will construe "Document" in accordance with the Applicable Rules.

3.      Teva objects to the definition of "Donation" on the grounds and to the extent that (i) the phrase "payments Teva made to [CPAPs]" assumes facts or conclusions that are incorrect, inaccurate and/or without any reasonable basis; (ii) the term "payment" is vague, ambiguous, and not reasonably particularized; and (iii) it is overbroad and unduly burdensome, and calls for information or documents that are neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of, this Action, including insofar as it purports to seek documents pertaining to donations not at issue in this Action.

4.      Teva objects to the definition of "Teva" on the grounds and to the extent that (i) the phrase "all other persons acting, or purporting to act, on behalf of any of the foregoing" as used therein is vague and ambiguous; (ii) it is overbroad and vague to the extent that it purports to include entities other than Teva Pharmaceuticals Industries Limited, and calls for information or

7

documents that are neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of this Action; (iii) it is unduly burdensome to the extent that it purports to impose on Teva burdens and obligations that exceed those imposed by the Applicable Rules; and (iv) it purports to seek information or documents that are not in Teva's possession, custody, or control. Subject to and without waiver of these objections, Teva will construe the terms "Teva" to refer solely to Teva Pharmaceuticals Industries Limited.

5.      Teva objects to the definition of "to identify" on the grounds and to the extent that it is (i) overbroad and unduly burdensome, and calls for information that is not proportional to the needs of this Action; (ii) is vague, ambiguous, and not reasonably particularized;  (iii) it purports to seek information that is not in Teva's possession, custody, or control; and (iv) purports to impose on Teva burdens and obligations that exceed those imposed by the Applicable Rules.

6.      Teva objects to the definition of "You" and "Your" on the grounds and to the extent that (i) the phrase "all other persons acting, or purporting to act, on behalf of any of the foregoing" as used therein is vague and ambiguous; (ii) it is overbroad and vague to the extent that it purports to include entities other than Teva Pharmaceuticals Industries Limited, and calls for information or documents that are neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of this Action; (iii) it is unduly burdensome to the extent that it purports to impose on Teva burdens and obligations that exceed those imposed by the Applicable Rules; and (iv) it purports to seek information or documents that are not in Teva's possession, custody, or control. Subject to and without waiver of these objections, Teva will construe the terms "You" and "Your" to refer solely to Teva Pharmaceuticals Industries Limited.

**OBJECTIONS TO INSTRUCTIONS**

1.      Teva objects to Instruction No. 1 on the grounds and to the extent that (i) it purports to impose on Teva burdens and obligations that exceed those imposed by the Applicable Rules, including insofar as it purports to suggest that documents of Teva's "agents, representatives, employees, accountants and attorneys" are within Teva's possession, custody or control; (ii) it purports to require Teva to conduct anything more than a reasonable search for responsive information or documents; (iii) it is overbroad and unduly burdensome to the extent that it purports to require Teva to collect and produce information or documents from a multitude of sources, and beyond electronic sources that are centrally maintained by Teva; and (iv) the phrase "Your agents" as used therein is vague and ambiguous.

2.      Teva objects to Instruction Nos. 2, 3 and 4 as overbroad, unduly burdensome, and beyond the scope of proper discovery insofar as (i) they purport to require Teva to collect and produce information or documents from a multitude of sources that are not reasonably accessible; and (ii) they purport to impose on Teva burdens and obligations that exceed those in the Applicable Rules.  Teva further objects to the extent that they purport to require production of materials or a form of production that is broader than and/or inconsistent with the provisions of any ESI protocol or other agreement concerning the production of documents entered into by the parties.

3.      Teva objects to Instruction Nos. 5 and 12 as overbroad, unduly burdensome, and beyond the scope of proper discovery insofar as they purport to require Teva to determine whether responsive documents that once were within Teva's possession, custody, or control no longer exist and then provide corresponding information about any such documents.  Teva further objects to Instructions No. 5, 6 and 12 to the extent that they purport to impose burdens or obligations on Teva that are broader than, inconsistent with, not authorized by, or are otherwise impermissible

9

under the Applicable Rules, or any orders entered (or that may be entered) in this Action. Where indicated below, Teva will conduct a reasonable search for and produce non-privileged, responsive information. Teva will not endeavor to determine and disclose the requested information concerning documents that are not in Teva's possession, custody, or control, or that may or may not exist.

4. Teva objects to Instruction Nos. 7, 8, 13, 14, 15 and 16 to the extent that they purport to impose burdens or obligations on Teva that are broader than, inconsistent with, not authorized by, or are otherwise impermissible under the Applicable Rules, or any orders entered (or that may be entered) in this Action.

5. Teva objects to Instruction Nos. 9, 10 and 11 to the extent that they seek to impose an obligation upon Teva to log each and every individual document withheld on the basis of privilege. If deemed necessary, Teva will produce a categorical log of documents withheld as privileged and then meet and confer regarding any additional information reasonably needed.

## OBJECTIONS TO RELEVANT TIME PERIOD

Teva objects to the definition of "Relevant Period" on the grounds and to the extent that the time period of October 29, 2012, through the present is overbroad, unduly burdensome, and calls for information or documents that are neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of this Action insofar as it purports to be applicable to each of the Requests.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents You produced to plaintiff in *United States v. Teva Pharmaceuticals USA, Inc.*, No. 1:20-cv-11548-NMG (D. Mass. Aug. 18, 2020).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to and without waiving the General Objections set forth above, which are expressly incorporated by reference herein, Teva objects to this Request on the grounds that it is premature prior to final resolution of the DOJ Action for the reasons set forth in Defendants' motion to stay all proceedings in this Action other than class certification pending resolution of the DOJ Action.

