# EXHIBIT I

## Katherine Lenahan

| | |
|---|---|
| **From:** | Stern, Michael <MJStern@winston.com> |
| **Sent:** | Tuesday, December 9, 2025 6:07 PM |
| **To:** | Katherine Lenahan |
| **Cc:** | Donovan, Kerry; Smith, James P.; Coberly, Linda; Jacobson, Jara R. Y.; Shapiro, Mathieu; Blanco, Melissa; James Wilson; Robert W. Killorin; Timothy J. Peter |
| **Subject:** | RE: Teva - Requests for Production |

**CAUTION:** This Message originated from outside of the firm. Do not click on a link, open or enable any file unless you trust the sender.

---

Katherine,

Insofar as plaintiffs have now subpoenaed the DOJ for the documents relied on and depositions given by the DOJ's experts in the DOJ Action, are seeking third-party documents directly from the third parties, and will receive the documents to which they're entitled relevant to any expert report that may be offered by the defendants in *this* case when contemplated under the agreed schedule, it seems to us the Nov. 17 RFPs are moot.  That said, we are nevertheless still prepared to produce the Russell report (reserving all rights to challenge its relevance here), upon confirmation that the November 17 RFPs have been withdrawn and plaintiffs will not purport to issue any further discovery requests to defendants prior to the completion of fact depositions.

Thanks,

Michael



**MICHAEL STERN**
ASSOCIATE ATTORNEY

**T** +1 (312) 558-6069
mjstern@winston.com

*Admitted to practice in Illinois*

---

**From:** Katherine Lenahan <klenahan@faruqilaw.com>
**Sent:** Wednesday, December 3, 2025 12:57 PM
**To:** Stern, Michael <MJStern@winston.com>
**Cc:** Donovan, Kerry <KCDonovan@winston.com>; Smith, James P. <JPSmith@winston.com>; Coberly, Linda <LCoberly@winston.com>; Jacobson, Jara R. Y. <JJacobson@winston.com>; Shapiro, Mathieu <mathieu.shapiro@obermayer.com>; Blanco, Melissa <melissa.blanco@obermayer.com>; James Wilson <jwilson@faruqilaw.com>; Robert W. Killorin <rkillorin@faruqilaw.com>; Timothy J. Peter <tpeter@faruqilaw.com>
**Subject:** RE: Teva - Requests for Production

1

Michael,

While we disagree with your characterization of the situation in the first paragraph of your email, we do not think that belaboring the point is worthwhile given our previous correspondence. We appreciate Defendants' effort to take a commonsense approach to resolving these discovery issues. However, in order to move forward to a resolution without court involvement, can you please respond to our basic request that still has not been addressed:

1. Will Defendants produce the TEVA bates numbered documents relied on by the experts in the DOJ case or give us the corresponding bates numbers in our case so we can locate those documents in the production made by Defendants in this case (or narrow the list of those documents that have not been produced)? As explained in our emails, Defendants had represented that these corresponding bates numbers would be provided to us should the need arise.



Thank you,

Katherine

**From:** Stern, Michael <MJStern@winston.com>
**Sent:** Wednesday, December 3, 2025 10:29 AM
**To:** Katherine Lenahan <klenahan@faruqilaw.com>
**Cc:** Donovan, Kerry <KCDonovan@winston.com>; Smith, James P. <JPSmith@winston.com>; Coberly, Linda <LCoberly@winston.com>; Jacobson, Jara R. Y. <JJacobson@winston.com>; Shapiro, Mathieu <mathieu.shapiro@obermayer.com>; Blanco, Melissa <melissa.blanco@obermayer.com>; James Wilson <jwilson@faruqilaw.com>; Robert W. Killorin <rkillorin@faruqilaw.com>; Timothy J. Peter <tpeter@faruqilaw.com>
**Subject:** RE: Teva - Requests for Production

**CAUTION: This Message originated from outside of the firm. Do not click on a link, open or enable any file unless you trust the sender.**

Katherine,

Your most recent email only further emphasizes that plaintiffs knew about the documents requested in the Nov. 17 RFPs at least a year ago – and approximately six months before the substantial completion deadline. Citing your initial discovery requests is equally unhelpful, since, as you know, the parties thereafter extensively negotiated and agreed upon a narrowed scope for Teva's production, including which documents would be re-produced from Teva's DOJ production. Moreover, our production of the negotiated DOJ clone production from the DOJ Action was complete by November 2024. Indeed, if plaintiffs were merely following up on earlier requests or purported deficiencies in Teva's final production (as you suggest), why did they issue a full set of brand new RFPs?

