# EXHIBIT L

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TEVA PHARMACEUTICALS INDUSTRIES LIMITED, et al., <br><br> Defendants. | Civil Action No. 2:20-cv-04660-KSM <br><br> Hon. Karen S. Marston |

**DEFENDANT TEVA PHARMACEUTICALS INDUSTRIES LIMITED'S**
**RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S**
**SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Pennsylvania ("Local Rules"), any order entered in or applicable to the above-referenced litigation (the "Action") or any other applicable law or rule, Defendant Teva Pharmaceuticals Industries Limited ("Teva") submits these responses and objections ("Response") to Lead Plaintiff Gerald Forsythe's ("Lead Plaintiff") Request for Production of Documents ("Requests"), served on October 29, 2024, without waiver of any objections or defenses that Teva asserts in this Response, previously has asserted, or hereafter may assert in this Action.

**GENERAL OBJECTIONS**

The General Objections set forth below apply to the Requests generally and to each Definition, Rule of Construction, Instruction, and specific Request included in the Requests. Unless otherwise stated, the General Objections have the same force and effect as if set forth in full in response to each Definition, Rule of Construction, Instruction, and specific Request. Any undertaking to search for, or provide information or documents in response to, any item sought by

the Requests remains subject to, and without waiver of, the General Objections.  The fact that a General Objection is not specified in this Response does not constitute a waiver of that objection or otherwise preclude Teva from raising that objection at a later time.

1.      Teva objects to the Requests to the extent that they purport to impose burdens or obligations on Teva that are broader than, inconsistent with, not authorized by, or otherwise impermissible under the Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules, the case law interpreting them, or any pertinent rules, practices, procedures, or orders of this Court (collectively, the "Applicable Rules").

2.      Teva objects to the Requests to the extent that they are vague, ambiguous, overbroad, lacking in particularity or oppressive, and call for information or documents that are neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of this Action.  Any agreement by Teva to search for documents does not concede that any of the Requests seek information or documents that are relevant to the claims, defenses, or subject matter of this Action or otherwise are appropriate for discovery in this Action.

3.      Teva objects to the Requests as overbroad and unduly burdensome to the extent that they purport to require the production of "all" or "any" documents where a subset of documents would be sufficient to provide the pertinent information.

4.      Teva objects to the Requests to the extent that they are duplicative of one another or of other discovery requests or subpoenas that have been or may be served in this Action.

5.      Teva objects to the Requests to the extent that they impose an undue burden on Teva by requiring it to produce documents that: (i) are not currently in Teva's possession, custody, or control, or can be obtained from a more convenient, more efficient, less burdensome, or less expensive source than Teva; (ii) contain information that can be obtained through means less

2

burdensome or less expensive than the Requests; or (iii) are public, equally available to, or already in the possession, custody, or control of Lead Plaintiff or his representatives.

6.      Teva objects to the Requests, to the extent that they purport to require it to conduct anything beyond a reasonable and diligent search for readily accessible files at Teva, including electronically stored information ("ESI") from centralized, readily accessible sources at Teva, where responsive documents reasonably would be expected to be located.

7.      Teva objects to the Requests to the extent that they seek information or documents that are protected by the attorney-client privilege, the work product doctrine, the joint-defense or common-interest doctrine, the business strategy immunity, third-party confidentiality agreements, or any other applicable privilege, immunity, or protection from discovery or disclosure ("Protected Information"). Nothing contained in this Response is intended to be, nor shall in any way be construed as, a waiver of any such privilege, immunity, or protection. The absence of an objection to a specific Request on this ground is neither intended nor should be interpreted as evidence that Teva does not object to a Request on the basis of an applicable privilege, immunity, or protection. Inadvertent production of Protected Information shall not constitute a waiver of any privilege, immunity, or protection or of any other grounds for objecting to discovery or admissibility of such material, its subject matter, or the information contained therein, nor shall such production constitute a waiver of Teva's rights, under the Confidentiality Stipulation and Protective Order (the "Confidentiality Order," ECF No. 91-1), any other applicable order, and/or the Applicable Rules, to (i) claw back and seek the return of such materials or (ii) object to its use at any stage of this Action or in any other action or proceeding. Further, if Teva at any time discovers that it produced Protected Information, the receiving party shall promptly undertake commercially reasonable efforts to return to Teva, sequester, or destroy all copies of such information and

documents, as set forth in the Confidentiality Order.  In all events, such return, sequestration, destruction, and/or certification must occur within ten (10) business days of receipt of the request, unless the parties agree otherwise.

