**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD.,**<br><br>        Plaintiff,<br><br>        *v.*<br><br>**TEVA PHARMACEUTICALS INDUSTRIES LTD.**, et al.<br><br>        Defendants. | **CIVIL ACTION**<br><br>**NO. 20-4660-KSM** |

**ORDER**

**AND NOW**, this 3rd day of March, 2026, upon consideration of the Motion for Leave to

File Documents Under Seal (Doc. No. 149) filed by Lead Plaintiff Gerald Forsythe ("Plaintiff"),

individually and on behalf of all others similarly situated, which seeks to seal portions of Plaintiff's

Memorandum of Law in Support of Class Representative's Motion to Compel the Production of

Documents from Defendant Teva Pharmaceuticals Industries Limited (Doc. No. 148-1), Exhibits

G, H, I, J, K, and M to Plaintiff's motion to compel (Doc. Nos. 148-9, 148-10, 148-11, 148-12,

148-14), the Appendix of Documents Requested by Plaintiff (Doc. No. 148-16), and Plaintiff's

Certification of Counsel Pursuant to Local Rule 26.1(f) (Doc. No. 148-17), it is hereby

**ORDERED** as follows:

1.      Plaintiff's motion to seal (Doc. No. 149) is **DENIED WITHOUT PREJUDICE**.

Plaintiff has not demonstrated that a sealing order is warranted under the standard outlined in *In*

*re Avandia Mktg., Sales Practices & Prods. Liab Litig.*, 924 F.3d 662 (3d Cir. 2019).[1]

---

[1] Sections II.A.8 and II.D of Judge Marston's Policies and Procedures state that all motions to seal "must satisfy the requirements of *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672-73 (3d Cir. 2019)" and "[t]he Court will grant motions to seal only upon good cause shown." In seeking

2.      Plaintiff may file a renewed motion for leave to seal by **March 9, 2026, at 5:00 p.m. EDT**.[2]  If Plaintiff renews his motion to seal, he should conduct a document-by-document review, explaining for each document:

- Why the common law presumption of public access is overcome;

- Whether the First Amendment right of public access is implicated by the use of these documents; and

- To the extent the First Amendment is implicated, whether sealing is warranted under a constitutional inquiry.

*See generally In re Avandia*, 924 F.3d 662.  With their renewed motion, Plaintiff should submit a chart that lists every document that they wish to seal, identifies the producing party, and explains why a sealing order is justified as to each portion of every document they seek to seal:

| Producing Party | Document Name | Common Law Analysis | First Amendment Analysis |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**IT IS SO ORDERED.**

*/s/ Karen Spencer Marston*
KAREN SPENCER MARSTON, J.

---

to seal documents on the judicial record, it is insufficient for Defendants to rely solely upon the parties' joint Confidentiality Stipulation and Protective Order (Doc. No. 91-1), regardless of whether that agreement was approved by the Court (Doc. No. 92).  Plaintiff must make an independent showing that sealing is warranted here.

[2] It is unclear whether Defendants oppose or join Plaintiff's present motion.  In the event Defendants seek to file an opposition to Plaintiff's renewed motion, that opposition shall be filed no later than **March 11, 2026, at 5:00 p.m. EDT**.  If Plaintiff's renewed motion for leave to seal is unopposed or joined, the motion should clearly state Defendants' position.