**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD., Individually and On Behalf of All Others Similarly Situated,<br><br>                 Plaintiff,<br><br>    v.<br><br>TEVA PHARMACEUTICALS INDUSTRIES LIMITED, et al.<br><br>              Defendants. | Case No. 2:20-cv-04660-KSM<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF CLASS REPRESENTATIVE'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM DEFENDANT TEVA PHARMACEUTICALS INDUSTRIES LIMITED**

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     RELEVANT FACTUAL BACKGROUND...................................................... 1

III.    ARGUMENT....................................................................................................... 4

IV.     CONCLUSION................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page(s)**

*Atkinson v. Luitpold Pharms., Inc.*,
   414 F. Supp. 3d 742 (E.D. Pa. 2019) .................................................................................5

*Brewer v. Berks Cnty. Sheriff*,
   2015 WL 13620425 (E.D. Pa. Oct. 5, 2015)....................................................................4

*Frey v. Frontier Utils. Ne. LLC*,
   2020 WL 12697468 (E.D. Pa. Apr. 13, 2020) ..................................................................4

*Morrison v. Phila. Hous. Auth.*,
   203 F.R.D. 195 (E.D. Pa. 2001).......................................................................................5

*Rosenblit v. City of Phila.*,
   2021 WL 288887 (E.D. Pa. Jan. 28, 2021)......................................................................4

*Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*,
   2018 WL 2979575 (S.D. Cal. June 8, 2018).....................................................................5

**Other Authorities**

Fed. R. Evid. 408 .......................................................................................................................3

Rule 26 .......................................................................................................................................4

Class Representative Gerald Forsythe ("Plaintiff") respectfully submits this memorandum of law in support of his Motion to Compel.

## I.      INTRODUCTION

Plaintiff seeks to compel the production of 29 documents that Teva produced to the DOJ and that were relied on by DOJ experts Phillip Ellis, Ian Dew, and Leemore Dafny in the DOJ Action.[1]  *See* Exs. D-F. This narrow set of documents contains the bates stamps that Teva assigned to them previously and therefore are easily identifiable, and readily available to produce with no burden on Defendants.  *See* Appendix (listing documents sought).

This case was stayed for two years partly because, according to Defendants, the parties could "benefit from the development of the record in the DOJ Action . . . ."  Doc. No. 83-1, Mem. in Supp. of Defs.' Mot. to Stay 13.  These 29 documents are obviously relevant and proportionate to the needs of Plaintiff's case and should be produced.

## II.     RELEVANT FACTUAL BACKGROUND

Plaintiff served his first set of requests for production ("RFPs") on Teva in 2022, to which Teva responded and objected on June 27, 2022.  Ex. A.  Once the stay was lifted, the parties met and conferred about Teva's R&Os and initially agreed that Teva would produce documents from October 29, 2012 forward that were produced by Teva to the DOJ in the DOJ Action ("DOJ Production").  Ex. B, Oct. 25, 2024 Agreement at 1-2.

Although Plaintiff requested that those documents be produced with the DOJ Action's bates numbers so that it would be easy to determine if certain documents identified in that Action were missing, Teva declined to do so but agreed that "[i]f, as the litigation progresses, there are particular documents as to which you can articulate a need for the corresponding Bates numbers

---

[1]      *United States v. Teva Pharms. USA, Inc.*, No. 1:20-cv-11548-NMG (D. Mass.).

from the DOJ action, we will consider providing them at that time." Ex. B at 2.

After reviewing much of this production, Plaintiff realized there were gaps in the information produced. Certification of Counsel ("Cert."), filed herewith, at ¶5. Plaintiff contacted Teva and after much back and forth, the parties agreed that Teva will produce, among other things, "the documents produced during the investigation to the DOJ from October 29, 2012 through the end of the production period, exclusive of documents exclusively relating to drugs and charitable foundations and funds that are not at issue in this litigation (the 'DOJ Investigation Production')." Ex. C, Mar. 24, 2025 Agreement at 1.

After Teva produced these additional documents, Plaintiff came to realize that Defendants still had not produced the DOJ expert materials obtained from Teva even though this was part of the "developed record" Defendants previously touted in seeking a stay of this action. Indeed, the district court in the DOJ Action found the DOJ's expert Mr. Dew's report compelling in denying Teva's motion for summary judgment. *See* DOJ Action, Doc No. 195 at 8 (discussing Mr. Dew's identification of 345,970 matched Medicare claims for Copaxone, totaling $1.49 billion).

Plaintiff was under the impression that the documents relied on by the DOJ experts in the DOJ Action had already been produced to Plaintiff as part of the DOJ Production and DOJ Investigation Documents. However, Plaintiff could not tell if those expert materials had been produced because many were identified by the DOJ's experts only by their DOJ bates-numbers which Plaintiff did not have. Accordingly, on November 11, 2025, Plaintiff emailed Teva a list of the materials cited in the DOJ expert's reports that he was seeking, and asked if Teva could identify the corresponding Bates number in this action, or produce the documents themselves if they had not yet been produced. Ex. G at 7-10. This was consistent with the parties' earlier

agreement regarding requests for DOJ Action bates numbers.  *See* Ex. B at 2.  In response, Teva agreed to check to see if any of the documents Plaintiff identified as likely produced to the experts by Teva (as opposed to by third parties) had already been produced.  Ex. G at 6.

