# EXHIBIT K

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD., Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  v.<br><br>TEVA PHARMACEUTICALS INDUSTRIES LIMITED, et al.,<br><br>  Defendants. | Civil Action No. 2:20-cv-04660-KSM<br><br>Hon. Karen S. Marston |

**DEFENDANT TEVA PHARMACEUTICALS INDUSTRIES LIMITED'S
OBJECTIONS AND RESPONSES TO LEAD PLAINTIFF'S
<u>FIRST SET OF INTERROGATORIES</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Pennsylvania ("Local Rules"), any order entered in or applicable to the above-referenced litigation (the "Action"), and any other applicable law or rule, Defendant Teva Pharmaceuticals Industries Limited ("Teva") submits this initial set of responses and objections ("Response") to Lead Plaintiff Gerald Forsythe's First Set of Interrogatories ("Interrogatories"), served on October 15, 2024, without waiver of any objections or defenses that Teva asserts in this Response, previously has asserted, or hereafter may assert in this Action. This Response is designated as "Confidential" in accordance with the terms of the Protective Order, dated October 5, 2022 (ECF No. 91-1).

**<u>GENERAL OBJECTIONS</u>**

The General Objections set forth below apply to the Interrogatories generally and to each Definition, Rule of Construction, Instruction, and Interrogatory included in the Interrogatories. Unless otherwise stated, the General Objections have the same force and effect as if set forth in

full in response to each Definition, Rule of Construction, Instruction, and Interrogatory in the Interrogatories. Any objection to a Definition, Rule of Construction, or Instruction shall also apply equally to any other Definition, Rule of Construction, Instruction, or Interrogatory that incorporates that Definition, Rule of Construction, or Instruction. The fact that a General Objection is not specified in this Response does not constitute a waiver of that objection or otherwise preclude Teva from raising that objection at a later time.

1. This Response is solely in the name and on behalf of Teva (as defined herein above) and no other person, whether or not associated or affiliated with Teva.

2. Teva objects to the Interrogatories to the extent that they purport to impose on Teva obligations and burdens that are broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules, the case law interpreting them, or any pertinent rules, practices, procedures, or orders of this Court (collectively, the "Applicable Rules").

3. Teva objects to the Interrogatories on the ground that they are premature. Pursuant to agreement, on November 22, 2024, Teva produced to Plaintiff all documents that were produced by Teva to the DOJ in *United States v. Teva Pharmaceuticals USA, Inc.*, Case No. 1:20-cv-11548-NMG (the "DOJ Action") during an agreed time period (the "DOJ Action production").[1] It is contemplated that further targeted document discovery will be negotiated once Plaintiff reviews the DOJ Action production. Teva objects to the Interrogatories on the grounds that responding prior to such further production imposes undue and unnecessary burden and expense on Teva.

---

[1] With the exception of certain third-party documents subject to confidentiality restrictions that either (a) Teva has since obtained authorization to and will soon produce, or (b) Plaintiff has since subpoenaed from the third parties.

4.      Teva objects to the Interrogatories to the extent that they are premature contention interrogatories to which Teva is not obligated to respond until the close of discovery under the Applicable Rules.

5.      This Response is based on Teva's current knowledge from its investigation to date. Further investigation and document discovery may (and likely will) reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Responses. Without in any way obligating itself to do so, Teva expressly reserves the right to revise, amend, correct, supplement, clarify, or modify its Responses as further information becomes available. Teva also reserves the right to use or rely on, at any time, subsequently discovered or produced information or information omitted from this Response as a result of mistake, error, oversight, or inadvertence.

6.      Teva objects to the Interrogatories to the extent that they are vague, ambiguous, overbroad, lacking in particularity, oppressive, and/or seek discovery of information that is neither relevant to the claims or defenses in or subject matter of, nor proportional to the needs of, this Action, as well as to the extent that they are unduly burdensome because they would impose a significant expense and inconvenience on Teva.  By agreeing to provide certain information, Teva does not concede that any of the Interrogatories seek information that is relevant to the claims or defenses in or subject matter of this Action or otherwise appropriate for discovery in this Action.

