**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HALMAN ALDUBI PROVIDENT AND PENSION FUNDS LTD., Individually and On Behalf of All Others Similarly Situated, | Case No. 2:20-cv-04660-KSM |
| Plaintiff, | CLASS ACTION |
| v. | |
| TEVA PHARMACEUTICALS INDUSTRIES LIMITED, et al. | |
| Defendants. | |

**CERTIFICATION OF COUNSEL**
**PURSUANT TO LOCAL RULE 26.1(f)**

I, James M. Wilson, Jr., counsel for Class Representative Gerald Forsythe ("Plaintiff") in the above matter, certify that the parties have been unable to resolve the discovery dispute that is the subject of Plaintiff's Motion to Compel the Production of Documents from Defendant Teva Pharmaceuticals Industries Limited ("Teva"), after reasonable efforts as set forth herein:

1.    On May 27, 2022, Plaintiff served his first set of requests for production ("RFPs") on Teva, to which Teva responded and objected ("R&Os") on June 27, 2022.  Ex. A, Teva's R&Os.[1]

2.    The case was thereafter stayed pending resolution of *United States v. Teva Pharmaceuticals USA, Inc.*, No. 1:20-cv-11548-NMG (D. Mass. Aug. 18, 2020) (the "DOJ Action") from August 2, 2022 until August 30, 2024.  Doc. Nos. 87 & 127.

3.    Once the stay was lifted, the parties came to an agreement on October 25, 2024 that Teva would produce documents from October 29, 2012, forward that were produced by Teva to the DOJ in the DOJ Action (the "DOJ Production").  Ex. B, Oct. 25, 2024 Agreement, at 1-2.

4.    Teva declined Plaintiff's request to include the DOJ Action bates numbers on those documents, but agreed that "[i]f, as the litigation progresses, there are particular documents as to which you can articulate a need for the corresponding Bates numbers from the DOJ action, we will consider providing them at that time."  Ex. B at 2.

5.    After reviewing much of this production, counsel for Plaintiff sent a letter to counsel for Defendants on February 14, 2025 noting that certain documents, like many of those attached to the Corrected Amended Class Action Complaint ("CAC") (Doc. No. 64-2), were not included in the DOJ Production.

---

[1]    Plaintiff includes Teva's R&Os only instead of the initial RFPs to avoid needless duplication: the R&Os reproduce the Plaintiff's substantive requests.

6.    Between February 19 and March 24, 2025, counsel for the parties engaged in extensive written correspondence via email and held multiple telephonic meet-and-confer discussions regarding the disputed discovery issues.

7.    On March 24, 2025, pursuant to counsels' agreement, counsel for Defendants agreed to produce "the documents produced during the investigation [by] the DOJ from October 29, 2012 through the end of the production period, exclusive of documents exclusively relating to drugs and charitable foundations and funds that are not at issue in this litigation (the 'DOJ Investigation Production')" (the "Mar. 24, 2025 Agreement").  *See* Ex. C at 1.  Defendants' counsel also agreed to conduct additional searches of the named Defendants and other identified custodians.  *Id.*

8.    On June 18, 2025, this case was temporarily stayed pending the outcome of a private mediation session to which the parties had agreed.  Doc. No. 138.

9.    On October 27, 2025, the temporary stay was lifted after the parties informed the Court that they were unable to resolve the claims at the mediation.  Doc. No. 140.  The Court then approved the parties' stipulated revised pre-trial schedule, including that fact discovery must be completed by January 30, 2026.  *Id.* at 1 ¶2.

10.    Plaintiff thereafter contacted Defendants regarding information and materials that were included in and relied on by the experts in the DOJ Action and which did not appear to be included in Defendants' document productions pursuant to Plaintiff's document requests and the parties' prior agreements regarding document production.  Plaintiff's efforts to locate those documents in the productions received to date was made more difficult because the expert reports identified most of those document by the bates numbers in the DOJ Action, which bates numbers Defendants had chosen not to include on the same documents produced in this action.