Teva further objects to this Request on the grounds that it (i) is overbroad, unduly burdensome and calls for the production of documents or information that are neither relevant to the claims, defenses or subject matter, nor proportional to the needs, of this action; (ii) calls for the production of documents consisting of, containing or reflecting Protected Information or other information that is confidential, proprietary, commercially sensitive or of a personal nature, including confidential individual personal health information, thereby imposing an undue burden on Teva; and (iii) calls for the production of documents provided to a governmental entity or regulator on a confidential basis and/or subject to the protections applicable to a governmental or regulatory investigation or inquiry.

Teva further objects to this Request on the grounds that responding would impose undue and unnecessary burden, expense and duplication of effort unless and until a reasonable and practicable protocol for the coordination of discovery between this Action and the DOJ Action is agreed among the parties and/or entered by the Court. Teva is prepared to meet and confer with Plaintiff in an effort to agree on such protocol, to be implemented in the event and to the extent that Defendants' motion to stay is denied.

11

**REQUEST FOR PRODUCTION NO. 2:**

All Documents concerning the marketing of Copaxone.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Subject to and without waiving the General Objections set forth above, which are expressly incorporated by reference herein, Teva objects to this Request to the extent that it is duplicative of Request No. 1 and on the grounds that it is objectionable on the same grounds set forth above in response thereto. Accordingly, Teva's response to Request No. 1 is incorporated by reference herein.

Teva further objects to this Request on the grounds that (i) the phrase "concerning the marketing" as used therein is vague and ambiguous; and (ii) it is overbroad and unduly burdensome insofar as it seeks the production of "All Documents" from October 29, 2012 through the present.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning any charitable activity concerning the sale or distribution of Copaxone, including Donations to CPAPs such as CDF and TAF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

*See* Responses to Request Nos. 1 and 2, which are expressly incorporated by reference herein. Teva further objects to this Request on the grounds that the phrases "concerning any charitable activity concerning the sale or distribution of Copaxone" and "Donations to CPAPs" as used therein are vague and ambiguous and/or assume inaccurate or incorrect facts.

**REQUEST FOR PRODUCTION NO. 4:**

All board meeting minutes which contain any information regarding the marketing of Copaxone or any charitable activity concerning the sale or distribution of Copaxone, including Donations to CPAPs such as CDF and TAF.

12

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Subject to and without waiving the General Objections set forth above, which are expressly incorporated by reference herein, Teva objects to this Request on the grounds that it is premature prior to final resolution of the DOJ Action for the reasons set forth in Defendants' motion to stay all proceedings in this Action other than class certification pending resolution of the DOJ Action.

Teva further objects to this Request on the grounds that (i) it is duplicative of Request Nos. 2-3; (ii) the phrases "any information," "regarding the marketing of Copaxone or any charitable activity concerning the sale or distribution of Copaxone" and "Donations to CPAPs" are vague and ambiguous or are based on incorrect or inaccurate facts; and (iii) it is overbroad, unduly burdensome and calls for the production of documents or information that are neither relevant to the claims, defenses or subject matter, nor proportional to the needs, of this Action.

In the event and to the extent that Defendants' motion to stay is denied and a reasonable and practicable protocol for the coordination of discovery between this Action and the DOJ Action is agreed among the parties and/or entered by the Court, Teva is prepared to promptly meet and confer with Plaintiff with respect to this Request.

Dated: June 27, 2022

Respectfully submitted,

*s/ Linda T. Coberly*
Daniel M. Blouin
Linda T. Coberly
WINSTON & STRAWN LLP
35 West Wacker Drive, Suite 4700
Chicago, IL 60601
(312) 558-5600
(312) 558-5700 (fax)
dblouin@winston.com
lcoberly@winston.com

13

James P. Smith III
Kerry C. Donovan
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
(212) 294-4700 (fax)
jpsmith@winston.com
kcdonovan@winston.com

Mathieu J. Shapiro
OBERMAYER REBMANN MAXWELL &
HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
(215) 6665-3014
(215) 665-3165 (fax)
mathieu.shapiro@obermayer.com

*Attorneys for Teva Pharmaceuticals Industries Limited*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of June 2022, I caused a true and correct copy of

Defendant Teva Pharmaceuticals Industries Limited's Responses and Objections to Lead

Plaintiff's Request for Production of Documents to be served via electronic mail on Lead

Plaintiff's counsel as follows:

Timothy J. Peter
FARUQI & FARUQI, LLP
1617 John F. Kennedy Blvd., Ste. 1550
Philadelphia, PA 19103
tpeter@faruqilaw.com

James Milligan Wilson, Jr.
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Fl.
New York, NY 10017
jwilson@faruqilaw.com

Robert W. Killorin
FARUQI & FARUQI, LLP
3975 Roswell Rd., Ste. A
Atlanta, GA 30342
rkillorin@faruqilaw.com

*s/ Kerry C. Donovan*
Kerry C. Donovan
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (fax)
kcdonovan@winston.com