Passing all of that, we appreciate plaintiffs' very sensible offer to withdraw most of the improper Nov. 17 RFPs.  While it is outside the scope of our agreed production, was not ultimately relied on by Teva in the DOJ Action and is not a document we ever suggested would be relied on in expert discovery in *this* case, we are nevertheless prepared to produce the expert report of John Russell in the DOJ Action (reserving all rights with respect to its relevance or admissibility), based on our understanding that this will result in the withdrawal of the Nov. 17 RFPs and that plaintiffs will not serve any further document requests.  Please confirm.

Thanks,

Michael

**MICHAEL STERN**
ASSOCIATE ATTORNEY

**T**  +1 (312) 558-6069
mjstern@winston.com

*Admitted to practice in Illinois*

**From:** Katherine Lenahan <klenahan@faruqilaw.com>
**Sent:** Monday, December 1, 2025 5:03 PM
**To:** Stern, Michael <MJStern@winston.com>
**Cc:** Donovan, Kerry <KCDonovan@winston.com>; Smith, James P. <JPSmith@winston.com>; Coberly, Linda <LCoberly@winston.com>; Jacobson, Jara R. Y. <JJacobson@winston.com>; Shapiro, Mathieu <mathieu.shapiro@obermayer.com>; Blanco, Melissa <melissa.blanco@obermayer.com>; James Wilson <jwilson@faruqilaw.com>; Robert W. Killorin <rkillorin@faruqilaw.com>; Timothy J. Peter <tpeter@faruqilaw.com>
**Subject:** RE: Teva - Requests for Production

Michael,

Thank you, I hope you had a great Thanksgiving as well.

Plaintiff has always sought production – ██████████████████ – of documents from the DOJ Action, including the expert reports and supporting materials on which the experts relied. Many of these materials were necessarily produced by Teva to the DOJ in the DOJ Action, as I noted in my prior email.  Furthermore, Defendants have expressly referred us to those documents and information in prior discovery responses. ███████████████ ████████████████████████████████████ The recent more focused requests at issue were made approximately two and a half months from the deadline to complete fact discovery.  Plaintiff's November 17 RFPs do not conflict with ██████████████████████████████ any representations to the Court.

Our prior discovery requests clearly encompassed expert materials from the DOJ Action.  In addition to our prior document demands (including those to non-parties), ████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████.

3



After the mediation (which was held on October 20, not September 21 as you incorrectly stated in your email) failed and the stay lifted, we continued our efforts to ensure that we obtained the discovery to which we are entitled, including the DOJ information addressed by the experts in that case, by continuing to review the production made by Defendants and seeking outstanding information from third parties. Your claim that we could have served document demands for this information before the May 9 substantial completion date is disingenuous at best. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Clearly there was still discovery outstanding and Plaintiffs always reserved the right to serve more discovery during the discovery period. The stay pending mediation, ████████████████████ went into effect on June 18. Thus, Plaintiff did not have a reasonable amount of time to vet Defendants' production between May 9 (claimed date of substantial production) and June 18 (date of stay) to confirm whether all expert materials had been produced. Indeed, Defendants' insistence on producing documents from the DOJ Action with a new set of unique bates numbers – and removing the corresponding DOJ Action bates numbers – has made our efforts to ensure compliance with discovery all the more difficult and time consuming. Thus, the fact that the parties communicated to the Court that there was an agreement on custodial document production and/or reflected the May 9 substantial completion date, does not in any way conflict with our position.