8. Teva objects to the Requests to the extent that they purport to seek the production of information or documents that reflect: (i) trade secrets; (ii) confidential, proprietary, commercially sensitive, or competitively significant information to Teva or any affiliate thereof, or to current and former directors, employees, consultants, clients, customers, and/or counterparties of Teva or any affiliate thereof; (iii) personal information relating to Teva or its current and former directors, employees, consultants, clients, customers, and/or counterparties of Teva or any affiliate thereof; or (iv) information subject to protective orders, nondisclosure agreements, confidentiality undertakings or other contractual obligations to third parties.

9. Any undertaking to meet and confer regarding, or to provide information or documents in response to any Request remains subject to the objections in this Response.  Rather, any agreement by Teva to provide information or documents in response to any Request means only that such information or documents will be provided if it exists, has not been provided already, can be located with reasonable diligence subject to limitations in this Response, and is not otherwise protected from disclosure.

10. Irrespective of whether Teva produces documents or provides information in response to the Requests, Teva reserves the right (but does not assume the obligation) to (i) revise, correct, supplement, amend, modify, or clarify the content of this Response; (ii) provide additional responsive information and documents in the future; (iii) object to further discovery in this Action, including discovery relating to the subject matter of documents produced; (iv) use or rely upon any information and documents produced in this Action in any hearing, proceeding, or trial; (v)

4

use or rely upon subsequently discovered information or information omitted from this Response as a result of mistake, error, oversight, or inadvertence in any hearing, proceeding, or trial; and (vi) challenge the authenticity or admissibility of any information or documents in any hearing, proceeding, or trial.

## OBJECTIONS TO DEFINITIONS, RULES OF CONSTRUCTION, AND INSTRUCTIONS

1.      Teva objects to the Definitions, individually and collectively, and to any Definition, Rule of Construction, Instruction, or Request that incorporates the Definitions, to the extent that they are overbroad, unduly burdensome, vague, and ambiguous.

2.      Teva objects to the Definitions, individually and collectively, and to any Definition, Rule of Construction, Instruction, or Request that incorporates the Definitions, to the extent that they purport to define terms other than in accordance with the meanings typically ascribed to those terms in ordinary usage or under Applicable Rules.

3.      Teva objects to the definition of "Document" to the extent that it purports to impose an obligation: (i) that exceeds those imposed by the Applicable Rules and is broader than and deviates from the commonly understood definition of the term; and (ii) to collect ESI from sources that are not reasonably accessible because of undue burden or cost.  Teva further objects to this definition to the extent that it purports to require the identification and/or restoration of any deleted, legacy, backup, or archival data.  Teva will construe "Document" in accordance with the Applicable Rules.

4.      Teva objects to the definition of "Teva" on the grounds and to the extent that: (i) the phrase "all other persons acting, or purporting to act, on behalf of any of the foregoing" as used therein is vague and ambiguous; (ii) it is overbroad and vague to the extent that it purports to include entities other than Teva Pharmaceuticals Industries Limited, and calls for information or

5

documents that are neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of this Action; (iii) it is unduly burdensome to the extent that it purports to impose on Teva burdens and obligations that exceed those imposed by the Applicable Rules; and (iv) it purports to seek information or documents that are not in Teva's possession, custody, or control. Subject to and without waiver of these objections, Teva will construe the terms "Teva" to refer solely to Teva (as defined herein above).

5.　　　Teva objects to the definitions of "identify" on the grounds and to the extent that they: (i) are overbroad and unduly burdensome, and calls for information that is not proportional to the needs of this Action; (ii) purport to seek information that is not in Teva's possession, custody, or control; and/or (iii) purport to impose on Teva burdens and obligations that exceed those imposed by the Applicable Rules.

6.　　　Teva objects to Rules of Construction Nos. 1–4 to the extent that they purport to impose obligations that go beyond, or that are otherwise inconsistent with, the Applicable Rules.

7.　　　Teva objects to Instruction No. 1 on the grounds and to the extent that: (i) it purports to impose on Teva burdens and obligations that exceed those imposed by the Applicable Rules, including insofar as it purports to suggest that documents of Teva's "agents, representatives, employees, accountants and attorneys" are within Teva's possession, custody or control; (ii) it purports to require Teva to conduct anything more than a reasonable search for responsive information or documents; (iii) it is overbroad and unduly burdensome to the extent that it purports to require Teva to collect and produce information or documents from a multitude of sources, and beyond electronic sources that are centrally maintained by Teva; and (iv) the phrase "Your agents" as used therein is vague and ambiguous.

6

8.　　　Teva objects to Instruction Nos. 2, 3, and 4 as overbroad, unduly burdensome, and beyond the scope of proper discovery insofar as they purport to: (i) require Teva to collect and produce information or documents from a multitude of sources that are not reasonably accessible; and (ii) impose on Teva burdens and obligations that exceed those in the Applicable Rules.  Teva further objects to the extent that they purport to require production of materials or a form of production that is broader than and/or inconsistent with the provisions of the Stipulation and Order Governing the Production of Documents and Electronically Stored Information (ECF No. 133).