Thereafter, to ensure that there were no further miscommunications and that Plaintiff obtained the documents he had not been able to find in Defendants' production, Plaintiff served Teva with its Fourth Set of RFPs on November 17, 2025 ("Nov. 17 RFPs").  Ex. H.  The Nov. 17 RFPs specifically enumerated all of the materials relied on by each expert in the DOJ Action (including Teva's experts) that Plaintiff could not locate in the production or publicly, along with certain other materials.  *Id.*

On November 19, Teva provided Plaintiff with bates numbers for two documents and demanded that Plaintiff withdraw the Nov. 17 RFPs because:[2] (1) they were untimely; (2) Plaintiff had never previously sought those materials; (3) Plaintiff also subpoenaed third parties for some of those documents; and (4) Teva is not required to produce purportedly publicly available documents.  Ex. I at 9-10.  Plaintiff disagreed, explaining, *inter alia*, that it was timely, and that Plaintiff's prior discovery demands and Teva's responses thereto contemplated production of those materials.  *See* Ex. I at 3-5, 7-8; Ex. J at 3-4; §III, *infra*.  For example, Plaintiff's first set of interrogatories served on October 15, 2024, requested information concerning the processing and approval of Copaxone donations and agreements, which includes information the DOJ Action experts also relied on.  *See* Ex. K at 17-18 (Interrogatory Nos. 8 & 9).  On October 29, 2024, Plaintiff also served a second set of RFPs requesting production of documents identified in response to the interrogatories.  *See* Ex. L at 8 (Teva's R&Os to 2d

---

[2]    Plaintiff does not include, and has redacted in attachments I and J, information pertaining to the mediation pursuant to Fed. R. Evid. 408 and in accordance with the parties' agreement with the mediator to keep such information confidential, as noted during the October 23, 2025 conference with the Court.

RFPs).  In response, Teva referred Plaintiff to the following documents and information from the DOJ Action, including Teva's statement of facts, which refers to and discusses the expert reports and materials from certain of the DOJ's and Teva's experts.  Ex. K at 17; Ex. L at 8; Ex. I at 4.

Ultimately, in an effort to avoid motion practice, Plaintiff proposed narrowing the Nov. 17 RFPs on December 1, 2025 such that Teva need only produce non-public documents identified in the expert reports that were produced by Teva (as opposed to third parties) and the report from Teva's expert John Russell.  Ex. I at 2, 5-6; Ex. J at 2.  Teva ultimately declined to produce any of the foregoing, and served its Responses and Objections ("R&Os") to the Nov. 17 RFPs.  Exs. I and J; Ex. M, R&Os.  The R&Os did not respond to each of Plaintiff's requests, but instead argued that Defendants need not respond at all.  *Id.*  The parties thereafter met and conferred by phone on Jan. 16, 2026, and unable to come to an agreement, Plaintiff thereafter filed this motion.  *See* Cert. ¶19.

## III.    ARGUMENT

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and "[t]he scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1)[.]"  *Brewer v. Berks Cnty. Sheriff*, 2015 WL 13620425, at *2 (E.D. Pa. Oct. 5, 2015).[3]  A party moving to compel discovery bears the initial burden of showing the requested information is relevant under Rule 26.[4]  *See Rosenblit v. City of Phila.*, 2021 WL 288887, at *3 (E.D. Pa. Jan. 28, 2021) (quoting *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001)).  Courts in this district "have determined that relevancy is to be broadly construed for discovery purposes . . . ."  *Frey v. Frontier Utils. Ne. LLC*, 2020 WL 12697468, at *1 (E.D. Pa.

---

[3]    Unless otherwise noted, all citations and internal quotation marks are omitted.

[4]  Rule 26 states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action . . . .".

Apr. 13, 2020).  As explained above, there can be no doubt that the materials sought are relevant.

Once relevancy is established, "[t]he burden then shifts to the party resisting discovery to justify withholding it."  *Morrison*, 203 F.R.D. at 196.  That party must prove either that "the requested discovery (i) does not fall within the scope of discovery contemplated by Rule 26(b)(1), or (ii) is not sufficiently relevant to justify the burden of producing the information." *Atkinson v. Luitpold Pharms., Inc.*, 414 F. Supp. 3d 742, 744 (E.D. Pa. 2019).

At this point, Teva's argument against providing the requested material is that the Nov. 17 RFPs – which are narrow, identify documents by bates number, and impose almost no burden on Defendants, were served after the substantial completion deadline and that Plaintiff knew of the existence of the expert reports for years.  *See* Ex. M.  However, the deadline for substantial document production does not bar additional discovery requests before the fact discovery deadline, and in any event, Plaintiff reasonably believed that much of the expert material would be among the documents already requested from and produced by Teva for the reasons explained above.  *See, e.g., Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2018 WL 2979575, at *4 (S.D. Cal. June 8, 2018) (RFPs properly served after the substantial completion deadline because it "does not require that all fact discovery be completed by that date which is why there is a separate deadline for the completion of fact discovery").

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel should be granted.


Dated: January 22, 2026                              Respectfully submitted,


                                        By:    */s/ James M. Wilson, Jr.*
                                               James M. Wilson, Jr.


5

James M. Wilson, Jr. (admitted *pro hac vice*)
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:   jwilson@faruqilaw.com

Timothy J. Peter (# 306965)
FARUQI & FARUQI, LLP
1617 John F. Kennedy Blvd., #1550
Philadelphia, PA 19103
Telephone: 215-277-5770
Facsimile: 215-277-5771
Email: tpeter@faruqilaw.com

Robert W. Killorin (admitted *pro hac vice*)
FARUQI & FARUQI, LLP
3565 Piedmont Road NE
Building Four, Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Email: rkillorin@faruqilaw.com

*Class Counsel*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 22, 2026, the foregoing document was filed electronically and is available for viewing and downloading from the ECF system and that I caused true and correct copies of the foregoing to be served on all counsel of record via CM/ECF.

Dated: January 22, 2026            By: s/ *James M. Wilson, Jr.*
                                            James M. Wilson, Jr.