7.      Teva objects to the Interrogatories, together with the accompanying Definitions, Rules of Construction, and Instructions, to the extent they purport to seek information that is unreasonably cumulative or duplicative, or which is obtainable from some other source that is more convenient, less burdensome, or less expensive, or is publicly available, including but not

limited to (i) documents that have or will be produced to Plaintiff in this Action, (ii) deposition testimony in this Action, and (iii) the public filings in the DOJ Action.

8.      Teva objects to the Interrogatories to the extent that they purport to require it to provide information that: (i) is not in its possession, custody, or control, including insofar as they seek personal information about any individual; or (ii) is publicly or otherwise equally available to or already in the possession, custody, or control of Plaintiff or Plaintiff's agents, attorneys, or other representatives.   Subject to its objections in these Responses, in responding to the Interrogatories, Teva will search only for information in its possession, custody, or control as of the date of the Interrogatories.

9.      Teva objects to the Interrogatories to the extent that they purport to require it to conduct anything beyond a reasonable and diligent search for information from readily accessible files, including electronically stored information ("ESI") from centralized, readily accessible sources, where responsive information reasonably would be expected to be found.

10.      Teva objects to the Interrogatories to the extent that they purport to seek disclosure of: (i) trade secrets; (ii) confidential, proprietary, commercially sensitive, or competitively significant information; (iii) personal information relating to Teva or its affiliates, employees, clients, customers, and/or counterparties; or (iv) information subject to protective orders, nondisclosure agreements, confidentiality undertakings or other contractual obligations to third parties.

11.      Teva objects to the Interrogatories to the extent that they seek information that is protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest doctrine, the business strategy immunity, third-party confidentiality agreements, or any other applicable privilege, immunity, or protection from discovery or disclosure.   Nothing

contained in these Responses is intended to be, nor shall in any way be construed as, a waiver of any such privilege, immunity, or protection. The absence of an objection to an Interrogatory on this ground is neither intended, nor should it be interpreted, as evidence that Teva does not object to an Interrogatory on the basis of an applicable privilege, immunity, or protection. Inadvertent production of any material covered by any privilege, immunity, or protection shall not constitute a waiver of any privilege, immunity, or protection or of any other grounds for objecting to discovery or admissibility of such material, its subject matter, or the information contained therein, nor shall such production constitute a waiver of rights, under the Applicable Rules, to (i) claw back and seek the return of such material or (ii) object to its use at any stage of this Action or in any other action or proceeding.

12.     Teva objects to the Interrogatories to the extent that they are argumentative, lack foundation, or incorporate allegations and assertions that are disputed, erroneous, or irrelevant to this Action. In responding and objecting to the Interrogatories, Teva does not admit or concede the correctness of any such allegations or assertions.

13.     Teva objects to the Interrogatories to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not occur. The Responses are not intended, and may not be construed, as admissions that any factual predicates or allegations stated in the Interrogatories are accurate.

14.     Teva objects to the Interrogatories to the extent that they purport to require Teva to draw legal conclusions or are predicated on legal conclusions or arguments. Subject to and without waiver of the Objections, the Responses are not intended, and may not be construed, as admissions or legal conclusions.

5

15.     Teva, by responding to the Interrogatories, does not concede the relevance, materiality, or admissibility of any of the information sought therein.  Teva's Responses are made subject to and without waiving any objection as to relevancy, materiality, admissibility, vagueness, ambiguity, undue burdensomeness, competency, and/or privilege.

16.     Any response by Teva to the Interrogatories shall not be deemed or construed in any way to be an adoption, admission, or agreement by Teva of or to any definition, term, or characterization used in the Interrogatories, or the materiality, admissibility, or relevance thereof.

17.     An objection or limitation, or lack thereof, made in this Response shall not be deemed (i) an admission by Teva as to the existence or nonexistence of the information sought or (ii) a waiver of Teva's right to assert such objection or limitation at any future time in connection with Interrogatories or otherwise.