11.     Accordingly, on November 11, 2025, Plaintiff's counsel emailed Teva's counsel, listing the materials relied on by the DOJ's experts in the DOJ Action and seeking the corresponding bates-numbers in this action if they had already been produced, or production of those materials if they had not yet been produced.  *See* Ex. G at 7-10.

12.     On November 11, 2025, counsel for Teva responded and agreed to check whether any of the documents identified had already been produced if Plaintiff could specifically identify which documents were produced by Teva as opposed to third parties.  *See* Ex. G at 6.

13.     Plaintiff responded on November 12, 2025 with a list that Plaintiff believed identified only Teva-produced documents.  *See* Ex. G at 1-6.

14.     On November 17, 2025, in an attempt to ensure that Plaintiff obtained the documents missing from Defendants' production, Plaintiff served his Fourth Set of Requests for Production on Defendants (the "Nov. 17 RFPs").  Ex. H.  The Nov. 17 RFPs specifically enumerated all materials relied upon by each expert in the DOJ Action—including Teva's experts—that Plaintiff's counsel was unable to locate in Defendants' production or in public sources, as well as the experts' deposition transcripts and reports.  *Id.*

15.     On November 19, 2025, counsel for Defendants provided bates numbers for two documents that Plaintiff had requested on November 11, and demanded that Plaintiff's counsel withdraw the Nov. 17 RFPs, on the basis that: (1) they were untimely because the May 9, 2025 deadline for Defendants to substantially complete discovery had passed; (2) Plaintiff had not previously sought the expert materials at issue; (3) Plaintiff had subpoenaed certain third parties for some of the requested documents; and (4) Teva is not required to produce documents purportedly available in the public domain.  *See* Ex. I at 9-10 (redacting information subject to

3

Fed. R. Evid. 408).[2]

16.      On November 21, 2025, counsel for Plaintiff responded to Teva's arguments in an email, explaining, *inter alia*, that the November 17 RFP was narrowly tailored, did not require Teva to undergo an extensive new search for documents but rather to reproduce specifically identified documents that were part of the DOJ Action and therefore of little if any burden, and declined to withdraw the Nov. 17 RFPs.  *See* Ex. I at 7-8.

17.      On December 1, 2025, following additional email exchanges between the parties as memorialized in Ex. I, Plaintiff offered to narrow the scope of the Nov. 17 RFPs as follows:

a.      to withdraw the request for purportedly publicly available information whether behind paywalls or not (websites, treatises, articles, books);

b.      to withdraw the request for bates-numbered documents that are likely from third parties such as CDF, TAF, and ACS;

c.      to withdraw the request for all expert reports except that of Teva expert John Russell which has not been produced and is not otherwise publicly available.

*See* Ex. I at 4-5.  Plaintiff continued to seek documents that were produced by Teva and which were relied on by the experts in the DOJ Action.

18.      Teva ultimately declined to produce any of the requested materials and instead served its Responses and Objections to the Nov. 17 RFPs on December 17, 2025, in which it asserted that the November 17 RFP was improper.  *See* Ex. J (remaining correspondence) and Ex. M (Teva's R&Os to the Nov. 17 RFPs).

---

[2]      Plaintiff does not include, and has redacted in attachments I and J, information pertaining to the mediation pursuant to Fed. R. Evid. 408 and in accordance with the parties' agreement with the mediator to keep such information confidential, as noted during the October 23, 2025 conference with the Court.

19.    On January 16, 2026, counsel for the parties met and conferred by telephone regarding the Nov. 17 RFPs as narrowed, as well as a separate discovery issue.  The parties were unable to reach an agreement on the Nov. 17 RFPs during this call, and Plaintiff's counsel stated their intention to file a motion to compel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of January 2026.

By:    */s/ James M. Wilson, Jr.*
       James M. Wilson, Jr. (admitted *pro hac vice*)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 22, 2026, the foregoing document was filed electronically and is available for viewing and downloading from the ECF system and that I caused true and correct copies of the foregoing to be served on all counsel of record via CM/ECF.

Dated: January 22, 2026                          By:    */s/ James M. Wilson, Jr.*
                                                        James M. Wilson, Jr. (admitted *pro hac vice*)

6