Since we have previously sought production of the expert material from the DOJ Action, but could not locate it in the documents produced, we emailed on November 11 seeking the corresponding bates numbers for documents on which some of the experts in the DOJ Action relied. Indeed, Defendants had previously offered to provide the corresponding bates numbers from the DOJ Action if we needed them. We served the Nov. 17 RFPs not in an effort to renegotiate the scope of Defendants' production, but rather to expressly define the documents that in our view should have been produced. The Nov. 17 RFPs are narrowly tailored to our needs in this case, is information that Defendants purported to be producing, and imposes a minimal burden since we are seeking documents identified in the DOJ Action. Moreover, prior to the unsuccessful mediation, Plaintiff could not have reasonably served these document demands due to time constraints. Thus, the circumstances in this case are vastly different from the discovery order in *Shih v. Petal Card, Inc.*, 2021 U.S. Dist. LEXIS 248530 (S.D.N.Y. Dec. 29, 2021), where the party appears to have already known that it did not have the documents in question. Rather, our circumstances fit squarely within the parameters of *Whitewater West Industries, Ltd. v. Pacific Surf Designs, Inc.*, 2018 WL 2979575, at *4 (S.D. Cal. 2018) that sets out the common sense approach that a date for substantial completion does not mean that additional narrow discovery demands cannot be served.

The RFPs are proper under the Federal Rules and in line with case law on this issue under these circumstances. However, in an effort to avoid motion practice, we are willing to narrow the Nov. 17 RFPs as follows:

(1) We will agree to withdraw the request for purportedly publicly available information whether behind paywalls or not (websites, treatises, articles, books);

(2) We will agree to withdraw the request for bates-numbered documents that are likely from third parties such as CDF, TAF, and ACS;

(3) We will agree to withdraw the request for all expert reports except that of Teva expert John Russell which has not been produced and is not otherwise publicly available.

We are prepared to move to enforce the Nov. 17 RFPs as narrowed and we reserve the right to seek costs as part of our motion. We are happy to discuss.

Best,

Katherine

From: Stern, Michael <MJStern@winston.com>
Sent: Wednesday, November 26, 2025 1:05 PM
To: Katherine Lenahan <klenahan@faruqilaw.com>; Donovan, Kerry <KCDonovan@winston.com>
Cc: Smith, James P. <JPSmith@winston.com>; Coberly, Linda <LCoberly@winston.com>; Jacobson, Jara R. Y. <JJacobson@winston.com>; Shapiro, Mathieu <mathieu.shapiro@obermayer.com>; Blanco, Melissa <melissa.blanco@obermayer.com>; James Wilson <jwilson@faruqilaw.com>; Robert W. Killorin <rkillorin@faruqilaw.com>; Timothy J. Peter <tpeter@faruqilaw.com>
Subject: RE: Teva - Requests for Production

**CAUTION:** This Message originated from outside of the firm. Do not click on a link, open or enable any file unless you trust the sender.

Katherine,

If plaintiffs will not withdraw their demonstrably improper Nov. 17 RFPs, defendants will serve formal objections and plaintiffs can present their untenable position to the Court to try to force compliance. ██████████
████████████████████████████████████████████████████████████████████████████

Further back-and-forth on this issue will not be productive, but before we serve our objections (for which we reserve the right to seek costs), and in the hope that plaintiffs will reconsider and withdraw the requests, we note the following for the record:

**First,** your characterization of the extensively negotiated May 9, 2025 substantial completion document production cutoff as a mere directional "benchmark" is at odds with plaintiffs' own representation to the Court just weeks prior to the deadline, when, in your April 21, 2025 letter, you told the Court that "[t]he parties have ... reached agreement on the scope of remaining custodial document production, which Defendants are scheduled to substantially complete on May 9, 2025 ...." Plaintiffs never suggested that they could or would ever seek to promulgate further document requests, let alone that such requests would relate to the long-since substantially complete DOJ clone production. Nor at any time after May 9 and prior to the September 21 mediation did plaintiffs ever suggest that either the DOJ or the custodial production was incomplete. In fact, the Court's June 18, 2025 order staying this case pending our mediation was based in part on the representation that "document production is substantially complete...."

5

**Second,** where, as here, a party could have issued the requests well before the substantial completion deadline, such requests are untimely.  *See Shih v. Petal Card, Inc.*, 2021 U.S. Dist. LEXIS 248530, at *9-10 (S.D.N.Y. Dec. 29, 2021) (denying request to compel response to RFPs served after substantial completion deadline where "plaintiff could have timely requested [the documents] well in advance of [the substantial completion deadline]").  Here, as was clearly reflected on the public docket in the DOJ Action, expert discovery in that case concluded years ago— that is, years before the scope of the clone DOJ production in this case was negotiated and agreed to, and even longer before the agreed substantial completion deadline for all document production.