9.　　　Teva objects to Instruction Nos. 5 and 12 as overbroad, unduly burdensome, and beyond the scope of proper discovery insofar as they purport to require Teva to determine whether responsive documents that once were within Teva's possession, custody, or control no longer exist and then provide corresponding information about any such documents.  Teva further objects to Instructions No. 5, 6, and 12 to the extent that they purport to impose burdens or obligations on Teva that are broader than, inconsistent with, not authorized by, or are otherwise impermissible under the Applicable Rules, or any orders entered (or that may be entered) in this Action.  Where indicated below, Teva will conduct a reasonable search for and produce non-privileged, responsive information.  Teva will not endeavor to determine and disclose the requested information concerning documents that are not in Teva's possession, custody, or control, or that may or may not exist.

10.　　Teva objects to Instruction Nos. 7, 8, 13, and 14 to the extent that they purport to impose burdens or obligations on Teva that are broader than, inconsistent with, not authorized by, or are otherwise impermissible under the Applicable Rules, or any orders entered (or that may be entered) in this Action.

11.    Teva objects to Instruction Nos. 9, 10, and 11 on the grounds that they are unduly burdensome.  If necessary, Teva will produce a categorical privilege log.

## RELEVANT TIME PERIOD

Teva objects to the definition of "Relevant Time Period" on the grounds and to the extent that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims or defenses in or the subject matter of, nor proportional to the needs of, this Action.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

### REQUEST FOR PRODUCTION NO. 5:

All Documents identified in Your responses to Lead Plaintiff's First Set of Interrogatories to Defendant Teva Pharmaceuticals Industries Limited, Interrogatories 1 through 10, for this Action.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Teva incorporates the foregoing General Objections as if fully set forth herein and further objects to Request No. 5 on the grounds that it seeks the production of documents that are public, equally available to, or already in the possession, custody, or control of Lead Plaintiff or his representatives.   Teva further objects to the extent the term "identified" is vague, ambiguous, and not reasonably particularized.   Teva will construe the term "identified" in keeping with the commonly understood definition of the term.   Teva's response to this Request is without prejudice to Teva's right to amend or supplement its Responses.

Subject to and without waiving these objections, with the exception of (i) the publicly-available documents identified in Teva's Responses to Interrogatories Nos. 1, 3, 5–6, 8–9,[1] and (ii) documents previously produced or provided to Lead Plaintiff, as identified in its Responses to Interrogatories Nos. 2 and 9, Teva will produce relevant D&O insurance policies as identified in

---

[1] "Responses to Interrogatories" refers to Teva's Objections and Responses to Lead Plaintiff's First Set of Interrogatories, dated December 16, 2024

8

its Response to Interrogatory No. 10, which are the only non-privileged documents responsive to this Request.

By: WINSTON & STRAWN LLP

*s/ James P. Smith III*
James P. Smith III (admitted *pro hac vice*)
Kerry C. Donovan (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (fax)
jpsmith@winston.com
kcdonovan@winston.com

Linda T. Coberly (admitted *pro hac vice*)
Daniel M. Blouin
WINSTON & STRAWN LLP
35 West Wacker Drive, Suite 4700
Chicago, Illinois 60601
(312) 558-5600
(312) 558-5700 (fax)
DBlouin@winston.com
lcoberly@winston.com

Mathieu J. Shapiro
Melissa M. Blanco
OBERMAYER, REBMANN, MAXWELL &
HIPPEL, LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
215-665-3014
215-665-3165 (fax)
mathieu.shapiro@obermayer.com

Dated: January 14, 2025                    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2025, I served the foregoing via e-mail on Plaintiff's

counsel as follows:

Timothy John Peter
Faruqi & Faruqi LLP
55 W. Monroe Street, Suite 3200
1617 John F. Kennedy Boulevard
Suite 1550
Philadelphia, PA, 19103
215-277-5770
Fax: 215-277-5771
Email: tpeter@faruquilaw.com

Robert W. Killorin
Faruqi & Faruqi LLP
3975 Roswell Rd Suite A
Atlanta, GA 30342
404-847-0617
Email: rkillorin@faruqilaw.com

James M. Wilson, Jr.
Faruqi & Faruqi LLP
685 Third Avenue, 26th Floor
New York, NY 10017
212-983-9330
Email: jwilson@farquilaw.com

 *s/ Kerry C. Donovan*
Kerry C. Donovan
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
kcdonovan@winston.com