18.     Any undertaking to meet and confer regarding, or to search for or provide information in response to, any Interrogatory remains subject to the objections in this Response and shall not be construed as an admission that such information exists.  Rather, any agreement by Teva to provide information in response to any Interrogatory means only that such information will be provided if it exists, has not been provided already, can be located with reasonable diligence subject to limitations in this Response, and is not otherwise protected from disclosure.

19.     Regardless of whether Teva provides information in response to the Interrogatories, Teva reserves the right (but does not assume the obligation) to: (i) revise, amend, correct, supplement, clarify, or modify this Response; (ii) provide additional responsive information in the future; (iii) object to further discovery in this Action; (iv) use or rely upon any information produced in this Action in any hearing, proceeding, or trial in this Action; (v) use or rely upon subsequently discovered information or information omitted from this Response as a result of

mistake, error, oversight, or inadvertence in any hearing, proceeding, or trial; and (vi) challenge the authenticity or admissibility of any information in any hearing, proceeding, or trial.

## OBJECTIONS TO DEFINITIONS, RULES OF CONSTRUCTION, AND INSTRUCTIONS

1.      Teva objects to the Definitions, individually and collectively, and to any Definition, Rule of Construction, Instruction, or Interrogatory that incorporates the Definitions, to the extent that they are overbroad, unduly burdensome, vague, and ambiguous.

2.      Teva objects to the Definitions, individually and collectively, and to any Definition, Rule of Construction, Instruction, or Interrogatory that incorporates the Definitions, to the extent that they purport to define terms other than in accordance with the meanings typically ascribed to those terms in ordinary usage or under Applicable Rules.

3.      Teva objects to the definition of "AssistRx" on the grounds and to the extent that: (i) it assumes facts or conclusions that are incorrect, inaccurate, and/or without any reasonable basis; and (ii) it is vague and ambiguous as it refers to the conduct of "a for-profit business" at some unknown time.

4.      Teva objects to the definition of "Copaxone" and "the Drug" on the grounds and to the extent that it: (i) assumes facts or conclusions that are incorrect, inaccurate, and/or without any reasonable basis; and (ii) is vague and ambiguous insofar as it refers to "Teva's … drug." Subject to and without waiver of these objections, Teva will construe any reference to "Copaxone" and/or "the Drug" as a reference to glatiramer acetate, Teva's disease modifying therapy used to treat multiple sclerosis.

5.      Teva objects to the definition of "Communication" to the extent that it is inconsistent with, and imposes obligations greater than, those imposed by the Applicable Rules and is broader than and deviates from the commonly understood definition of the term.

7

6.      Teva objects to the definition of "Document" to the extent that it purports to impose an obligation that: (i) exceeds those imposed by the Applicable Rules and is broader than and deviates from the commonly understood definition of the term; and (ii) to collect ESI from sources that are not reasonably accessible because of undue burden or cost.  Teva further objects to this definition to the extent that it purports to require the identification and/or restoration of any deleted, legacy, backup, or archival data.  Teva will construe "Document" in accordance with the Applicable Rules.

7.      Teva objects to the definition of "Donation(s)" on the grounds and to the extent that: (i) the phrase "payments Teva made to [CPAPs]" assumes facts or conclusions that are incorrect, inaccurate and/or without any reasonable basis; (ii) the term "payment" is vague, ambiguous, and not reasonably particularized; and (iii) it is overbroad and unduly burdensome, and calls for information or documents that are neither relevant to the claims or defenses in or subject matter of, nor proportional to the needs of, this Action, including insofar as it purports to seek documents pertaining to donations not at issue in this Action.  Subject to and without waiver of these objections, Teva will construe "Donation(s)" as donations Teva made to Chronic Disease Fund Inc. d/b/a Good Days ("CDF") and/or The Assistance Fund ("TAF").