**Third**, through the Nov. 17 RFPs, plaintiffs seek to renegotiate the agreed scope of Teva's production, including seeking documents produced by third parties and/or from outside the agreed-to time-period. ██████████████████████████████████████████████████████████████████████████████████████████████s you note, the documents plaintiffs are now requesting were relied on by experts *in a different case* who, in many instances, opined on issues having nothing to do with this one.  *In this case*, we are still months away from designating experts.  Accordingly, plaintiffs have no idea whether or on what issues defendants may (or may not) designate experts, let alone what their opinions would be or what documents they might rely on.  Plaintiffs will receive discovery relevant to any expert opinions *actually offered in this case* when contemplated under the agreed schedule. -

**Finally**, when we negotiated the parameters of Teva's clone production, we agreed to provide you with all documents produced *by Teva* in the DOJ Action from October 29, 2012, forward, which we did.  We also agreed to provide you with the DOJ Action bates numbers for any of those documents as to which you could articulate a particular need for a DOJ bates number.  We did that in our November 19, 2025 email.

Beyond that, we were (and are) under no obligation to produce third-party or publicly available documents that were not produced by Teva in the DOJ Action, which is why you can't find many of the DOJ bates-numbered documents you're looking for.  We don't need (or intend) to "work together with you" in your efforts to get those documents from the third parties, nor would it be appropriate to disclose to plaintiffs which documents outside the scope of negotiated discovery in this case Teva was obligated to destroy under the DOJ Action protective order.

Moreover, your assumption that Teva ever had all the DOJ expert documents in its possession, custody, or control is wrong.  And the Company is certainly under no obligation to go out and gather such documents for plaintiffs.  If you want documents behind a paywall, plaintiffs can get them by simply paying for them.  Nothing obligates defendants to bankroll the prosecution of the case against them.

Please let us know whether plaintiffs will withdraw the RFPs or if we should go ahead and serve our formal objections.

Thanks, and I hope you have a wonderful Thanksgiving.

Michael



**MICHAEL STERN**
ASSOCIATE ATTORNEY

**T**  +1 (312) 558-6069
mjstern@winston.com

*Admitted to practice in Illinois*

---

**From:** Katherine Lenahan <klenahan@faruqilaw.com>
**Sent:** Friday, November 21, 2025 12:27 PM
**To:** Donovan, Kerry <KCDonovan@winston.com>

**Cc:** Smith, James P. <JPSmith@winston.com>; Coberly, Linda <LCoberly@winston.com>; Stern, Michael <MJStern@winston.com>; Jacobson, Jara R. Y. <JJacobson@winston.com>; Shapiro, Mathieu <mathieu.shapiro@obermayer.com>; Blanco, Melissa <melissa.blanco@obermayer.com>; James Wilson <jwilson@faruqilaw.com>; Robert W. Killorin <rkillorin@faruqilaw.com>; Timothy J. Peter <tpeter@faruqilaw.com>
**Subject:** RE: Teva - Requests for Production

Kerry,

Your claim that Defendants are absolved of their duties to comply with our legitimate and reasonable discovery requests – served 75 days before the end of discovery – based on a prior interim discovery benchmark (*i.e.*, your duty to have substantially completed production) and ███████████████████████████████, is untenable.  Plaintiff will not withdraw the November 17 document demands ("Nov. 17 RFPs").

The fact that the parties agreed on a date for Defendants to substantially complete document production and were able to reach a compromise on our prior document demands is no bar to our right under the Federal Rules to continue to investigate and pursue discovery into class claims.  Indeed, if Defendants had intended to end document discovery on the date of their "substantial completion" deadline, they should have so stated in the scheduling order we submitted to the Court.  Not only was that not done, but you never informed us of this position in any of our numerous and lengthy meet-and-confers.  To now try to transform that benchmark into a hard cut-off date is surprising to us and lacks support.  *See, e.g., Whitewater West Industries, Ltd. v. Pacific Surf Designs, Inc*., 2018 WL 2979575, at *4 (S.D. Cal. 2018) (finding service of additional RFPs after the deadline for substantial completion of discovery was not improper because such a deadline "does not require that all fact discovery be completed by that date which is why there is a separate deadline for the completion of fact discovery").

Our Nov. 17 RFPs seek a relatively small number of additional documents, each of which is expressly identified and pertains to our allegations and Defendants' defenses.  We thought that many of these documents would have been included in the productions to date given their use in the DOJ Action.  Plaintiff has been diligently reviewing the voluminous materials Teva and other third parties have produced in this action.  As you know, we are also waiting on several deposition transcripts and exhibits that we understand Teva and others are working to produce to us.  We have also been preparing for the upcoming expert phase of discovery.  As part of that process, we have been gathering the materials the experts in the DOJ Action relied on.