8.      Teva objects to the definitions of "identify" on the grounds and to the extent that they: (i) are overbroad and unduly burdensome, and call for information that is not proportional to the needs of this Action; (ii) purport to seek information that is not in Teva's possession, custody, or control; and/or (iii) purport to impose on Teva burdens and obligations that exceed those imposed by the Applicable Rules.

9.      Teva objects to the definition of "Shared Solutions Program" on the grounds and to the extent that: (i) it assumes facts or conclusions that are incorrect, inaccurate and/or without

any reasonable basis; and (ii) the term "program" as used therein is vague, ambiguous, and not reasonably particularized.

10.     Teva objects to the definition of "Teva" or the "Company" on the grounds and to the extent that: (i) the phrase "all other persons acting, or purporting to act, on behalf of any of the foregoing" as used therein is vague and ambiguous; (ii) it is overbroad and vague to the extent that it purports to include entities other than Teva (as defined herein above) and calls for information that is neither relevant to the claims or defenses in or subject matter of, nor proportional to the needs of, this Action; (iii) it is unduly burdensome to the extent that it purports to impose on Teva burdens and obligations that exceed those imposed by the Applicable Rules; and (iv) it purports to seek information or documents that are not in Teva's possession, custody, or control. Subject to and without waiver of these objections, Teva will construe the terms "Teva" or the "Company" to refer solely to Teva (as defined herein above).

11.     Teva objects to the definition of "You" and "Your" on the grounds and to the extent that it is overbroad and vague to the extent that it purports to include entities other than Teva (as defined herein above), and calls for information or documents that are neither relevant to the claims or defenses in or subject matter of, nor proportional to the needs of, this Action. Subject to and without waiver of these objections, Teva will construe the terms "You" and "Your" to refer solely to Teva (as defined herein above).

12.     Teva objects to Rules of Construction Nos. 1–4 and 7 to the extent that they purport to impose obligations that go beyond, or that are otherwise inconsistent with, the Applicable Rules.

9

13.     Teva objects to Instructions Nos. 2–12 to the extent that they purport to impose obligations that go beyond, or that are otherwise inconsistent with, the Applicable Rules, including, without limitation, Federal Rule 26(b)(5).

14.     Teva further objects to Instruction No. 5 to the extent that it seeks information that is not in Teva's possession, custody, or control, or is otherwise available from a more convenient, more efficient, less burdensome, or less expensive source than Teva.

## RELEVANT TIME PERIOD

Teva objects to the definition of "Relevant Time Period" on the grounds and to the extent that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims or defenses in or the subject matter of, nor proportional to the needs of, this Action. Consistent with the agreement of the parties with respect to the relevant time period for non-DOJ Action document discovery, Teva will limit its Response to the time period beginning one year prior to the commencement of the Class Period, i.e., October 29, 2014, except insofar as, and only to the extent that, a specific Response refers to filings in the DOJ Action or documents included in the DOJ Action production.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

## INTERROGATORY NO. 1

Explain how the price of Copaxone was raised including:
   a) The reasons for each Copaxone price increase and the corresponding date of said price increase;
   b) How the amount for each price increase was determined;
   c) Any information, reports, analyses, guidance, and/or other data used to form the bases of the price increases; and
   d) Any research, calculations, or other determinations as to how and when the price of Copaxone would increase for each time an increase was made.

**RESPONSE TO INTEROGATORY NO. 1**

Teva incorporates the foregoing General Objections as if fully set forth herein and further objects to Interrogatory No. 1 on the grounds and to the extent that: (i) the terms and/or phrases "how the price of Copaxone was raised," "reasons for," "bases of," and "determinations," as used therein, are vague, ambiguous, and not reasonably particularized; (ii) document requests or depositions are a more practical and less burdensome means of obtaining the information sought therein, which is, in fact, already sought in Plaintiff's First Set of Requests for Production ("RFPs"); (iii) it is premature, given the early stage of discovery; (iv) it is unduly burdensome to the extent the information requested was already made publicly available through the filings in the DOJ Action and/or is included in the DOJ Action production, and is therefore equally available to Plaintiff; and (v) it purports to seek information that is confidential, proprietary, commercially sensitive, or competitive significant. Further, Teva objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims or defenses in or the subject matter of, nor proportional to the needs of, this Action to the extent it seeks documents or information prior to October 29, 2014 or after the end of the Class Period. Finally, discovery in this matter is in its early stages and ongoing. Teva's response to this Interrogatory is without prejudice to Teva's right to amend or supplement its Responses, including after the completion of fact discovery.