While we were able to locate some of those materials, *see attached*, we were unable to locate others.  This is because many of those documents are identified only by bates numbers from the DOJ Action, and we have no way of cross-referencing them with our production because you denied our request for the documents to be produced with the original bates numbers at the outset of discovery.  We are not trying to get Defendants to do our work for us.  One of the reasons we consented to the production of documents here without the DOJ bates numbers in the first place was because you agreed that you would provide us with bates numbers should we articulate a need for them.  Accordingly, we reached out to you on November 12 about bates-numbered materials cited by the DOJ's experts, to which you responded that Teva would see if they could identify the bates-numbered documents for Teva's own documents if we could identify which ones belonged to Teva.  We attempted to do so by email that same day, while noting that we were not in a position to know who, exactly, produced what.  Thus, in an effort to streamline things, we decided to issue the Nov. 17 RFPs that specifically list the bates numbers of the documents we think are missing.  As part of those RFPs, we also sought third party documents and purportedly public materials that the experts relied on that we have been unable to track down for two reasons.

First, the materials the DOJ's experts relied on were necessarily provided to Teva in that action, and the materials Teva's experts relied on were necessarily provided by Teva to the DOJ, most likely all at once, which would make the burden of reproducing those items here minimal.  To be clear, we are <u>not</u> asking Teva to go out and gather purportedly public materials from the public domain, but rather to produce those materials to the extent they are in Teva's possession, custody, or control.  Indeed, we are only requesting those public materials, like academic

articles, that we have been unable to access because we could not locate them or they are subject to an expensive paywall for which the class should not have to bear the cost.  With respect to the websites and books listed therein, we are only seeking those to the extent Teva provided (or was provided with) some kind of a printout or digital file of those items.  In our experience, that is how experts often provide their materials to the opposing party.  In any event, even documents that are considered "publicly available" are not exempt from discovery.  *See Sierra Club v. GenOn Power Midwest LP*, No. 2:19-CV-1284, 2020 WL 7240367 (W.D. Pa. Oct. 19, 2020) ("[T]he fact that a document is cited by a party's expert and is publicly available does not excuse that party from timely production of the document, if it is the subject of an appropriate discovery request.") (internal citations omitted).

Second, we do not have 100% clarity on which documents were produced by Teva and which were produced by third parties.  We understand that Teva might have had to destroy some of the materials sought pursuant to the DOJ Action's protective order, but we have no way of knowing which documents those are.  Nonetheless, we have also served additional subpoenas on ACS and CDF, and are working with TAF to determine if we can get any of the missing documents from them.  We are happy to work together with you and them to figure out the least burdensome way to obtain these materials.



The Nov. 17 RFPs are part of our discovery efforts.  We still have over two months until the close of discovery and as we have reminded you repeatedly, we will seek to gather all the evidence needed to fully represent our client and the Class.  ██████████████████████████████████████████.

We are happy to discuss.

Best,

Katherine

From: Donovan, Kerry <KCDonovan@winston.com>
Sent: Wednesday, November 19, 2025 4:13 PM
To: Katherine Lenahan <klenahan@faruqilaw.com>
Cc: Smith, James P. <JPSmith@winston.com>; Coberly, Linda <LCoberly@winston.com>; Stern, Michael <MJStern@winston.com>; Jacobson, Jara R. Y. <JJacobson@winston.com>; Shapiro, Mathieu <mathieu.shapiro@obermayer.com>; Blanco, Melissa <melissa.blanco@obermayer.com>; James Wilson <jwilson@faruqilaw.com>; Robert W. Killorin <rkillorin@faruqilaw.com>; Timothy J. Peter <tpeter@faruqilaw.com>
Subject: RE: Teva - Requests for Production

**CAUTION:** This Message originated from outside of the firm. Do not click on a link, open or enable any file unless you trust the sender.

**CONFIDENTIAL – SUBJECT TO FRE 408**

Katherine,

Defendants are under no obligation—long past substantial completion of document production and well prior to expert discovery—to obtain for plaintiffs materials never previously requested that were relied on by experts Teva used in a different case nearly three years ago, let alone those used by *another* party's experts in that case. Nor is it our job to litigate your case for you by fetching publicly available documents or searching the documents we've already produced to uncover where you may be able to find things in which you've suddenly developed an interest.