Subject to and without waiving these Objections, pursuant to Federal Rule 33(d), Teva refers Plaintiff to its 2016 Form 20-F and its Forms 6-K reporting its quarterly 2017 financial results, which disclose January 2016 and January 2017 price increases for Copaxone, respectively. Teva further states that if there was to be a price increase in the United States, it generally would occur as an annual price increase in January, with possible incremental price increases thereafter

11

as warranted.  Information regarding product positioning, the competitive landscape, and the payor environment, among other things, would be considered in determining whether to increase prices and, if so, in what amount.  Net price was also influenced by negotiations with pharmacy benefit managers (or "PBMs"), as PBM contracts often set upper limits on any price increases.

**INTERROGATORY NO. 2**

Identify the basis for all Defenses that You asserted in the Answer, including the names and addresses of any witnesses and experts with knowledge.

**RESPONSE TO INTERROGATORY NO. 2**

Teva incorporates the foregoing General Objections as if fully set forth herein and further objects to Interrogatory No. 2 on the ground that it is a premature contention interrogatory and need not be responded to until the close of discovery.  Teva further objects to Interrogatory No. 2 insofar as it is inconsistent with Scheduling Order entered on September 18, 2024 (ECF No. 129), which provides for the parties to identify affirmative experts by June 13, 2025.  Finally, discovery in this matter is in its early stages.  Teva's response to this Interrogatory is without prejudice to Teva's right to amend or supplement its Responses, including after the completion of fact discovery.

Subject to and without waiving these objections, in response to Interrogatory No. 2, Teva refers Plaintiff to Defendants' Rule 26(a)(1)(A)(i) Disclosures for a list of individuals likely to have discoverable information that Teva may use to support its defenses in this Action.

**INTERROGATORY NO. 3**

Identify all regulatory interpretations and judgments by federal employees or officials on which You relied, as described in Your Sixth Defense in the Answer to the CAC.

**RESPONSE TO INTERROGATORY NO. 3**

Teva incorporates the foregoing General Objections as if fully set forth herein and further objects to Interrogatory No. 3 on the grounds that it is overbroad, unduly burdensome, and calls

12

for information that is neither relevant to the claims or defenses in or the subject matter of, nor proportional to the needs of, this Action insofar Plaintiff's theory of liability is that the alleged fraud was the "fail[ure] to disclose that the real source of Copaxone's success was the manner and structure of Copaxone sales involving CDF and TAF" (ECF No. 120 at 4), not the legality or permissibility of PAP donations, which Plaintiff has repeatedly disavowed as relevant to the claim. Teva further objects that this Interrogatory is a premature contention interrogatory and need not be responded to until the close of discovery. Finally, discovery in this matter is in its early stages. Teva's response to this Interrogatory is without prejudice to Teva's right to amend or supplement its Responses, including after the completion of fact discovery.

Subject to and without waiving these objections, Teva refers Plaintiff, non-exclusively, to the following guidance from United States Department of Health and Human Services ("HHS") Office of Inspector General ("HHS-OIG" or "OIG"):

- OIG Special Adv. Op., 70 Fed. Reg. 70623 (Nov. 22, 2005)
- OIG Adv. Op. No. 06-10 (Sept. 14, 2006)
- OIG Adv. Op. No. 10-07 (May 26, 2010)
- Notice of Modification of OIG Adv. Op. No. 10-07 (May 19, 2011)
- OIG Special Adv. Op., 79 Fed. Reg. 31120 (May 30, 2014)
- Notice of Modification of OIG Advisory Opinion No. 06-10 (Oct. 26, 2015)
- Notice of Modification of OIG Advisory Opinion No. 10-07, as modified (May 5, 2016).