Serving a woefully untimely 114-page "RFP" seeking all of the expert discovery from a different case (and then some) doesn't help plaintiffs' cause.

The existence of the expert reports and transcripts that form the basis of these requests has been public knowledge since summary judgment motions were filed in the DOJ Action back in April 2023. Long after that, the parties in this case spent months negotiating which documents Teva would produce from the DOJ Action and investigation, reaching final agreement in March 2025. Teva completed that production by April 7, 2025, and heard nothing from plaintiffs thereafter regarding any alleged deficiencies.

Furthermore, also back in March 2025, we confirmed for you, at your request, the depositions that were taken in the DOJ Action, including the expert depositions. Plaintiffs thereafter chose to pursue production of only *fact* deposition transcripts and the parties reached agreement regarding which DOJ transcripts Teva would produce on April 4, 2025. Moreover, final production pursuant to the custodial document searches requested by plaintiff (over and above the DOJ production) was completed by the agreed substantial completion deadline on May 9, 2025.



Passing the above, the majority of these "RFPs" seek third-party documents or information that plaintiffs are either currently in the process of seeking, or know that they must seek, directly from those third parties themselves. Even if Teva had such documents in its possession, plaintiffs know from the process of attempting to obtain third-party exhibits to fact depositions (and corresponding testimony) in the DOJ Action that the third parties' consent would be required regardless. But in any event, pursuant to the protective order in the DOJ case, the parties had an obligation to return or destroy copies of any documents designated as confidential (with a specific exception for attorney files) after the conclusion of that case.

On the other side of the coin, many of the requested materials (academic articles, books, reports and guidelines, websites) are publicly available and equally accessible to plaintiffs. Again, there's no principle of discovery that says we need to do your work for you in obtaining such materials. Indeed, even if this was our *own* expert in *this* case, we would have no obligation to produce these materials to you. In sum, plaintiffs can wait for the expert phase in this case for the expert disclosure to which they are properly entitled.

Notwithstanding the above, pursuant to our existing limited agreement to assist you in identifying the bates numbers for documents produced in our case, two of the documents you identified in your email of November 12 appear at:

| Tev_122724 | TEVA-SCA-766610 |
|------------|-----------------|
| Tev_416582 | TEVA-SCA-975144 |

Teva reserves all rights.

Best,
Kerry



**KERRY DONOVAN**
PARTNER

**T** +1 (212) 294-3511
kcdonovan@winston.com

*Admitted to practice in New Jersey, New York*

**From:** Katherine Lenahan <klenahan@faruqilaw.com>
**Sent:** Monday, November 17, 2025 5:10 PM
**To:** Donovan, Kerry <KCDonovan@winston.com>
**Cc:** Smith, James P. <JPSmith@winston.com>; Coberly, Linda <LCoberly@winston.com>; Blouin, Dan <DBlouin@winston.com>; Shapiro, Mathieu <mathieu.shapiro@obermayer.com>; Blanco, Melissa <melissa.blanco@obermayer.com>; James Wilson <jwilson@faruqilaw.com>; Robert W. Killorin <rkillorin@faruqilaw.com>; Timothy J. Peter <tpeter@faruqilaw.com>
**Subject:** Teva - Requests for Production

Hi Kerry,

As I mentioned in my email of November 12, we are uncertain who produced which documents that appear in the expert reports from the DOJ action. To streamline things and to avoid any confusion as to what we are seeking, we are serving the attached RFPs that seek this and related information directly from Teva.

We are happy to discuss.

Thank you,

Katherine



Katherine Lenahan ■ Partner ■ Faruqi & Faruqi, LLP ■ 685 Third Avenue, 26th Floor ■ New York, NY 10017 ■ (T) 212 983 9330 ■ (F) 212 983 9331 ■ www.faruqilaw.com

This message originates from the law firm of Faruqi & Faruqi, LLP. This email message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this message or its attachments is strictly prohibited. All personal messages express solely the sender's view and not those of Faruqi & Faruqi, LLP. This message may not be copied or distributed without this disclaimer. If you received this message in error, please reply to the sender above immediately and permanently delete this message from your inbox.

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.