**INTERROGATORY NO. 4**

Identify all acts or omissions of alleged wrongdoing or violations of law that were committed by individuals acting ultra vires, outside the scope of their employment or authority, and/or in a manner inconsistent with Teva's policies, as described in Your Ninth Defense in the Answer, and the names of the individuals who committed each such act or omission.

**RESPONSE TO INTERROGATORY NO. 4**

Teva incorporates the foregoing General Objections as if fully set forth herein and further objects to Interrogatory No. 4 on the grounds that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims or defenses in or the subject matter of, nor proportional to the needs of, this Action insofar Plaintiff's theory of liability is that the alleged fraud was the "fail[ure] to disclose that the real source of Copaxone's success was the manner and structure of Copaxone sales involving CDF and TAF" (ECF No. 120 at 4), not the legality or permissibility of PAP donations, which Plaintiff has repeatedly disavowed as relevant to the claim. Teva further objects that this Interrogatory is a premature contention interrogatory and need not be responded to until the close of discovery.

**INTERROGATORY NO. 5**

Identify all individuals who participated in drafting, editing, reviewing, and/or approving Your public filings with the United States Securities and Exchange Commission.

**RESPONSE TO INTERROGATORY NO. 5**

Teva incorporates the foregoing General Objections as if fully set forth herein and further objects to Interrogatory No. 5 to the extent that it seeks the identification of "all individuals" and is therefore overbroad, unduly burdensome, and calls for information that is neither relevant to the claims or defenses in or subject matter of, nor proportional to the needs of, this Action. Teva additionally objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and calls for information that is neither relevant to the claims or defenses in or subject matter of, nor proportional to the needs of, this Action to the extent it seeks information

14

about public filings that are not at issue in this Action.  Finally, discovery in this matter is in its early stages and ongoing.  Teva's response to this Interrogatory is without prejudice to Teva's right to amend or supplement its Responses, including after the completion of fact discovery.

Subject to and without waiving these objections, in response to Interrogatory No. 5, Teva states that Eyal Desheh, Eli Kalif, Michael McClellan, Yitzhak Peterburg, Kåre Schultz, and Erez Vigodman signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX certifications") in connection with certain of Teva's Forms 20-F and/or 10-K and/or 10-Q during the Class Period. Teva further states that, among others, its audit committee, disclosure committee, and members of its legal, compliance, and investor relations groups were involved in the process of drafting, finalizing, and filing its quarterly and annual filings with the SEC.

Teva will meet and confer with Plaintiff in the context of the contemplated broader discussions between the parties regarding the scope of non-DOJ Action discovery in this case to identify a reasonable list of custodians involved in these functions as they related to the claims and defenses in this Action.

**INTERROGATORY NO. 6**

State the basis for Your public statements regarding Copaxone's financial and operating results (see, e.g., CAC at ¶¶71, 81, 87, 90, 93, 99, 101, 122, 130, 140, 151), including:
   a) How those results were formulated;
   b) How You accounted for risks to revenue in those estimates; and
   c) Whether those estimates were expressed in accordance with United States GAAP ("GAAP"); or
   d) If not expressed in accordance with GAAP, what accounting methodology was used.

**RESPONSE TO INTERROAGORY NO. 6**

Teva incorporates the foregoing General Objections as if fully set forth herein and further objects to Interrogatory No. 6 on the grounds that it is: (i) vague, ambiguous, overbroad, unduly burdensome, and calls for information that is neither relevant to the claims or defenses in or the

15

subject matter of, nor proportional to the needs of, this Action insofar as, among other things, it seeks information regarding statements that (a) have been dismissed from this Action,[2] (b) predate October 29, 2014 and postdate the end of the Class Period, or (c) are otherwise not at issue in this Action; and (ii) premature given the early stage of discovery and the fact that document requests or depositions are a more practical and less burdensome means of obtaining the information sought therein.

Subject to and without waiving these objections, in response to Interrogatory No. 6, Teva refers Plaintiff to its SEC filings during the Class Period.

**INTERROGATORY NO. 7**

Explain how the price of Copaxone was raised from 2006 to 2015, including:
a) Setting forth each Copaxone price increase and the corresponding date of said price increase;
b) How the amount of the price increase was determined;
c) Any information, reports, analyses, guidance, and/or other data used to form the bases of the price increases; and
d) The names and positions of each Teva employee involved in the determination of each said price increase.

**RESPONSE TO INTERROGATORY NO. 7**

Teva incorporates the foregoing General Objections as if fully set forth herein and further objects to this Interrogatory as duplicative of Interrogatory No. 1 and refers Plaintiff to its Response to Interrogatory No. 1, which is expressly incorporated by reference herein. Teva will meet and confer with Plaintiff in the context of the contemplated broader discussions between the parties regarding the scope of non-DOJ Action discovery in this case regarding whether and to what extent identification of custodians involved in these functions as they related to the claims and defenses in this Action may be appropriate.

---

[2] *See* Mem. on Mot. to Dismiss at 25 n.7 (ECF No. 74).

**INTERROGATORY NO. 8**

Explain the process for approving Donations, including:
      a)  How such Donations were calculated, processed and approved;
      b)  Who was responsible for calculating, processing and approving Donations; and
      c)  How the Donations were escalated through Your corporate hierarchy.

**RESPONSE TO INTERROGATORY NO. 8**

Teva incorporates the foregoing General Objections as if fully set forth herein and further objects to Interrogatory No. 8 to the extent that: (i) the phrase "escalated through Your corporate hierarchy," as used therein, is vague, ambiguous, and not reasonably particularized; (ii) document requests or depositions are a more practical and less burdensome means of obtaining the information sought therein, which is, in fact, already sought in Plaintiff's RFPs; (iii) it is premature, given this early stage of discovery; (iv) it is unduly burdensome to the extent the information requested was already made publicly available through the filings in the DOJ Action and/or is included in the DOJ Action production, and is therefore equally available to Plaintiff. Teva additionally objects on the grounds that this Interrogatory is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims or defenses in or the subject matter of, nor proportional to the needs of, this Action, because (i) the defined term "Donations" is not limited to Teva's charitable donations to CDF and/or TAF and (ii) it seeks information prior October 29, 2014 and after the end of the Class Period.

Subject to and without waiving these objections, in response to Interrogatory No. 8, Teva refers Plaintiff to its response to Interrogatory No. 3 in the Civil Investigative Demand No. 19-425, which was publicly filed as an exhibit to the DOJ's motion for summary judgment. Teva further refers Plaintiff to *Defendants' Rule 56.1 Statement of Material Facts in Support of Its Motion for Summary Judgment* filed in the DOJ Action (ECF No. 162) (hereinafter, the "DOJ SOF").

17

**INTERROGATORY NO. 9**

Describe any and all agreements or arrangements, verbal or written, that Teva and/or any third parties had with AssistRx, ACS, CDF, and/or TAF regarding Medicare Part D, Copaxone and/or Donations.

**RESPONSE TO INTERROGATORY NO. 9**

Teva incorporates the foregoing General Objections as if fully set forth herein and further objects to Interrogatory No. 9 to the extent that: (i) it is premature, given the early stage of discovery, and document requests or depositions are more practical and less burdensome means of obtaining the information sought therein, which is, in fact, already sought in Plaintiff's RFPs; (ii) it seeks information that is not in Teva's possession, custody, and control; (iii) it purports to seek information that is proprietary, commercially sensitive, or competitively significant; (iv) it is unduly burdensome to the extent the information requested was already made publicly available through the filings in the DOJ Action, and/or is included in the DOJ Action production and is therefore equally available to Plaintiff. Teva further objects to this Interrogatory as it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims or defenses in or the subject matter of, nor proportional to the needs of, this Action, as it calls for information that predates October 29, 2014 and postdates the Class Period.

Subject to and without waiving these objections, in response to Interrogatory No. 9, pursuant to Federal Rule 33(d), Teva refers Plaintiff to: (a) agreements produced by Teva bearing bates numbers TEVA-SCA-060429 and TEVA-SCA-342485; and (b) ¶¶ 45, 47–51, 54–59, 69, 76–77, 83–84, as well as Exhibits 23, 24, 25, and 39 of the DOJ SOF.

**INTERROGATORY NO. 10**

Identify all insurance coverage which may satisfy in whole or in part any judgment which may be entered against You in this action or to indemnify or reimburse You for payments made to satisfy such judgment. For such coverage identify:

    a)  The full and correct name of each insurance provider;

    b)  The insurance policy number for each such policy;

    c)  The maximum limit of insurance provided by each such policy;

    d)  Whether defense costs reduce the coverage provided; and

    e)  Any reductions in the total available amount of coverage that has occurred.

**RESPONSE TO INTERROGATORY NO. 10**

Teva incorporates the foregoing General Objections as if fully set forth herein.  Subject to and without waiving these objections, in response to Interrogatory No. 10, Teva states that, pursuant to Federal Rule 33(d), it will produce relevant insurance policies.

19

By: WINSTON & STRAWN LLP

*s/ James P. Smith III*

James P. Smith III (admitted *pro hac vice*)
Kerry C. Donovan (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (fax)
jpsmith@winston.com
kcdonovan@winston.com

Linda T. Coberly (admitted *pro hac vice*)
Daniel M. Blouin
WINSTON & STRAWN LLP
35 West Wacker Drive, Suite 4700
Chicago, Illinois 60601
(312) 558-5600
(312) 558-5700 (fax)
DBlouin@winston.com
lcoberly@winston.com

Mathieu J. Shapiro
Melissa M. Blanco
OBERMAYER, REBMANN, MAXWELL &
HIPPEL, LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
215-665-3014
215-665-3165 (fax)
mathieu.shapiro@obermayer.com

Dated: December 16, 2024                    *Attorneys for Defendants*

## VERIFICATION

I, Michael Sheehy, am a Senior Director of Meetings Management and am authorized to make this verification on behalf of Teva Pharmaceuticals Industries Limited ("Teva"). I have read Teva's Objections and Responses to Lead Plaintiff's First Set of Interrogatories, dated October 15, 2024, and I am familiar with the contents thereof. The Objections and Responses contained herein were prepared with the assistance of other Teva employees, upon which I have relied in signing this Verification. The Objections and Responses are, therefore, based upon information provided by multiple persons, and neither I nor any other single individual has personal knowledge of all the information set forth herein or considered in their preparation. The Objections and Responses are also necessarily limited by the records and information reviewed by Teva to date, and those which I have reviewed, which may change during the course of the preparation of this case. For these reasons, Teva reserves its right to amend, correct, supplement, modify, edit, change, or alter these Objections and Responses at any time. Subject to these limitations and reservations of rights, I state that, to the best of my current knowledge, information, and belief, the facts stated in the Objections and Responses are true and correct.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 16, 2024

Michael Sheehy

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 16, 2024, I served the foregoing via e-mail on Plaintiff's

counsel as follows:

Timothy John Peter
Faruqi & Faruqi LLP
55 W. Monroe Street, Suite 3200
1617 John F. Kennedy Boulevard
Suite 1550
Philadelphia, PA, 19103
215-277-5770
Fax: 215-277-5771
Email: tpeter@faruquilaw.com

Robert W. Killorin
Faruqi & Faruqi LLP
3975 Roswell Rd Suite A
Atlanta, GA 30342
404-847-0617
Email: rkillorin@faruqilaw.com

James M. Wilson, Jr.
Faruqi & Faruqi LLP
685 Third Avenue, 26th Floor
New York, NY 10017
212-983-9330
Email: jwilson@farquilaw.com

*s/ Kerry C. Donovan*
Kerry C. Donovan
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
kcdonovan@winston.com
